**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK, VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIDGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a/ LODGING.COM), PRICELINE.COM INCORPORATED, TRAVELWEB LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE, <br><br> Defendants. | Civil Action No.: <br><br> Judge _____ |

**JOINT NOTICE OF REMOVAL**

Defendants Expedia, Inc. (WA), Hotels.com, LP, Hotwire, Inc., Egencia, LLC, Trip Network, Inc., Orbitz, LLC, Internetwork Publishing Corp. (d/b/a/ Lodging.com), priceline.com Incorporated, Travelweb LLC, Travelocity.com LP, Site59.com, LLC, ("Defendants"), by and through their attorneys and pursuant to 28 U.S.C. §§ 1332 and 1453, hereby give notice of removal of this action from the Circuit Court of Cook County, Illinois, County Department,

Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for the removal, Defendants state as follows.

## I. INTRODUCTION

1. This case is removable under the Class Action Fairness Act of 2005, P.L. 109-2, as codified at 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). All of the requirements for CAFA jurisdiction are satisfied in this case: This case is styled as a civil class action; the putative class consists of at least 100 members; the citizenship of at least one putative class member is different than that of any one Defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

## II. PROCEDURAL HISTORY

2. Village of Bedford Park, City of Warrenville, City of Oakbrook Terrace, Village of Oak Lawn, Village of Orland Hills, City of Rockford, Village of Willowbrook, Village of Arlington Heights, Village of Burr Ridge, City of Des Plaines, Village of Lombard, Village of Orland Park, Village of Tinley Park, and Village of Schaumburg ("Named Plaintiffs"), on behalf of themselves and others similarly situated, initiated this proceeding by filing a Complaint ("*Bedford Park* Compl." or "the Complaint") on July 8, 2013 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled *Village of Bedford Park v. Expedia, Inc. (WA)*, No. 2013CH16308 ("State Action"). The Circuit Court of Cook County, Illinois is within the judicial district of the United States District Court for the Northern District of Illinois.

3. Defendants obtained a copy of the *Bedford Park* Complaint on July 8, 2013. On July 30, 2013, Plaintiffs filed a waiver of service with the Cook County Circuit Court effectuating service of the summons and Complaint at the time of filing the waiver. *See* 735 ILCS 5/2-213(d).

4. This Joint Notice of Removal is filed within 30 days after receipt by Defendants, through service or otherwise, of a copy of Plaintiffs' Complaint. Removal, therefore, is timely. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999).

5. Pursuant to 28 U.S.C § 1446(a), all process, pleadings, and orders served upon Defendants in this action, are attached. (Ex. A.) Defendants have also attached a copy of this Notice to their Notice of Filing a Notice of Removal and filed it with the clerk of the Circuit Court of Cook County pursuant to 28 U.S.C. § 1446(d). (Ex. B.)

6. In the Complaint, Plaintiffs bring claims against Defendants for allegedly failing to remit hotel accommodations taxes to Plaintiffs under each Plaintiff's municipal ordinance, and they also bring claims for declaratory judgment, conversion, civil conspiracy, unjust enrichment, imposition of constructive trust, breach of fiduciary duty, accounting, damages, and punitive damages against Defendants.

### III. JURISDICTION

7. It is beyond dispute that suits are properly removed from state court under CAFA's removal provision, 28 U.S.C. § 1453(b), if a putative class action satisfies all of CAFA's requirements for original jurisdiction set forth in 28 U.S.C. § 1332(d). *See, e.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274-75 (7th Cir. 2011). Not all Defendants must consent to removal, though all Defendants in this case have consented and join this Joint Notice of Removal. 28 U.S.C. § 1453(b).

8. Under CAFA, federal courts have original diversity jurisdiction when the following four requirements are met: (1) there is a "class action," 28 U.S.C. § 1332(d)(1)(B); (2) the putative class consists of at least 100 members, *id.* § 1332(d)(5)(B); (3) there is minimum diversity—e.g., any member of a class of plaintiffs is a citizen of a State different from any one defendant, *id.* § 1332(d)(2)(A); and (4) the amount in controversy exceeds $5 million, *id.*

§ 1332(d)(2). All four requirements of 28 U.S.C. § 1332(d) are satisfied here. Indeed, a similar action brought by the Village of Fairview Heights, Illinois against online travel company ("OTC") defendants was removed to the Southern District of Illinois pursuant to CAFA, and the plaintiff's motion for remand was denied in that case on July 12, 2006. *See Village of Fairview Heights v. Orbitz, Inc.*, No. 3:05-cv-00840-DRH-DGW, ECF No. 65 (S.D. Ill. July 12, 2006) (Ex. C.)

      A.      **Plaintiffs Have Filed a Putative Class Action.**

9.      Under CAFA, a "class action" is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Named Plaintiffs bring this civil action "individually and on behalf of others similarly situated" under the sections of the Illinois Code of Civil Procedure (735 ILCS 5/2-801, et seq.) that authorize class actions. (*See Bedford Park* Compl. at p. 1, ¶¶ 33, 52, 145.) This action thus qualifies as a "class action" under CAFA because it is filed under a state statute authorizing that type of an action.

10.     To be sure, Defendants dispute that Plaintiffs can properly certify the putative class under either Federal Rule of Civil Procedure 23 or the Illinois Code of Civil Procedure. But that does not affect the Court's jurisdiction under CAFA. CAFA provides jurisdiction over putative class actions, as defined above, even before a plaintiff moves to certify a class. 28 U.S.C. § 1332(d)(8) (jurisdiction exists "before or after the entry of a class certification order"); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). Further, a court's subsequent denial of a plaintiff's motion for class certification does not impact the Court's jurisdiction. *See id.* at 806 ("[F]ederal jurisdiction under the Class Action Fairness Act does not depend on certification"); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 396 (7th Cir.

2011) ("[F]ederal jurisdiction [under CAFA] does not depend on whether the district court actually certifies a class[.]").

**B.     The Putative Class Consists of at Least 100 Putative Members.**

11.     CAFA original jurisdiction requires that "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs' putative class definition is written broadly to include "[a]ll Illinois municipalities that have enacted and collect a tax on the percentage of the retail rate that each consumer occupant pays for lodging, including service costs, denominated in any manner, including but not limited to, occupancy tax, a hotel or motel room tax, a privilege tax, a hotel or motel tax, a licensing tax, an accommodations tax, a rental receipts tax, a hotel operator's tax, a hotel operator's occupation tax, or a room rental, lease or letting fee." (*Bedford Park* Compl. ¶ 142.)

12.     More than 100 municipalities in Illinois have enacted and collect hotel taxes that fall within Plaintiffs' class definition. This fact is demonstrated in the attached chart, which shows that well over 100 municipalities in Illinois have enacted Hotel Accommodations Taxes. (Ex. D.)

13.     Moreover, Defendant Hotwire alone has facilitated reservations for hotels in well over 100 municipalities in Illinois for which Hotwire customers were charged tax recovery charges, which were later remitted by the hotels to the municipalities. (*See* Declaration of Joseph Selsavage, attached as Ex. E.) This confirms that there are well over 100 Illinois municipalities that fall within the putative class definition, and therefore this CAFA element is met.

**C.     Minimum Diversity of Citizenship.**

14.     The parties satisfy CAFA's minimum diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A); *Allen v. Chase*, No. 10 CV 01237, 2010 WL 1325321, at *4 (N.D. Ill. Mar. 30,

2010) ("CAFA requires minimum diversity; that is, any one plaintiff must be diverse from any one defendant."); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir. 2007) ("The new § 1332(d) replaces [*Supreme Tribe of Ben–Hur v. Cauble*, 255 U.S. 356 (1921)]'s modified 'complete diversity' requirement with a 'minimal diversity' requirement under which, for purposes of establishing jurisdiction, only one member of the plaintiff class— named or unnamed—must be diverse from any one defendant.").

15. Plaintiffs are all municipalities in Illinois. (*Bedford Park* Compl. ¶¶ 1- 14.) Plaintiffs allege that Defendant Expedia, Inc. (WA) is "a Washington corporation with its principal place of business in Bellevue, Washington." (*Id.* ¶ 16.) Likewise, Plaintiffs allege that Defendant priceline.com Incorporated is "a Delaware corporation with its principal place of business in Norwalk, Connecticut." (*Id.* ¶ 27.) Therefore, under 28 U.S.C. § 1332(d)(2)(A), the minimum diversity of citizenship requirement is satisfied.

**D. The Aggregate Class Amount in Controversy Exceeds $5 million.**

16. CAFA states that, for original jurisdiction, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.[1]" 28 U.S.C. § 1332(d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013). This is a pleading requirement, not a demand for proof, which must be met by the party seeking removal. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). "Once the proponent of federal jurisdiction has explained plausibly

---

[1] "Exclusive of interest and costs" means post-judgment or court awarded interest only. Pre-judgment interest that is part of the underlying claim can be included in a calculation of the amount in controversy. *See Cicero-Berwyn Elks Lodge No. 1510 v. Philadelphia Ins. Co.*, No. 12 C 10257, 2013 BL 90380 (N.D. Ill. Apr. 04, 2013) ("The $75,000 threshold of § 1332(a) is 'exclusive of interest and costs,' but there is an exception: [W]hen such expenses are sought as part of an underlying claim, rather than pursuant to a separate post-judgment right to 'costs' or 'fees' incurred in the litigation, they are considered part of the amount in controversy." (internal citations omitted)).

how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* (internal citations omitted); *see also Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (holding that once a removing defendant establishes the amount in controversy "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum").

17. Defendants do not concede liability on Plaintiffs' claims, nor do they concede the propriety of the putative class. However, assuming the Complaint's allegations are true, for purposes of determining whether CAFA removal is permitted, the amount in controversy requirement is met. The Complaint's allegations more than suffice to show "plausibly how the stakes exceed $5 million," which is all that is required. *See Spivey*, 528 F.3d at 986; *see also Back Doctors Ltd. v. Metro. Prop. & Casualty Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (finding this requirement met with a good-faith estimate "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible").

18. In the Complaint, Plaintiffs seek, on behalf of themselves and others in the class, an unspecified amount of compensatory and punitive damages, interest, applicable fines, penalties, costs, and "such other and further relief" as the Court deems appropriate. (*Bedford Park* Compl. at p. 38.) Based on the allegations of the Complaint, and the number of Plaintiffs and Defendants in this case, it is plain that Plaintiffs seek in excess of $5 million, exclusive of post-judgment interest and costs.

19. Defendants' aggregate tax, penalty (if applicable), and pre-judgment interest (if applicable) amounts calculated in accord with the methodology set forth in the Complaint for the fourteen Named Plaintiffs exceeds $4.5 million. This figure does not include any sums from Lodging.com or TravelWeb LLC. (*See* Declaration of Kenneth Serwin, attached as Ex. F.) The

reservations at hotels in the fourteen Named Plaintiffs' jurisdictions represent only 27% of the total reservations facilitated at hotels in Illinois.[2] (*See id.*) Therefore, since the reservations falling under the municipal ordinances of the Named Plaintiffs only account for a small percentage of the total number of reservations in Illinois, yet exceed $4.5 million, the $5 million requirement is met in this case, when the amount in controversy is calculated using the methodology set forth in the Complaint.

20. As a comparison, the Final Judgment entered by the District Court in *Village of Rosemont, Illinois v. Priceline.com Incorporated*, No. 09-CV-04438 (N.D. Ill. Oct. 12, 2012), a suit seeking damages under Rosemont's hotel tax ordinance alone,[3] totaled $2,675,700. (Ex. G.) The Village of Rosemont, the only plaintiff in that case, has a population of around 4,000 people and had 5,562 hotel rooms.[4] In this case, there are well over 100 putative class members and additional Defendants. Plaintiff Rockford, Illinois, alone, has a population of more than 153,000 and has over 3,000 hotel rooms.[5] There were only seven defendants sued in the Rosemont case, whereas in this case there are eleven named Defendants.[6] Moreover, the *Rosemont* judgment did not include punitive damages, which the Complaint here explicitly seeks. Thus this suit

---

[2] Chicago, Illinois, Fairview Heights, Illinois, and Rosemont, Illinois are part of the putative class, as plead, and if included in the class would alone satisfy the $5 million dollar requirement, but these municipalities filed separate lawsuits against OTC defendants and likely will not be joined as class members in this suit. Therefore, they have been excluded from the calculation.

[3] Judge Guzman dismissed Plaintiffs' unjust enrichment and conversion claims on February 25, 2010. *See* Order, *Village of Rosemont, Illinois v. Priceline.com Incorporated*, No. 09-CV-04438, ECF No. 52 (N.D. Ill. Feb. 25, 2010).

[4] *See* http://www.rosemont.com/village_of_rosemont.php (last visited July 18, 2013).

[5] *See* http://www.gorockford.com/about-rockford/faqs/ (last visited July 18, 2013).

[6] Priceline.com Incorporated; Travelweb LLC; Travelocity.com LP; Site59.com, LLC; Expedia, Inc.; Hotels.com, L.P.; and Hotwire, Inc were defendants in *Village of Rosemont*. Here, three additional Defendants, most notably Orbitz, LLC, are also added.

plausibly has an amount in controversy exceeding $5 million, based on the allegations in the Complaint, and Plaintiffs cannot show to a "legal certainty" that the controversy here is worth less than that amount. *See Spivey*, 528 F.3d at 986; *Meridian Security Ins. Co.*, 441 F.3d at 541-42; *Back Doctors Ltd. v. Metro. Prop. & Casualty Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011) ("[A]llegations about the amount in controversy must be accepted unless it is impossible for the plaintiff to recover the jurisdictional minimum.").

21. In any event, Plaintiffs' class claim for punitive damages alone suggests that, should Plaintiff prevail on the conversion and civil conspiracy claims brought on behalf of the putative class, though Defendants argue that they should not, any award could plausibly exceed $5 million. *See Back Doctors Ltd.*, 637 F.3d at 830-31 (holding that the amount in controversy exceeded the $5 million threshold under CAFA where it was undisputed that the stakes exceeded $2.9 million, and punitive damages were available—though not pled—because "a punitive award exceeding $2.1 million [was] possible" in the case); *Loss v. Blankenship*, 673 F.2d 942, 951 (7th Cir. 1982) ("Punitive damages are properly considered in determining whether the jurisdictional minimum was alleged."). Thus, the requisite amount in controversy for federal jurisdiction under 28 U.S.C. §§ 1332(d)(2) and (6), is satisfied.[7]

### E. No CAFA Exceptions Apply to this Case.

22. Plaintiffs bear the burden of showing that the "local controversy" or "home-state" exceptions to CAFA jurisdiction apply. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680-81 (7th Cir. 2006). They cannot make that showing here.

---

[7] Defendants do not agree or concede that Plaintiffs or any proposed class member will be entitled to such relief or any other relief sought in the Complaint. Plaintiffs' claim, whether well or ill-filed, however, fixes the right of Defendants to remove. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

23. The "local controversy exception" of 28 U.S.C. § 1332(d)(4)(A) does not bar jurisdiction in this case because "during the 3-year period preceding the filing of [this] class action" other class actions have "been filed asserting the same or similar factual allegations" against several of these Defendants.

24. *First*, seven of the Named Plaintiffs in this action filed suit against current Defendants priceline.com Incorporated, Travelweb LLC, Expedia, Inc. (WA), Hotels.com, LP, Hotwire, Inc., Egencia, LLC, Travelocity.com, LP, and Site59.com, LLC in this Court on April 5, 2013, styled *Warrenville v. Priceline.com*, No. 1:13-cv-02586 (N.D. Ill.) (Ex. H) ("*Warrenville* Complaint" or "*Warrenville* Compl."). The *Warrenville* Complaint alleged that "Defendants failed to remit taxes due and owing under similar transient accommodations taxes to the Plaintiffs and Class Members." (*Warrenville* Compl. ¶ 29.) Plaintiffs, represented by the same attorneys in the *Bedford Park* case, effected service on the defendants and brought claims for declaratory judgment, violations of municipal ordinances, conversion, civil conspiracy, unjust enrichment, imposition of constructive trust, damages, and punitive damages. (*Id.* ¶¶ 121-65.) The fact that Plaintiffs voluntarily dismissed the *Warrenville* action on July 15, 2013, just to file the instant action in state court, does not make it any less dispositive of the local controversy exception.[8]

---

[8] *See Levine v. Entrust Grp., Inc.*, No. C 12-03959 WHA, 2013 WL 1120695, at *4-5 (N.D. Cal. Mar. 18, 2013) (some internal citations omitted):

> Plaintiffs originally filed almost identical putative class actions in the Central District of California. They were filed but then voluntarily dismissed without service. During a prior hearing in this action, it is noteworthy, plaintiffs' counsel admitted to forum shopping. In those actions, plaintiffs voluntarily dismissed before serving defendants in order to try to get a different judge in this district. The prior filings were the same class action with the same attorneys, the same parties, the same allegations, and many of the same defendants. . . .

25. *Second*, on July 25, 2011, the Town of Breckenridge, Colorado filed a class action suit on behalf of itself and other similarly situated Colorado home rule municipalities in the district court of Summit County, Colorado, styled *Town of Breckenridge, Colorado v. Colorado Travel Co., LLC*, No. 2011CV420 (Colo. Dist. Ct.) ("*Breckenridge* Complaint" or "*Breckenridge* Compl.") (Ex. I). All of the Defendants in the present case were also named as defendants in the *Breckenridge* Complaint, and plaintiff was represented in that case by the Crongeyer Law Firm, as well. Plaintiff in that case alleged that "Defendants failed to remit taxes due and owing under similar hotel or other lodging occupancy tax ordinances and/or similarly intentioned excise and/or sales taxes to the Plaintiff and the Class." (*Breckenridge* Compl. ¶ 24.) Plaintiff brought claims for declaratory judgment, violations of municipal ordinances, conversion, civil conspiracy, and unjust enrichment. (*Id.* at ¶ 99-124.)

26. This Complaint uses the exact same language as the *Warrenville* Complaint, and nearly identical language as the *Breckenridge* Complaint to describe the alleged facts underlying the suit: "Defendants failed to remit taxes due and owing under similar transient accommodations taxes to the Plaintiffs and Class Members." (*Bedford Park* Compl. ¶ 37.) Plaintiffs bring nearly identical claims as in the other cases, for declaratory judgment, violations of municipal ordinances, conversion, civil conspiracy, unjust enrichment, imposition of constructive trust, breach of fiduciary duty, accounting, damages, and punitive damages. (*Id.* ¶¶ 148-207.) This Complaint alleges the same facts giving rise to the suit that were alleged in the *Warrenville* and *Breckinridge* Complaints, and the facts related to the respective OTC

---

(continued…)

> While the instant action is local in nature, it is repetitive in the very abusive sense that was of concern to Congress. That is, the same lawsuit has been filed and re-filed in order to find a favorable courtroom.

defendants' underlying hotel reservation business models do not vary between states, other than where local lodging tax legislation affects them. Therefore, the local controversy exception does not apply here. *See De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *4 n.6 (N.D. Ill. Mar. 18, 2013); *Dunn v. Endoscopy Ctr. of S. Nevada*, No. 2:11-CV-00560-RLH, 2011 WL 5509004, at *3 n.1 (D. Nev. Nov. 7, 2011) ("The Local Controversy Exception . . . requires only the assertion of the same or similar facts. Even though this case asserts additional causes of action . . . it doesn't change what the underlying facts of the two cases are. In sum, [the previously filed case] is a subset of the claims and parties here, but based on the exact same events and, therefore, the same facts giving rise to this action.").

27. The "home state exception" does not apply to this case because it only applies if all of the primary defendants are citizens of Illinois. *See* 28 U.S.C. § 1332(d)(4)(B). This is not the case here. (*See Bedford Park* Compl. ¶¶ 16-32; *see also* Docketing Statement from *Village of Rosemont* (Ex. J).)

    **F.**    **The Procedural Requirements Are Satisfied.**

28. This lawsuit is a civil action within the meaning of the acts of Congress relating to removal of cases.

29. The prerequisites for removal under 28 U.S.C. §§ 1441, 1446, and 1453 have been met. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief, oral argument, and further evidence necessary in support of its position that this case is removable.

30. Defendants expressly reserve all rights to challenge the Complaint on jurisdictional and other grounds.

## CONCLUSION

Defendants respectfully request that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in the Circuit Court of the State of Illinois in and for Cook County, and seek all other relief to which they are justly entitled.

Dated: August 7, 2013                                              Respectfully submitted,

s/ Albert Lee Hogan, III
Albert Lee Hogan, III
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
155 North Wacker Drive, Suite 2700
Chicago, IL 60606-1720
Telephone:   (312) 407-0700
ahogan@skadden.com

*Attorney for priceline.com Incorporated, Travelweb LLC*

s/ Mark P. Rotatori
Mark P. Rotatori
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone:   (312) 269-4294
Facsimile:   (312) 782-8585
mprotatori@jonesday.com

*Attorney for Expedia, Inc. (WA), Hotels.com, L.P., Egencia, LLC, Hotwire, Inc.*

s/ Elizabeth Herrington
Elizabeth Herrington
Mark J. Altschul
Jeffrey Rossman
McDERMOTT WILL & EMERY
227 West Monroe Street
Chicago, IL 60606-5096
T: +1 312 372 2000
F: +1 312 984 7700

*Attorneys for Orbitz, LLC, Trip Network, Inc., Internetwork Publishing Corp. (d/b/a Lodging.com)*

s/ Brian S. Stagner
Brian S. Stagner
KELLY HART & HALLMAN LLP
201 Main Street
Suite 2500
Fort Worth, TX 76102
Telephone:   (817) 878-3567
brian.stagner@khh.com

*Attorneys for Travelocity.com, LP, Site59.com, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2013, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system. I will send notification of such filing to the following by depositing in the United States Mail, postage prepaid:

| | |
|---|---|
| Thomas K. Prindable<br>Michael S. Krzak<br>CLIFFORD LAW OFFICES, P.C.<br>120 N. LaSalle Street, Suite 3100<br>Chicago, IL 60605<br>Phone: (312) 899-9090<br>Facsimile: (312) 251-1150<br>tkp@cliffordlaw.com<br>msk@cliffordlaw.com | Paul A. O'Grady<br>Dominick L. Lanzito<br>PETERSON, JOHNSON &<br>MURRAY CHICAGO, LLC<br>233 South Wacker Dr., Floor 84<br>Chicago, IL, 60606<br>Phone: (312) 782-7150<br>Facsimile: (312) 896-9318<br>dlanzito@pjmlaw.com<br>pogrady@pjmlaw.com |
| Donald J. Storino<br>Richard J. Ramello<br>STORINO RAMELLO & DURKIN<br>9501 W. Devon Ave.<br>8th Floor<br>Rosemont, IL 60018<br>Phone: (847) 318-9500<br>Facsimile: (847) 318-9509<br>dstorino@srd-law.com | John W. Crongeyer<br>CRONGEYER LAW FIRM<br>2170 Defoor Hills Rd<br>Atlanta, GA 30318<br>Phone: (404) 542-6205<br>jwc@birdlawgroup.com |

        s/ Mark P. Rotatori
        Mark P. Rotatori

        *Attorney for Expedia, Inc. (WA), Hotels.com, L.P., Egencia, LLC, Hotwire, Inc.*