EX. A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK, VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated, <br><br>       Plaintiffs, <br><br>v. <br><br>EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE, <br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>File No. _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs, Village of Bedford Park, City of Warrenville, City of Oakbrook Terrace, Village of Oak Lawn, Village of Orland Hills, City of Rockford, Village of Willowbrook, Village of Arlington Heights, Village of Burr Ridge, City of Des Plaines, Village of Lombard, Village of Orland Park, Village of Tinley Park, and Village of Schaumburg, by and through their undersigned counsel and on behalf of themselves and other similarly situated Illinois municipalities ("Class Members") and complain of Defendants as follows:

## I.    PARTIES

### A.    Named Plaintiffs

1.    Plaintiff *Village of Bedford Park, Illinois* ("Bedford Park") is a municipality located in Cook County, Illinois.

2.    Plaintiff *City of Warrenville, Illino*is ("Warrenville") is a municipality located in DuPage County, Illinois.

3.    Plaintiff *City of Oakbrook Terrace, Illinois* ("Oakbrook Terrace") is a municipality located in DuPage County, Illinois.

4.    Plaintiff *Village of Oak Lawn, Illinois* ("Oak Lawn") is a municipality located in Cook County, Illinois.

5.    Plaintiff *City of Orland Hills, Illinois* ("Orland Hills) is a municipality located in Cook County, Illinois.

6.    Plaintiff *City of Rockford, Illinois* ("Rockford") is a municipality located in Winnebago County, Illinois.

7.    Plaintiff *Village of Willowbrook, Illinois* ("Willowbrook") is a municipality located in DuPage County, Illinois.

8.    Plaintiff *Village of Arlington Heights, Illinois* ("Arlington Heights") is a municipality located in Cook County, Illinois.

9.    Plaintiff *Village of Burr Ridge*, Illinois ("Burr Ridge") is a municipality located in Cook County and DuPage County, Illinois.

10.    Plaintiff *City of Des Plaines, Illinois* ("Des Plaines") is a municipality located in Cook County, Illinois.

11.    Plaintiff *Village of Lombard, Illinois* ("Lombard") is a municipality located in

DuPage County, Illinois.

12.     Plaintiff *Village of Orland Park, Illinois* ("Orland Park") is a municipality located in Cook County, Illinois.

13.     Plaintiff *Village of Tinley Park, Illinois* ("Tinley Park") is a municipality located in Cook County, Illinois.

14.     Plaintiff *Village of Schaumburg*, Illinois ("Schaumburg") is a municipality located in Cook County, Illinois.

15.     The named Defendants can be grouped into four distinct groups, as subsidiaries or indirect subsidiaries of either: (1) Expedia, (2) Orbitz, (3) Priceline, or (4) Travelocity.

**B.     Defendants**

**(1) The Expedia Defendants**

16.     *Defendant Expedia, Inc. (WA)* ("Expedia (WA)") is a Washington corporation with its principal place of business in Bellevue, Washington.  Effective December 9, 2008, Hotels.com, Inc., a Delaware corporation, merged into Defendant Expedia (WA).  Effective December 31, 2008, TravelNow.com, Inc., a Delaware corporation, merged into Defendant Expedia (WA).  Hotels.com, Gp, LLC and Defendant Hotwire, Inc. are wholly-owned subsidiaries of Defendant Expedia (WA).

17.     *Defendant Hotels.com, L.P.* is a Delaware limited partnership with its principal place of business in Dallas, Texas.

18.     *Defendant Hotwire, Inc.* ("Hotwire") is a Delaware corporation with its principal place of business in San Francisco, California.

19.     *Defendant Egencia, LLC* ("Egencia") is a Nevada limited liability company with its principal place of business in Denver, Colorado.

20.     Travelscape, LLC and Defendants Expedia, Inc. (WA), Hotels.com, LP, Hotwire, Inc., and Egencia, LLC are sister companies ultimately owned by Expedia, Inc. (DE) ("Expedia (DE)").

**(2) The Orbitz Defendants**

21.     *Defendant Trip Network, Inc.* ("Trip Network") is a Delaware corporation with its principal place of business in Chicago, Illinois.  Defendant Trip Network does business as Cheaptickets.com.

22.     *Defendant Orbitz, LLC* is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Orbitz, Inc. is the immediate parent company of Defendant Orbitz, LLC.

23.     *Defendant Internetwork Publishing Corp.* ("Internetwork") is a Florida corporation with its principal place of business in Chicago, Illinois.  Defendant Internetwork did business as Lodging.com.

24.     Between approximately 2004 and 2007, when it was Cendant Travel Distribution Services Group, Inc. ("Cendant"), Travelport, Inc. ("Travelport") was the immediate parent company of Defendant Trip Network and Defendant Internetwork as well as the indirect parent company of Defendant Orbitz, LLC.

25.     Since restructuring in 2007, Travelport has been affiliated with Defendants Trip Network, Internetwork and Orbitz, LLC, but no longer as a parent company.

26.     Defendant Orbitz, LLC, Defendant Trip Network, Defendant Internetwork and Orbitz, Inc. are subsidiaries of Orbitz Worldwide, Inc.

**(3) The Priceline Defendants**

27.     *Defendant priceline.com, Incorporated* ("Priceline") is a Delaware corporation

with its principal place of business in Norwalk, Connecticut. Lowestfare.com LLC (formerly known as Lowestfare.com Incorporated) ("Lowestfare") is a wholly-owned subsidiary of Defendant Priceline.

28. *Defendant Travelweb, LLC* ("Travelweb") is a Delaware limited liability corporation with its principal place of business in Norwalk, Connecticut. Defendant Travelweb, LLC is a wholly-owned subsidiary of Lowestfare.

## (4) The Travelocity Defendants

29. *Defendant Travelocity.com, LP* is a Delaware limited partnership with its principal place of business in Southlake, Texas.

30. *Defendant Site59.com LLC* ("Site59") is a Delaware limited liability company with its principal place of business in Southlake, Texas.

31. Travelocity.com LLC (formerly Travelocity.com, Inc.) is the general partner of Defendants Travelocity.com LP and Site59.com LLC.

32. Travelocity.com, LLC and Defendants Travelocity.com, LP and Site59.com, LLC are indirect subsidiaries of Sabre Holdings Corporation ("Sabre").

## Does 1 Through 1000, Inclusive

33. The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as a DOE are unknown to Plaintiffs at this time and therefore said Defendants are sued by such fictitious names. Plaintiffs will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner (including under the laws of agency) and liable for the events and practices herein alleged and, as such,

proximately caused damages to the Plaintiffs as hereinafter further alleged.

34.     Upon information and belief, some of the Defendants, including some or all DOE defendants, at all times herein mentioned, were acting as the agent, servant and employee of some or all of the other Defendants and within the scope of said agency and employment (collectively the "Agent Defendants"). Upon information and belief, at the time and place of the matters described, each of the Agent Defendants, their agents, servants and/or employees became liable to Plaintiff for one or more of the reasons described herein.

## II.     VENUE AND NATURE OF CLAIMS

35.     Venue is proper in this Court pursuant to § 735 ILCS 5/2-101 because, *inter alia*, (1) this is the county of residence of *Defendants Trip Network and Orbitz, LLC*, which Defendants are joined in good faith and with probable cause for the purpose of obtaining a judgment against them and not solely for the purpose of fixing venue in that county and (2) this is the county in which some part of the transaction occurred out of which the cause of action arose.

36.     This action is brought to remedy violations of local ordinances in connection with Defendants' failure to remit taxes to the named Plaintiffs and other similarly situated municipalities located in the State of Illinois. Defendants failed to remit taxes due and owing under similar hotel or other lodging occupancy tax ordinances and/or similarly intentioned excise and/or sales taxes to the Plaintiffs and the Class.

## III.     INTRODUCTION

37.     This action is brought to remedy violations of state law in connection with Defendants' misconduct in the failure to remit taxes to the named Plaintiffs and Class Members. Defendants failed to remit taxes due and owing under similar transient accommodations taxes to

the Plaintiffs and Class Members.

## IV.   INTRODUCTION   TO   PLAINTIFFS'   AND   THE   CLASS   MEMBER ORDINANCES

38.     Bedford Park levies and imposes a tax "in the amount of ten and one-half percent (10.5%) of the one night room charge for the use and privilege of a room at any hotel, motel or other similar lodging facility operating within the corporate geographical limits of the village" (hereinafter "Bedford Park Hotel/Motel Room Tax"). *See* Bedford Park, Illinois Village Code ("Bedford Park Code") § 5-19-1.

39.     Warrenville levies and imposes a tax "upon all persons engaged in the city in the business of renting, leasing, or letting rooms in a hotel, at the rate of five percent (5%) of the gross rental receipts from such renting, leasing or letting, excluding, however, from gross rental receipts, the proceeds of such renting, leasing or letting to permanent residents of that hotel" (hereinafter "Warrenville Hotel Operator's Tax").   *See* Warrenville, Illinois City Code ("Warrenville Code") § 3-1-5(B)(1).

40.     Oakbrook Terrace levies and imposes a tax "upon the use and privilege of renting, leasing or letting of rooms in a hotel in the city at a rate of 6% of the gross rental receipts from such rental, leasing or letting" (hereinafter "Oakbrook Terrace Hotel-Motel Room Tax"). *See* City of Oakbrook Terrace, Illinois Code of Ordinances ("Oakbrook Terrace Code") Title III, § 35.021.

41.     Oak Lawn levies and imposes a tax "upon the use and privilege of being a transient guest or lodger in a "hotel" or "motel", as defined in this section, in the village, a tax equal to eight percent (8%) of the cost or charge on the gross room rental made by the hotel or motel for every twenty four (24) hour period or any fraction thereof" (hereinafter "Oak Lawn Hotel and Motel Occupancy Tax"). *See* Oak Lawn, Illinois Village Code ("Oak Lawn Code") §

3-2-6(B). "HOTEL, MOTEL: Includes every building or structure kept, used, maintained, advertised and held out to the public to be a place where lodging, or lodging and food, or apartments, suites or other accommodations are offered for a consideration of guests in which ten (10) or more rooms, apartments or suites, or other accommodations are used for the lodging, or lodging and food, for such guests." *Id.* at § 3-2-6(A).

42.     Orland Hills levies and imposes a tax "upon the rental and leasing of any hotel accommodations in the village at the following rates:

| *EFFECTIVE DATE* | *RATE* |
|---|---|
| April 27, 1993 | 2-½% |
| April 27, 1994 | 3% |
| April 27, 1995 | 3-½% |
| *EFFECTIVE DATE* | *RATE* |
| April 27, 1996 | 4% |
| April 27, 1997 | 4-½% |
| April 27, 1998 | 5%" |

(hereinafter "Orland Hills Hotel Accommodations Tax"). *See* Village of Orland Hills, Illinois Code of Ordinances ("Orland Hills Code") Title III, § 33.067.

43.     Rockford levies and imposes a tax "upon all persons engaged in the city in the business of renting, leasing, or letting rooms in a hotel as defined in the hotel operator's occupation tax act (35 ILCS 145/1 et seq.), at a rate of five percent of the gross rental receipt from such renting, leasing or letting of rooms" (hereinafter "Rockford Hotel/Motel Tourism Tax"). *See* Code of Ordinances of the City of Rockford, Illinois ("Rockford Code") Pt. I, § 5-70. According to 35 ILCS 145/2(1) "'[h]otel' means any building or buildings in which the public may, for a consideration, obtain living quarters, sleeping or housekeeping accommodations", including "inns, motels, tourist homes or course, lodging houses, rooming houses and apartment houses."

44.     Willowbrook levies and imposes a tax "at a rate of one percent (1%) of the gross

rental receipts "upon all persons engaged in the village in the business of renting, leasing or letting rooms in a hotel on the gross rental receipts from such renting, leasing or letting, excluding, however, from gross rental receipts, the proceeds of such renting, leasing or letting to permanent residents of that hotel" (hereinafter "Willowbrook Municipal Hotel Tax"). *See* Willowbrook, Illinois City Code ("Willowbrook Code") § 11-3-1.

45.     Arlington Heights levies and imposes a tax "upon the use and privilege of renting, leasing or letting of rooms in a motel or hotel in the Village at a rate of 5% of the gross rental receipts from such rental, leasing or letting" (hereinafter "Arlington Heights Hotels and Motels Tax"). *See* Arlington Heights, Illinois Village Code ("Arlington Heights Code") § 14-207.

46.     Burr Ridge levies and imposes a tax "upon the use and privilege of engaging in the business of renting, leasing or letting of room(s) in a motel or hotel (as hotel is defined herein or in The Hotel Operators' Occupation Tax Act of the State of Illinois) in the Village shall be imposed at the rate of three percent (3%) of the Gross Room Rental Revenues" (hereinafter "Burr Ridge Municipal Hotel and Motel Room Tax"). *See* Burr Ridge, Illinois Village Code ("Burr Ridge Code") § 60-7-2. "Gross Room Rental Revenues" are "[a]ll gross room sale (rental) revenues (exclusive of other taxes) from such rental, leasing or letting, exclusive of revenues received from food, beverage and other sales", including "only the basic room charge exclusive of meals, beverages and other 'package' items." Burr Ridge Code § 60-7-1.

47.     Des Plaines levies and imposes a tax "upon persons engaged in the business of renting, leasing, or letting rooms in a hotel or motel at the rate of seven percent (7%) of the gross rental receipts from such renting, leasing or letting, excluding, however, from said gross rental receipts, the proceeds of such renting, leasing or letting to permanent residents of said hotel or motel" (hereinafter "Des Plaines Hotel-Motel Operator's Occupation Tax"). *See* Des Plaines,

Illinois City Code ("Des Plaines Code") § 4-3D-3.

48.     Lombard levies and imposes a tax "in the amount of 5% . . . upon all persons engaged in the business of renting, leasing, or letting rooms in a hotel, said tax to be stated separately as an additional charge on individual billings" (hereinafter "Lombard Hotel Operator's Occupation Tax"). *See* Lombard, Illinois Village Code of Ordinances ("Lombard Code") § 98.60.

49.     Orland Park levies and imposes a tax that "shall accrue . . . and be collected . . . upon the rental or leasing of any Hotel Accommodations at the rate of four percent (4%) of the gross rental or leasing charge" (hereinafter "Orland Park Hotel Operator's Accommodations Tax"). *See* Orland Park, Illinois Village Code ("Orland Park Code") § 7-7-7-3. "Hotel Accommodations" include "[a] room or rooms in any building or structure located in the Village and kept, used or maintained as or advertised or held out to the public to be an inn, motel, hotel, apartment hotel, lodging house, dormitory or place, where sleeping, rooming, conference or exhibition accommodations are furnished for lease or rent, whether with or without meals, in which ten (10) or more such accommodations are used or maintained for guests, lodgers or roomers", but not "an accommodation which a person occupies, or has the right to occupy, as his domicile or permanent residence." Orland Park Code § 7-7-7-2 (A) (3).

50.     Tinley Park levies and imposes a tax that "shall accrue . . . and be collected . . . upon the renting, leasing or letting of any hotel accommodations in the village at the rate of 6% of the gross rental or leasing charges and revenues, exclusive of revenues received from food and beverage sales" (hereinafter "Tinley Park Hotel Accommodations Tax"). *See* Tinley Park, Illinois Code of Ordinances ("Tinley Park Code") § 129A.03.

51.     Schaumburg levies and imposes a tax "upon the use and privilege of renting,

leasing or letting of rooms in motel or hotel in the village at a rate of eight percent (8%) of the gross rental receipts from such renting, leasing or letting" (hereinafter "Schaumburg Hotel and Motel Tax"). *See* Schaumburg, Illinois Code of Ordinances ("Schaumburg Code") § 36.050.

52.     Class Members similarly levy and collect taxes and on lodging or overnight accommodations. This tax may be denominated in different ways including, but not limited to, as an occupancy tax, a hotel or motel room tax, a use tax, a privilege tax, a hotel or motel tax, a licensing tax, an accommodations tax, a rental receipts tax, a hotel operator's tax, a hotel operator's occupation tax, or a room rental, lease or letting tax. These taxes, the Bedford Park Hotel/Motel Room Tax, Warrenville Hotel Operator's Tax, Oakbrook Terrace Hotel-Motel Room Tax, Oak Lawn Hotel and Motel Occupancy Tax, Orland Hills Hotel Accommodations Tax, Rockford Hotel/Motel Tourism Tax, Willowbrook Municipal Hotel Tax, Arlington Heights Hotels and Motels Tax, Burr Ridge Municipal Hotel and Motel Room Tax, Des Plaines Hotel-Motel Operator's Occupation Tax, Lombard Hotel Operator's Occupation Tax, Orland Park Hotel Operator's Accommodations Tax, Tinley Park Hotel Accommodations Tax, and Schaumburg Hotel and Motel Tax, are hereinafter collectively referred to as "Accommodations Tax" or "Accommodations Taxes". Regardless of how the tax is titled, it is correctly calculated as a percentage of the retail rate that each consumer occupant pays for lodging ("Retail Rate"), including service costs (the "Accommodations Tax Amount").

## V.     COMMON ALLEGATIONS

53.     Defendants are online travel companies and their affiliates or related companies ("OTCs"). Specifically, they are online sellers and/or online resellers of hotel rooms or other accommodations ("Lodging") to the general public (the "Consumers Occupants" or "Consumers").

54.     OTCs, like Defendants, transact business under two models: the "agency model" and the "merchant model."

55.     Under the "agency model" the OTCs act as traditional travel agents, facilitating reservations on behalf of a hotel and passing the reservation on to the hotel. The OTC will receive a commission as an agent under this model.

56.     Under the "agency model," the transaction is between the hotel and the Consumer.

57.     Accommodations Taxes are calculated and collected by the hotel ("Hotel") on the Retail Rate charged to the Consumer.

58.     The Consumers are the taxpayers, and the hotels are the tax collectors. The agency model is **not** at issue in this Complaint.

59.     More than a dozen years ago, one or more OTCs began a pervasive use of the "merchant model." It is the "merchant model" that is the subject of this Complaint.

60.     The "merchant model" adopted by Defendants is a uniform, nationwide model that operates the same for all OTCs in all jurisdictions, including Illinois.

61.     Under this "merchant model," the Defendants/OTCs are the merchants of record in their transactions with the Consumers.

62.     Under the "merchant model," OTCs enter into contracts with individual Hotels wherein the parties agree on a wholesale price ("Wholesale Rate") for the Hotel rooms and the OTCs acquire the right to display, offer and facilitate reservations of the rooms to the public at a higher retail price ("Retail Rate").

63.     While the Wholesale Rate is negotiated between the Hotels and the OTCs, the OTCs generally have broad discretion in establishing and changing the Retail Rate they charge to

customers.

64. Stated simply, the OTCs profit by contracting with Consumers for Lodging at the Retail Rate, which is higher than the Wholesale Rate paid by the OTCs to Hotels.

65. When a customer purchases a Hotel reservation through an OTC, the customer is charged a single amount comprised of: (1) the Retail Rate, which includes (a) the Wholesale Rate" and (b) an amount retained by the Defendant for travel-related services it provided to the traveler (sometimes referred to as the "facilitation fee") and (2) "Taxes & Services," which consists of (a) an estimated amount to cover the state and local occupancy taxes on the Wholesale Rate and (b) additional amounts retained by the OTCs as compensation for its travel services.

66. Although the OTCs state on their websites that the Retail Rate is a combination of the Wholesale Rate and their facilitation fee, they do not disclose the dollar amount of either.

67. Therefore, at the end of the OTC transaction, the customer sees only three line items: "Wholesale Rate", "Taxes & Services" and "Total".

68. The OTC and the customer strike a bargain for the payment of money for access to a Hotel room.

69. When a customer reserves a Hotel room with an OTC, the OTC verifies with the Hotel that the room is available, charges the customer's credit card and issues a room confirmation to the customer.

70. The OTCs themselves do not obtain the right to occupy any room at any time during a transaction.

71. The OTCs charge the customer's credit card for the Retail Rate, which includes fees for their services.

72.     The customer cannot occupy the Hotel room unless he or she pays the fees and mark-ups the OTCs include in the Retail Rate (i.e., the difference between the Wholesale Rate the OTCs pay to the Hotel and the amount they charge to the customer).

73.     The customer does not pay the Hotel anything to get the key to the OTC-booked room.

74.     No money changes hands between an OTC consumer and the Hotel unless the customer incurs charges for incidental like parking, laundry or food.

75.     Thus, the customer does not pay the Hotel for the room or taxes, but only for incidentals and other non-room related services the customer purchases at the Hotel.

76.     After the customer has completed their stay, the Hotel sends an invoice to the OTC for the Wholesale Rate and the Accommodation Tax based on the Wholesale Rate.

77.     Upon receipt, the OTC pays this amount to the Hotel, and the Hotel remits the taxes to Plaintiffs and the Class Members.

78.     No tax is paid on the difference between the amount charged to the customer and the Wholesale Rate.

79.     The OTC retains whatever it has collected over the amount remitted to the Hotel.

80.     Under the "merchant model," Defendants determine the Retail Rate that the Consumer pays. Defendants have control over the price they offer to the Consumer and, therefore, control the profit they make from the markup.

81.     The "merchant model" is a prepaid model in which Defendants collect all monies up front from the Consumer at the time the on-line reservation is made and the Consumer's credit card is charged.

82.     Under the "merchant model," the taxable transaction is between the Consumer

and the Defendants for the purchase of Lodging.

83.     There is no taxable transaction between the Hotel and the Consumer for the purchase of Lodging.

84.     Under the "merchant model," the only contract or agreement at the time the taxes at issue are being assessed and collected is between the Defendants and the Consumer.

85.     Defendants sell rooms to Consumers and collect payments, including taxes from the Consumer at the time of booking. Under the "merchant model," the Defendants have been or are currently controlling Hotels.

86.     Defendants are charging and collecting amounts as Accommodations Taxes and fees from Consumers in the State of Illinois, but are not remitting the Accommodations Tax Amounts to the appropriate Class Members.

87.     Instead, Plaintiffs and the Class Members only receive tax amounts based upon the lower, Wholesale Rate (the "Wholesale Tax Amount"). Each Defendant then retains for its own use and benefit the difference between the correct Accommodations Tax Amount and the incorrect Wholesale Tax Amount.

88.     For example, Defendant Orbitz, LLC negotiates with a Hotel for rooms at the lower Wholesale Rate and pays the Hotel a flat rate for each room sold, for instance $60.00 for a room in Oakbrook Terrace. Under the "merchant model," Defendant Orbitz, LLC then controls the price offered to the Consumer. Defendant Orbitz, LLC then sells the same room to the Consumer for a marked up price, for example $100. Defendant Orbitz, LLC charges taxes and fees that would approximately cover the taxes owed, which should be based upon the Retail Rate of $100. The amount of tax due in this example is 6% of $100 or $6.00. *See* Oakbrook Terrace Code Title III, § 35.021.

15

89.     However, the amount of Accommodations Taxes remitted to Plaintiffs and other Class Members has been based on the lower Wholesale Rate. In this example, Oakbrook Terrace would only receive $3.60 (6% of $60.00), an underpayment of the tax liability by $2.40. Thus, in this single example transaction, Oakbrook Terrace's collected tax would be 40% less than the collected and the proper Accommodations Tax Amount of $6.00.

90.     In this manner, Defendants fail to remit the Accommodations Tax due and owing to Plaintiffs and Class Members.

91.     Upon information and belief, there are also occasions where Defendants unlawfully retain all monies charged to and collected from consumers as revenue without remitting any taxes to Plaintiffs or the Class Members. Known in the industry as "breakage", the situation arises when a consumer books and prepays a Defendant for a hotel room and all monies (including Accommodations Tax) are collected, but the Defendant never remits any tax monies to the Plaintiff or Class Member.

92.     For example, in a no-show scenario, where a consumer books and prepays directly for the room rental but neither shows up nor timely cancels, the hotel retains the room rate but still remits the applicable Accommodations Tax to the Plaintiff or Class Member. However, if a consumer books and prepays with an OTC Defendant, and neither shows up nor timely cancels, the OTC Defendant retains all monies paid by the consumer, including the Accommodations Taxes and other taxes charged to and collected from the consumer. In both of these scenarios the Plaintiff or Class Member is entitled to the full amount of taxes collected from the consumer at the time the transaction occurs, as the Defendants have a duty to remit the taxes regardless of any invoicing irregularities that may occur in a no-show scenario. [1]

_____

[1] A Texas jury deemed the Defendants' practices illegal, including their "breakage" activities, and awarded more than $20 million in total to Texas local governments. The April 4, 2013 Final Judgment

93.     Defendants have also failed to properly file required regular, periodic tax returns/reports. *See* Bedford Park Code § 5-19-3; Warrenville, Illinois City Code § 3-1-5 (B) (4) (a); Oakbrook Terrace Code Title III, § 35.023 (B); Oak Lawn Code § 3-2-6 (E) (3); Orland Hills Code Title III, § 33.070 (A); Rockford Code Pt. I, § 5-73 (a); Willowbrook Code § 11-3-4 (A); Arlington Heights Code Article § 14-209; Burr Ridge Code § 60-7-4; Des Plaines Code § 4-3D-5 (A); Lombard Code § 98.61; Orland Park Code § 7-7-7-8; Tinley Park Code § 129A.06 (A), Schaumburg Code § 36.053 (B).

94.     The Class Members also have similar periodic tax return/reporting requirements.

95.     Defendants are collecting taxes from Consumers but, upon information and belief, not reporting such taxes to Plaintiffs or any Class Members.

96.     As stated, Defendants' business practices include charging Consumers un-itemized taxes and fees on each sale of Lodging. The Consumer is led to believe Defendants are remitting the correct amount of Accommodations Tax to Plaintiffs. Defendants, however, are calculating the tax liability of the general public (and Defendants) based upon the Wholesale Rate Defendants paid the Hotel for the room, not upon the Retail Rate that the Consumer paid Defendants. As a result, the Accommodations Tax liabilities paid by the general public and owed to Plaintiffs are underpaid/unpaid by the Defendants who unlawfully retain the difference. These practices deprive Plaintiffs and the Class the full amounts due and owing to them from each sale of Lodging.

97.     Also, as stated, in addition to failing to properly pay collected taxes, Defendants do not disclose to the general public the amounts being paid for each specific tax and the amounts, if any, being paid separately as "service fees." Defendants bundle the taxes and

awarded the City of San Antonio and similarly situated Texas cities $55,146,489 in total damages, penalties and interest.

"service fees" as a way to keep the Wholesale Rate of the Lodging opaque.

98.     Defendants will not disclose the amount of Accommodations Tax being assessed even if the Consumer asks them.

99.     Defendants require that the Hotels not reveal to the Consumer what Defendants paid for the Lodging.  Likewise, the Hotels do not know what the Consumer paid Defendants for the Lodging.

100.    Only Defendants collect taxes from the Consumer in the "merchant model."  The Consumer is the taxpayer who ultimately pays the taxes.

101.    Under the "merchant model," the Hotels never collect the required Accommodations Tax from the Consumer.

102.    Under the "merchant model" and pursuant to the language of the contract between the Defendants and the Hotels, it is Defendants' responsibility to calculate the taxes and collect all monies, including tax monies, from the Consumer at the time of booking.

103.    The only way for the Hotel to pay the correct Accommodations Tax to the Plaintiffs is if Defendants remit the additional tax owed (and which was actually paid by the Consumer to Defendants) to the Class Members.

104.    The Defendants' failure to itemize taxes violates basic principles of tax transparency and further supports Plaintiffs' claims of Defendants' tax liability, and specifically violates express code provisions of many of the Class Members.

105.    Due to the contractual or factual relationship between Defendants and the Hotels, Defendants and the Hotels act on behalf of each other to provide/sell customers Lodging, and are thus agents of one another.  As such, they operate as joint enterprise members and have joint enterprise membership liability.

106.    Defendants have a physical presence in the State of Illinois, including within the

Class Member municipalities. Such presence includes, but is not limited to, providing and/or

selling rooms in Hotels, serving as agents for Hotels for purposes of selling or providing rooms

in those Hotels and, upon information and belief, by having employees or agents travel to Class

Member municipalities within the State of Illinois to negotiate and enter into contracts with

Hotels to review and rate those Hotels.

107.    Upon information and belief, the "merchant model" represents a majority of the

Defendants' total online bookings.

108.    Expedia (DE) has described its "merchant model" business practices in public

filings as follows:

> Under the merchant model, **we receive inventory** (hotel rooms, airline seats, car
> rentals, destination services) from suppliers at negotiated rates. **We determine
> the retail price paid by the customer and we then process the transactions as
> the merchant of record for the transaction. Acting as a merchant enables us
> to achieve a higher level of gross profit per transaction** compared to the
> agency model and allows us to provide better prices to customers compared to
> agency transactions. Merchant transactions comprised 58% of our total revenues
> in 2002 and are derived from the difference between what we pay for the
> inventory and what we charge the customer.

*See* Expedia (DE) Annual Report (Form 10-K) (March 31, 2003) at F-3 (emphasis added).

109.    Hotels.com has identified itself as a "reseller" of hotel rooms obtained from hotels

in SEC filings:

> We contract with hotels and other lodging properties in advance for volume
> purchases and guaranteed availability of rooms at wholesale prices **and resell
> these rooms to consumers** through our websites, third-party affiliated websites
> and our toll-free call centers.

*See* Hotel Reservations Network, Inc. Annual Report (Form 10-K) (Apr. 2, 2001) at 3, 18

(emphasis added).

110.    Orbitz, Inc. has admitted that it "receive[s] inventory directly from a hotel" that it

"then mark[s]-up and sell[s] to consumers:"

> Our hotel agreements include ... merchant hotel contracts with certain hotels,
> hotel management groups and hotel chains that give us access to discounted
> negotiated rates **that we then mark-up and sell to consumers on a prepaid**
> **basis.**
>
> * * *
>
> Our strategy calls for us to increase the number of hotel rooms we can offer under
> our Orbitz Merchant Hotel program based on merchant arrangements we make
> directly with individual hotel properties and independent chains.   Under the
> Orbitz Merchant Hotel program, **we receive inventory directly from a hotel at a**
> **negotiated rate, and we determine the retail price at which we choose to offer**
> **it to the consumer.**
>
> * * *
>
> **We must also pay net rates to hotels in the event merchant hotel bookings**
> **sold on our website are purchased fraudulently.**

Orbitz, Inc. Annual Report (Form 10-K) (Mar. 18, 2004) at 11, 28, 74 (emphasis supplied).  This

provision demonstrates that Defendant Orbitz, Inc. did assume the risk of loss in certain of these

sale transactions.

111.    Defendant Priceline has explained its "merchant model" business practices in

Securities Exchange Commission ("SEC") filings as follows:

> For most of these transactions, we establish the price we will accept, have total
> discretion in supplier selection, **purchase and take title to the particular**
> **product and are the merchant of record.**   Consumers agree to hold their offers
> open for a specified period of time to enable us to fulfill their offers from
> inventory provided by participating sellers.   Once fulfilled, offers generally
> cannot be canceled.

*See* Priceline Annual Report (Form 10-K) (Mar. 15, 2003) at 29 (emphasis added).

112.    Travelocity.com, Inc. distinguished its purchase and re-sale transactions under the

"merchant model" from those where it merely provided a service:

> In order to increase it sales of higher margin products, Travelocity's business plan

calls for it to increase **merchant model sales** pursuant to which **Travelocity serves as the merchant of record in the transaction rather than as the sales agent**. In the merchant business, suppliers make inventory, such as airline seats, hotel rooms, car rentals, cruises, and vacation packages, available to Travelocity at wholesale or "net" rates. The merchant of record then sets the retail price that the customer pays and then processes the transaction. **The merchant business generally delivers higher revenue per transaction than comparable sales under the agency model, in which Travelocity acts as an agent in the transaction, passing a customer's reservation to the travel supplier and receiving a commission from the supplier for its services.**

*See* Travelocity.com, Inc. Annual Report (Form 10-K) (March 26, 2002) at 7 (emphasis added).

**Defendants Are Affiliated Business Entities**

113.    Hotels.com, Gp, LLC and Defendant Hotwire, Inc. are wholly-owned subsidiaries of Defendant Expedia (WA).

114.    Travelscape, LLC and Defendants Expedia, Inc. (WA), Hotels.com, LP, Hotwire, Inc., and Egencia, LLC are sister companies ultimately owned by Expedia, Inc. (DE) ("Expedia (DE)").

115.    Orbitz, Inc. is the immediate parent company of Defendant Orbitz, LLC.

116.    Between approximately 2004 and 2007, when it was Cendant, Travelport was the immediate parent company of Defendant Trip Network and Defendant Internetwork as well as the indirect parent company of Defendant Orbitz, LLC.

117.    Since restructuring in 2007, Travelport has been affiliated with Defendants Trip Network, Internetwork and Orbitz, LLC, but no longer as a parent company.

118.    Defendant Orbitz, LLC, Defendant Trip Network, Defendant Internetwork and Orbitz, Inc. are subsidiaries of Orbitz Worldwide, Inc.

119.    Lowestfare is a wholly-owned subsidiary of Defendant Priceline.

120.    Defendant Travelweb, LLC is a wholly-owned subsidiary of Lowestfare.

121.    Travelocity.com LLC (formerly Travelocity.com, Inc.) is the general partner of

Defendants Travelocity.com LP and Site59.com LLC.

122.    Travelocity.com, LLC and Defendants Travelocity.com, LP and Site59.com, LLC are indirect subsidiaries of Sabre.

**Defendants Have Entered Into Agreements With Each Other To Market And Sell Hotel Room Inventory**

123.    Defendants, at all times mentioned herein, were acting under common plans, schemes or methodologies, and from time to time entered into agreements and ventures for the common marketing, distribution and sale or resale of Lodging throughout the State of Illinois.

124.    Upon information and belief, Defendants have shared products and customers and have entered into agreements and co-ventures for the sale or resale of hotel room inventory by cross-listing available hotel rooms on their respective Internet portals.

125.    Upon information and belief, sometime between 1990 and present, Orbitz Inc. and/or Defendant Orbitz, LLC entered into an agreement with Defendant Travelweb whereby Orbitz, Inc. and/or Defendant Orbitz, LLC received prepaid hotel room inventory from Defendant Travelweb and other participating entities for display on Orbitz's website. Under this arrangement, Defendant Travelweb set the occupant price for the inventory and paid Orbitz, Inc. and/or Defendant Orbitz, LLC a commission for each hotel room rented online.

126.    Upon information and belief, sometime between 1990 and the present, Hotels.com, LP and/or Hotels.com, GP, LLC contracted with Expedia (DE) and/or Defendant Expedia (WA) and Defendant Travelocity.com, LP to implement and maintain cooperative ventures including certain cross-selling initiatives.  Specifically, these agreements provided that the lodging inventory of Expedia (DE) and/or Defendant Expedia (WA) and Defendant Hotels.com, LP and/or Hotels.com, GP, LLC would be listed on Defendant Travelocity.com, LP's website.

127.     Upon information and belief, sometime during 2001 or earlier, Cheaptickets.com, now owned by Travelport, entered into a private label agreement with Defendant Hotels.com, LP and/or Hotels.com, GP, LLC that provided for the sharing of hotel room inventories for online bookings by occupants.

128.     Upon information and belief, sometime between 1990 and the present, Cheaptickets.com and Lodging.com shared hotel room inventory.     Specifically, Cheaptickets.com sold Lodging.com's hotel room inventory.

129.     Upon information and belief, sometime during 2004 or thereafter, Cendant, the predecessor to Travelport, entered into agreements with Expedia (DE) and/or Defendant Expedia (WA) and Defendant Hotels.com, LP and/or Hotels.com, GP, LLC to share hotel room inventory.

130.     Upon information and belief, sometime in 2000 or thereafter Defendant Site59.com entered into marketing agreements with other entities, including Defendant Travelocity, LP and Defendant Priceline affiliated companies (whose subsidiaries include Lowestfare and Defendant Travelweb).

131.     Upson information and belief, sometime during 2005 or earlier, Orbitz, Inc. and/or Defendant Orbitz, LLC and Defendant Priceline entered into a marketing agreement related to Defendant Priceline's hotel business unit.

132.     Upon information and belief, sometime prior to the institution of this suit, Expedia (DE) and/or Defendant Expedia (WA) entered into a partnership agreement with Defendant Hotels.com, LP and/or Hotels.com, GP, LLC and Defendant Hotwire regarding its online hotel room booking business.

133.     Upon information and belief, sometime prior to the institution of this suit,

Defendant Hotels.com, LP and/or Hotels.com, GP, LLC entered into a partnership agreement with Defendant Hotwire and TravelNow.com, Inc. regarding its online hotel room booking business.

134.    Upon information and belief, sometime prior to the institution of this suit, Defendant Hotwire entered into a partnership agreement with Expedia (DE) and/or Defendant Expedia (WA) and Defendant Hotels.com, LP and/or Hotels.com GP, LLC regarding its online hotel room booking business.

135.    Upon information and belief, sometime prior to the institution of this suit, Orbitz, Inc. and/or Defendant Orbitz, LLC entered into a partnership agreement with Defendant Hotwire regarding its online hotel room booking business.

136.    Upon information and belief, sometime prior to the institution of this suit, Defendant Hotels.com, LP and/or Hotels.com GP, LLC and Lowestfare entered into an agreement related to the sale or resale of hotel room inventory.

137.    Upon information and belief, there are many other such marketing, distribution and partnership agreements between and among Defendants.

**Defendants' Conduct Arises Out Of The Same Series Of Transactions Or Occurrences And Involves Common Questions Of Law And Fact**

138.    Defendants' conduct arises out of the same series of transactions or occurrences and involves common questions of law and fact. The parties are all interested in the principal questions raised by this Complaint. Moreover, Defendants' affiliations with each other and their agreements to market, sell and distribute each other's hotel room inventory logically connect their respective conduct. As detailed above, Defendants have engaged and presently engage in a common practice and scheme of selling Lodging to Consumers at Retail Rates but remitting taxes based on their lower, negotiated Wholesale Rates.

139.    Further, the memberships of multiple Defendants in The Travel Technology Association ("Travel Tech") (formerly Interactive Travel Services Association or "ITSA") further demonstrates the interrelatedness among Defendants and confirm common practices of Defendants in booking hotel rooms.    According to Travel Tech's website, the following Defendants are members of the organization: Orbitz Worldwide and Travelport.  The Travel Tech website makes numerous representations regarding the manner in which online travel companies do business, the manner in which rooms are booked, and Defendants' tax liabilities as a whole.

140.    Plaintiffs and Class Members have suffered damages in an amount in excess of $100,000.00.    The full amount of Plaintiffs' and the Class Members' above and beyond $100,000.00 remains to be determined and will require the evaluation of substantial data from Defendants to determine.

## VI.    CLASS ALLEGATIONS

141.    Plaintiffs respectfully request that the Court certify this case as a class action.

142.    Pursuant to § 735 ILCS 5/2-801, the Class is defined as follows:

All Illinois municipalities that have enacted and collect a tax on the percentage of the retail rate that each consumer occupant pays for lodging, including service costs, denominated in any manner, including but not limited to, occupancy tax, a hotel or motel room tax, a use tax, a privilege tax, a hotel or motel tax, a licensing tax, an accommodations tax, a rental receipts tax, a hotel operator's tax, a hotel operator's occupation tax, or a room rental, lease or letting tax.

143.    This Class can be separated into four subclasses, including the following:

a)    Illinois municipalities, such as Bedford Park, Oakbrook Terrace, Oak Lawn,

Arlington Heights, and Schaumburg, that have enacted and collected a tax upon the use and privilege of a motel or hotel room described in ways including but not limited to the use and privilege of the room itself, the use and privilege of being a transient guest or lodger in a hotel or motel, or the use and privilege of renting, leasing or letting the rooms in a hotel or motel (hereinafter referred to as "Use and Privilege Subclass");

b)  Illinois municipalities, such as Orland Hills, Orland Park, and Tinley Park, that have enacted and collected a tax upon the rental, leasing or letting of hotel or motel accommodations (hereinafter "Hotel Accommodations Subclass");

c)  Illinois municipalities, such as Warrenville, Rockford, Willowbrook, Burr Ridge, Des Plaines, and Lombard, that have enacted and collected a tax upon all persons engaged in the municipality in the business of renting, leasing, or letting rooms in a hotel (hereinafter "Business of Rental Subclass"); and

d)  Illinois municipalities, such as Class Member City of Aurora, Illinois, that have enacted and collected a tax on the gross receipts, rental rate or consideration paid for the privilege of renting, leasing or letting a hotel room that is due from the "owner" of the hotel as defined in each ordinance (hereinafter "Consideration Subclass").

144.  The Class, including the four subclasses, meets the prerequisites for the maintenance of a class action in that:

a)  the Class is so numerous that joinder of all members is impracticable;

b)  there are questions of fact and law common to the Class, which common questions predominate over any questions affecting only individual members;

26

c)      the representative parties will fairly and adequately protect the interest of the class; and

d)      this class action is an appropriate method for the fair and efficient adjudication of the controversy.

145.    This action is properly maintained as a class action pursuant to § 735 ILCS 5/2-801 in that the Defendants have acted or refused to act on grounds generally applicable to the Class, thus making appropriate declaratory relief with respect to the class as a whole.

146.    Plaintiff Class Members contemplate the eventual issuance of notice to the proposed Class Members, which would set forth the subject and nature of the instant action. Defendants' own business records and electronic media can be utilized for the contemplated notices.

147.    Among the numerous questions of fact and law common to the Class are:

a)      whether Defendants use the "merchant model" for buying and selling Lodging in the State of Illinois;

b)      whether under the "merchant model" Defendants mark up the price from the Wholesale Rate (paid to the Hotel) to the Retail Rate (paid by the Consumer);

c)      whether Defendants are the "merchant of record" in their transactions with the Consumer;

d)      whether Defendants generally use the same basic charges, policies, and computer systems together nationwide and including in the State of Illinois;

e)      whether Defendants have a legal duty to collect Accommodations Taxes from the Consumers who purchase from Defendants the right to occupy Lodging in the State of Illinois;

f)       whether Defendants have a legal duty to remit these Accommodations Taxes to
Plaintiffs and/or other Class Members;

g)       whether Defendants have collected the at-issue tax, in the form of a tax, from the
Consumers, but failed to remit the same to the Class Members;

h)       whether Defendants have failed to remit the taxes at issue based on the full and
proper rates;

i)       whether, under the appropriate municipal ordinance and/or rule in effect at the
time of each transaction, the amount of tax due and owing to Plaintiffs and the
Class Members is to be calculated as a percentage of the Wholesale Rate or the
Retail Rate, including any service fees charged by the OTCs;

j)       whether by voluntarily inserting themselves into the taxing scheme, the
Defendants have the legal duty to calculate, collect and remit the taxes upon the
Retail Rate, including any service fees charged by the OTCs;

k)       whether Defendants have committed acts of conversion;

l)       whether Defendants have been unjustly enriched; and

m)       whether, and in what amount, the Plaintiffs and the Class Members are entitled to
recover court costs and attorneys' fees.

## VII.    CAUSES OF ACTION

### A.    First Claim for Relief: Declaratory Judgment Pursuant to § 735 ILCS 5/2-701 (Against All Defendants)

148.     Plaintiffs incorporate each of the above allegations by reference as if fully
rewritten herein.

149.     Plaintiffs seek a declaration of rights and/or duties with respect to all Defendants.
An actual controversy exists between Plaintiffs and these Defendants as to:

a) whether Defendants have a duty, under law, to collect Accommodations Taxes from Consumers who purchase from Defendants the right to occupy Lodging in the municipalities that comprise the Plaintiff Class;

b) whether the Accommodations Taxes are based on the Retail Rate, including any service fees charged by the OTCs;

c) whether Defendants have a duty to remit these taxes to Plaintiffs and the Class;

d) whether Defendants have failed to fulfill their duty under law to remit these taxes to Plaintiffs and the Class;

e) whether, under the appropriate ordinance and/or rule, the amount of tax due and owing to Plaintiffs and the Class is to be calculated as a percentage of the Retail Rate, without regard to service fees, operating expenses and other amounts currently deducted by Defendants; and

f) whether Defendants have a duty to itemize and specify amounts of taxes separate from any private profits or so-called service charges; and

g) whether Defendants can keep money paid by customers who paid taxes, but for which the Defendants were not invoiced by the hotel (i.e., "breakage" amounts).

**B.** **Second Claim for Relief: Violations of Municipal Ordinances (Against All Defendants)**

150. Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

151. Plaintiffs and Class Members are municipalities that are authorized to levy and collect certain Accommodations Taxes.

152. At all times herein, Defendants acted individually or in concert to provide/sell Lodging to Consumers.

153.    Defendants are obligated under the municipal ordinances of the Class, including the four subclasses, to collect Accommodations Taxes on Lodging and to remit such taxes to remit to Plaintiffs and the Class Members.

154.    Defendants are acting as retailers, vendors, lessors, and/or renters.

155.    Defendants have failed to collect and remit to Plaintiffs and the Class Members the Tax Monies Due and Owing[2] by either underpaying the Accommodations Taxes or (in the case of "breakage") not paying them at all.

156.    Defendants have failed to report taxes collected on Lodging to Plaintiff and Class Members.

157.    As a result of their shared efforts, Defendants have a joint interest in the business of providing/selling Lodging to Consumers.

158.    Upon information and belief, Defendants have either express or implied agreements to share in the profits and losses of such an enterprise and joint venture. Accordingly, at all times herein, a joint venture and joint enterprise existed between one or more Defendants.

159.    Defendants are legally and constitutionally liable for the Tax Monies Due and Owing to Plaintiffs and the Class Members under their respective municipal ordinances. Defendants are liable individually and also as joint venturers.

160.    Defendants are also liable for penalties and interest under the municipal ordinances, which may include, but are not limited to, enhanced penalties for Defendants' negligent and/or fraudulent conduct.

161.    Failure to remit these taxes to Plaintiffs and the Class Members is deemed a debt

---

[2] "Tax Monies Due and Owing" herein refers to the underpaid and unpaid (as in the situation of "breakage") Accommodations Taxes.

owed by Defendants individually and also as members of the joint venture to Plaintiffs and the Class Members in an amount to be determined at trial. The taxes owed and penalties and interest hereby sought to be recovered is to be determined by and in accordance with these municipal ordinances.

### C. Third Claim For Relief: Conversion (Against All Defendants)

162. Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

163. Plaintiffs and the Class Members had a right to the specifically identifiable Tax Monies Due and Owing to them, had an absolute and unconditional right to the immediate possession of such tax monies, made a demand for possession of such tax monies, and Defendants wrongfully and without authorization assumed control, dominion or ownership over such tax monies.

164. In converting the Tax Monies Due and Owing by underpaying the Accommodations Taxes or (in the case of "breakage") not paying them at all, Defendants acted with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class Members.

165. As a direct and proximate result of Defendants' conversion, Plaintiffs and the Class Members have suffered and will continue to suffer damage in an amount to be proven at trial.

166. Because Defendants' conversion was accomplished with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class Members, Plaintiffs seeks punitive damages to punish Defendants and deter them and others from committing similar acts of wrongdoing in the future.

167.    Defendants are liable for the acts of conversion individually and as members of a joint venture.

**D.      Fourth Claim for Relief: Civil Conspiracy (Against All Defendants)**

168.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

169.    Defendants worked concertedly together for the unlawful purpose and/or the lawful purpose accomplished by unlawful means of depriving Plaintiffs and the Class Members of the Tax Monies Due and Owing by underpaying the Accommodations Taxes or (in the case of "breakage") not paying them at all.

170.    Defendants knowingly and voluntarily participated in the common scheme to deprive Plaintiffs and the Class Members of the Tax Monies Due and Owing.

171.    Defendants agreed by words and/or conduct to accomplish the unlawful goal including, but not limited to, of depriving Plaintiffs and the Class Members of the Tax Monies Due and Owing and Defendants performed one of more tortious and/or unlawful acts to accomplish that unlawful agreement.

172.    In addition or in the alternative, Defendants agreed by words or conduct to accomplish a lawful goal through unlawful means including, but not limited to, depriving Plaintiffs and Class Members of the Tax Monies Due and Owing and Defendants performed one or more unlawful and/or tortious acts to accomplish that goal.

173.    In their civil conspiracy, Defendants acted with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class.

174.    As a direct and proximate cause of Defendants' civil conspiracy, Plaintiffs and the

Class have suffered and will continue to suffer damages in an amount to be proven at trial.

175.    Because Defendants' civil conspiracy was accomplished with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class Members, Plaintiffs seeks punitive damages to punish Defendants and to deter them and others from committing similar acts of wrongdoing in the future.

176.    Defendants are liable for the acts of civil conspiracy individually and as members of a joint venture.

### E.    Fifth Claim For Relief: Unjust Enrichment (Against All Defendants)

177.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

178.    Defendants have been enriched by retaining the Tax Monies Due and Owing without justification by underpaying Accommodations Taxes or (in the case of "breakage") not paying them at all, which retention has caused Plaintiffs and the Plaintiff Class Members to become impoverished for which there is an absence of a remedy provided by law.

179.    Secondary to Defendants' unjust enrichment, Plaintiffs and Class Members are entitled to judgment against Defendants in an amount to be proven at trial, including but not limited to interest, costs, and pre- and post-judgment interest.

180.    Defendants are liable for the acts of unjust enrichment individually and as members of a joint venture.

### F.    Sixth Claim for Relief: Imposition of Constructive Trust (Against All Defendants)

181.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

182.     At all times alleged herein, the specifically identifiable Tax Monies Due and Owing were in the possession and under the control of Defendants because they underpaid the Accommodations Taxes or (in the case of "breakage") did not pay them at all.  Defendants have taken this identifiable money to which they are not entitled under such circumstances that in equity and good conscience they ought not retain.

183.     By virtue of Defendants' actions, Defendants hold the Tax Monies Due and Owing as constructive trustee for the benefit of Plaintiffs and the Class Members.  Plaintiffs request an order that Defendants be directed to give possession thereof to Plaintiffs and the Class Members to avoid unjust enrichment.

### G.     Seventh Claim for Relief: Breach of Fiduciary Duty (Against all Defendants)

184.     Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

185.     Through contracts with hotels and/or accommodations, Defendants have elected to collect the Accommodations Taxes.

186.     Defendants choose to collect the Accommodations Taxes online, rather than having the hotel or accommodations customer pay the tax directly to the hotel or accommodation.

187.     Defendants' choice to collect the Accommodations Taxes online creates a fiduciary duty between Defendants and the Plaintiffs and Class Members because it results in the Defendants handling money that is not their own or for their own benefit, but instead is the money of Plaintiffs and the Class Members and for the benefit of Plaintiffs and the Class Members.

188.     Defendants' choice to collect the Accommodations Taxes online also creates a

fiduciary duty between Defendants and the customers from whom they collect the Accommodations Taxes, who are paying Defendants the Accommodations Taxes for the specific purpose that Defendants will pay them over to Plaintiffs and the Class Members.

189.    Defendants, in their sole discretion, combine taxes and fees in one lump sum, preventing their customers from ever seeing the amount they pay in Accommodations Taxes or the amount of markup Defendants are charging them.

190.    By underpaying and, in the case of "breakage", not paying at all Accommodations Taxes to Plaintiffs and the Class Members, Defendants have breached their fiduciary duty to Plaintiffs and the Class Members.

191.    Moreover, by combining taxes and fees in one line item rather than separately stating them, Defendants are failing to provide transparency and accountability for the money entrusted in them by customers to pay over to Plaintiffs and the Class Members and also the transparency and accountability required by Plaintiffs and the Class Members.

   H.    **Eighth Claim for Relief: Accounting (Against All Defendants)**

192.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI and VII (G) by reference as if fully rewritten herein.

193.    As set forth in VII (G) above, Defendants have breached their fiduciary duty to Plaintiffs, the Class Members and their own customers.

194.    Discovery is necessary because Defendants have failed to provide transparency by combining together Accommodations Taxes and fee amounts.

195.    Only Defendants know how much they have paid over to the hotels or other accommodations in Accommodations Taxes verses what amounts they have kept for themselves in each transaction.

196.    The true amounts of the Defendants have pocketed in each transaction as well as the true amounts Defendants have paid over to hotels as Accommodations Taxes are crucial to the determination of any damage award against Defendants in this lawsuit and, as such, without them, there is no adequate remedy at law.

197.    Further, because Defendants have sold, rented, booked and leased hotel rooms and other accommodations online to a multitude of customers traveling to Plaintiffs and the Class Members over time, there exist mutual accounts which are of a complex nature.

198.    As such, Plaintiffs herein request that the trier of fact, in the exercise of sound discretion, to require Defendants to provide an accounting of the total amounts they have collected from each customer in transactions resulting in hotel room or accommodation stays in each Plaintiff and/or Class Member municipality from the beginning of the Accommodations Taxes forward, as well as the amount Defendants retained from each transaction and the amount Defendants remitted to the hotel or accommodation in each transaction for Accommodations Taxes and the cost the hotel charged Defendants for the room in the hotel or accommodation.

**I.      Ninth Claim for Relief: Damages (Against all Defendants)**

199.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

200.    Plaintiffs request that the Court order Defendants to provide restitution to it and to disgorge the Tax Monies Due and Owing to Plaintiffs and the Plaintiff Class.

201.    Plaintiffs are entitled to interest and penalties on the unpaid Tax Monies Due and Owing.

202.    Plaintiffs request that they recover all penalties, interest, and reasonable and necessary attorneys' fees it is entitled to under the law and in equity.

203.    Plaintiffs request both pre- and post-judgment interest at the maximum rate allowed by law.

**J.    Tenth Claim for Relief: Punitive Damages (Against All Defendants)**

204.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

205.    As stated above in Plaintiffs' THIRD and FOURTH CLAIMs, Defendants have committed the intentional torts of conversion and civil conspiracy.

206.    Defendants' conduct in committing such conversion and civil conspiracy was with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class in that Defendants knowingly remitting only part of the Accommodations Tax Amounts due and deceptively hiding illegal profit streams under labels such as "taxes," or "taxes or fees" or "tax recovery charges."

207.    As such, Plaintiffs request that the trier of fact, in the exercise of sound discretion, award Plaintiffs and the Class Members additional damages to punish and deter Defendants from committing similar acts of wrongdoing in the future.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request, on behalf of itself and the Class Members, that this Court certify this suit under § 735 ILCS 5/2-801, appoint Plaintiffs as Class representative, and appoint the below-named attorneys as counsel for the Class. Plaintiffs further request that, upon a final trial of this matter, judgment be entered in favor of Plaintiffs and the Class Members on all causes of action against the Defendants, including, without limitation, the following:

i.    An order certifying this case be maintained as a class action;

ii.    An order declaring the Defendants liable to Plaintiffs and the Class Members for

37

the wrongful acts, omissions, practices, and schemes described herein;

iii.    Pursuant to § 735 ILCS 5/2-701, a declaratory judgment determining that: Defendants have a duty to collect Accommodations Taxes from Consumers who purchase from Defendants the right to occupy Lodging in the municipalities that comprise the Plaintiff Class; that the Accommodations Taxes are based on the Retail Rate, except in cases of "breakage" where Accommodations Taxes are based on the entire amount collected by Defendants; that Defendants have a duty to remit these taxes to Plaintiffs and the Class; that Defendants have failed to fulfill their duty under law to remit these taxes to Plaintiffs and the Class; and that, under the appropriate hotel Accommodations Tax statute, ordinance, and/or rule, the amount of tax due and owing to Plaintiffs and the Class is to be calculated as a percentage of the Retail Rate;

iv.    An order imposing a constructive trust on all property in the possession of Defendants that in equity and good conscience belongs to Plaintiffs and the Class Members and does not belong to Defendants;

v.    Damages in an amount to be proven at trial;

vi.    Pre- and post-judgment interest, applicable fines, penalties and costs allowed by law;

vii.    For punitive damages in a sufficient amount to punish Defendant and deter them from committing similar acts of wrongdoing in the future; and

viii.    For any and all other relief allowed by law or equity, including such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

38

Plaintiffs hereby demand a trial by jury on all issues so triable.

*Signatures appear on the following page*

Respectfully submitted this _8th_ day of July, 2013.

**THOMAS K. PRINDABLE**
Illinois Bar No. 2255340
**MICHAEL S. KRZAK**
Illinois Bar No. 6243295
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, Suite 3100
Chicago, IL 60605
Phone: 312-899-9090
Facsimile: 312-251-1150
tkp@cliffordlaw.com
msk@cliffordlaw.com

**PAUL A. O'GRADY**
Illinois Bar No. 6271373
**DOMINICK L. LANZITO**
Illinois Bar No. 6277856
**PETERSON, JOHNSON & MURRAY CHICAGO, LLC**
233 South Wacker Drive, Floor 84
Chicago, IL 60606
Phone: 312-782-7150
Facsimile: 312-896-9318
dlanzito@pjmlaw.com
pogrady@pjmlaw.com

**DONALD J. STORINO**
Illinois Bar No. 2747936
**RICHARD J. RAMELLO**
Illinois Bar No. 3124818
**STORINO RAMELLO & DURKIN**
9501 W. Devon Ave.
8th Floor
Rosemont, IL 60018
Phone: 847-318-9500
Facsimile: 847-318-9509
dstorino@srd-law.com

Firm No: 42316

FILED - 5

2013 JUL 30 PM 1:04

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CIRCUIT COURT OF COOK
CHANCERY DIV.

DOROTHY BROWN         CLERK

| | |
|---|---|
| CITY OF WARRENVILLE, VILLAGE OF BEDFORD PARK, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, and VILLAGE OF WILLOWBROOK, individually and on behalf of others similarly situated, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) File No. 13 CH 16308 |
| PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, DOES 1 THROUGH 1000, INCLUSIVE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF FILING

TO:    All Counsel of Record

**PLEASE TAKE NOTICE THAT** on July 30, 2013, we filed with the Clerk of the Court of Cook County Illinois, Chancery Division, and **DEFENDANT'S NOTICE AND RECEIPT OF WAIVER OF SUMMONS AND COMPLAINT**, a copy of which accompanies this Notice and is herewith served upon you:

By: _____

Dominick L. Lanzito

Paul O'Grady
Dominick L. Lanzito
PETERSON, JOHNSON & MURRAY - CHICAGO LLC
233 South Wacker Drive, Floor 84
Chicago, Illinois 60606
(312) 782-7150

Firm No: 42316

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this notice was caused to be served by mailing a copy to the above named attorneys/persons by depositing same with proper postage prepaid in the U.S. Mail Chute at 233 S. Wacker Drive, 84th Floor, Chicago, Illinois 60606 at 5:00 p.m. on July 30, 2013.

By: _Karen McNally_

Paul O'Grady
Dominick L. Lanzito
PETERSON, JOHNSON & MURRAY - CHICAGO LLC
233 South Wacker Drive, Floor 84
Chicago, Illinois 60606
(312) 782-7150
ARDC No. 6271373

FILED - 5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV.
DOROTHY BROWN ——CLERK

VILLAGE OF BEDFORD PARK, CITY OF )
WARRENVILLE, CITY OF OAKBROOK )
TERRACE, VILLAGE OF OAK LAWN, )
VILLAGE OF ORLAND HILLS, CITY OF )
ROCKFORD, VILLAGE OF WILLOWBROOK )
VILLAGE OF ARLINGTON HEIGHTS, )
VILLAGE OF BURR RIDGE, CITY OF )
DES PLAINES, VILLAGE OF LOMBARD, )
VILLAGE OF ORLAND PARK, VILLAGE OF )
TINLEY PARK, and VILLAGE OF )
SCHAUMBURG, individually and on behalf of )
others similarly situated, )
)
Plaintiffs, )
)
vs. )            Court No. 13-CH 16308
)
EXPEDIA, INC. (WA), HOTELS.COM, LP, )
HOTWIRE, INC., EGENCIA, LLC, TRIP )
NETWORK, INC., ORBITZ, LLC, )
INTERNETWORK PUBLISHING CORP. )
(d/b/a LODGING.COM), PRICELINE.COM, )
INCORPORATED, TRAVELWEB, LLC, )
TRAVELOCITY.COM, LP, SITE59.COM, LLC, )
and DOES 1 THROUGH 1000, INCLUSIVE, )
)
Defendants. )

## NOTICE AND ACKNOWLEDGMENT OF
## RECEIPT OF SUMMONS AND COMPLAINT

TO:    Expedia, Inc. (WA)
       Bellevue, Washington

       Hotels.com, L.P.
       Dallas, Texas

       Hotwire, Inc.
       San Francisco, California

       Egencia, LLC
       Denver, Colorado

Trip Network, Inc.
Chicago, Illinois

Orbitz, LLC
Chicago, Illinois

Internetwork Publishing Corp.
Chicago, Illinois

priceline.com, Incorporated
Norwalk, Connecticut

Travelweb, LLC
Norwalk, Connecticut

Travelocity.com, LP
Southlake, Texas

Site59.com, LLC
Southlake, Texas

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within three (3) days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within three (3) days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within sixty (60) days of July 15, 2013. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ July 25, 2013 _____.

Signature: _____

Date: ___7/25/13_____

ACKNOWLEDGMENT OF RECEIPT OF
SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the
complaint in the above-captioned matter at *by e-mail transmission on July 25, 2013*

_____

Relationship to Entity/Authority
to Receive Service of Process

*Attorney for priceline.com Inc and Travelweb LLC*

_____

(Not Applicable if you are the named Defendant or Respondent)

Signature: _____

Date: _7/26/2013_____

\* (To be completed by the person sending the notice.)  Date for return of waiver must be at least
30 days from the date on which the request is sent, or 60 days if the defendant is addressed
outside the United States.

\*\* (To be completed by the person sending the notice.)  Date for answering complaint must be at
least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed
outside the United States.

DM_US 43763911-1.059735.0249

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

VILLAGE OF BEDFORD PARK, CITY OF          )
WARRENVILLE, CITY OF OAKBROOK             )
TERRACE, VILLAGE OF OAK LAWN,             )
VILLAGE OF ORLAND HILLS, CITY OF          )
ROCKFORD, VILLAGE OF WILLOWBROOK          )
VILLAGE OF ARLINGTON HEIGHTS,             )
VILLAGE OF BURR RIDGE, CITY OF            )
DES PLAINES, VILLAGE OF LOMBARD,          )
VILLAGE OF ORLAND PARK, VILLAGE OF        )
TINLEY PARK, and VILLAGE OF               )
SCHAUMBURG, individually and on behalf of )
others similarly situated,                )
                                          )
                 Plaintiffs,              )
                                          )
        vs.                               )        Court No. 13-CH 16308
                                          )
EXPEDIA, INC. (WA), HOTELS.COM, LP,       )
HOTWIRE, INC., EGENCIA, LLC, TRIP         )
NETWORK, INC., ORBITZ, LLC,               )
INTERNETWORK PUBLISHING CORP.             )
(d/b/a LODGING.COM), PRICELINE.COM,       )
INCORPORATED, TRAVELWEB, LLC,             )
TRAVELOCITY.COM, LP, SITE59.COM, LLC,     )
and DOES 1 THROUGH 1000, INCLUSIVE,       )
                                          )
                 Defendants.              )

**NOTICE AND ACKNOWLEDGMENT OF
RECEIPT OF SUMMONS AND COMPLAINT**

TO:   Expedia, Inc. (WA)
      Bellevue, Washington

      Hotels.com, L.P.
      Dallas, Texas

      Hotwire, Inc.
      San Francisco, California

      Egencia, LLC
      Denver, Colorado

Trip Network, Inc.
Chicago, Illinois

Orbitz, LLC
Chicago, Illinois

Internetwork Publishing Corp.
Chicago, Illinois

priceline.com, Incorporated
Norwalk, Connecticut

Travelweb, LLC
Norwalk, Connecticut

Travelocity.com, LP
Southlake, Texas

Site59.com, LLC
Southlake, Texas

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within three (3) days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within three (3) days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within sixty (60) days of July 15, 2013. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____July 25, 2013_____.

Signature: _____

Date: _____7/25/13_____

ACKNOWLEDGMENT OF RECEIPT OF
SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the
complaint in the above-captioned matter at <u>McDermott Will & Emery LLP</u>. (via e-mail)


Mark J. Altschul
_____

Relationship to Entity/Authority
to Receive Service of Process
Attorney for Orbitz, LLC,
Internetwork Publishing Corp, and
Trip Network, Inc.
_____

(Not Applicable if you are the named Defendant or Respondent)


Signature: _____

Date: __July 29, 2013_____

* (To be completed by the person sending the notice.) Date for return of waiver must be at least
30 days from the date on which the request is sent, or 60 days if the defendant is addressed
outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at
least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed
outside the United States.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIDGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Court No. 13-CH 16308 |
| EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE AND ACKNOWLEDGMENT OF
## RECEIPT OF SUMMONS AND COMPLAINT

TO:     Expedia, Inc. (WA)
        Bellevue, Washington

        Hotels.com, L.P.
        Dallas, Texas

        Hotwire, Inc.
        San Francisco, California

        Egencia, LLC
        Denver, Colorado

Trip Network, Inc.
Chicago, Illinois

Orbitz, LLC
Chicago, Illinois

Internetwork Publishing Corp.
Chicago, Illinois

priceline.com, Incorporated
Norwalk, Connecticut

Travelweb, LLC
Norwalk, Connecticut

Travelocity.com, LP
Southlake, Texas

Site59.com, LLC
Southlake, Texas

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within three (3) days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within three (3) days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within sixty (60) days of July 15, 2013. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ July 25, 2013 _____.

Signature: _____

Date: _7/25/13_

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at *by email on July 25, 2013*.

*Travelocity.com LP*
*Site59.com LLC*

Relationship to Entity/Authority
to Receive Service of Process

*Outside counsel for Travelocity.com LP and Site59.com LLC*

(Not Applicable if you are the named Defendant or Respondent)

Signature: *Ben Stap at Kelly, Hart & Hallman LLP*
*201 Main St., Ste 2400*
Date: *7/26/13*
*Fort Worth, TX 76102*

\* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\* (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

DM_US 43763911-1.059735.0249

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIDGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Court No. 13-CH 16308 |
| EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE AND ACKNOWLEDGMENT OF
RECEIPT OF SUMMONS AND COMPLAINT**

TO:   Expedia, Inc. (WA)
       Bellevue, Washington

       Hotels.com, L.P.
       Dallas, Texas

       Hotwire, Inc.
       San Francisco, California

       Egencia, LLC
       Denver, Colorado

Trip Network, Inc.
Chicago, Illinois

Orbitz, LLC
Chicago, Illinois

Internetwork Publishing Corp.
Chicago, Illinois

priceline.com, Incorporated
Norwalk, Connecticut

Travelweb, LLC
Norwalk, Connecticut

Travelocity.com, LP
Southlake, Texas

Site59.com, LLC
Southlake, Texas

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within three (3) days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within three (3) days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within sixty (60) days of July 15, 2013. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ July 25, 2013 _____.

Signature: _____

Date: 7/25/13

ACKNOWLEDGMENT OF RECEIPT OF
SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the
complaint in the above-captioned matter at 77 W. Wacker, Suite 3500, Chicago, IL.
60601

Mark P. Rotatori (HES)

Relationship to Entity/Authority
to Receive Service of Process

Outside counsel of Egencia, LLC.

(Not Applicable if you are the named Defendant or Respondent)

Signature: Mark P. Rotatori (HES)

Date: 7/26/13

* (To be completed by the person sending the notice.) Date for return of waiver must be at least
30 days from the date on which the request is sent, or 60 days if the defendant is addressed
outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at
least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed
outside the United States.

DM_US 43763911-1.059735.0249

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIDGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Court No. 13-CH 16308 |

## NOTICE AND ACKNOWLEDGMENT OF
## RECEIPT OF SUMMONS AND COMPLAINT

TO:     Expedia, Inc. (WA)
        Bellevue, Washington

        Hotels.com, L.P.
        Dallas, Texas

        Hotwire, Inc.
        San Francisco, California

        Egencia, LLC
        Denver, Colorado

Trip Network, Inc.
Chicago, Illinois

Orbitz, LLC
Chicago, Illinois

Internetwork Publishing Corp.
Chicago, Illinois

priceline.com, Incorporated
Norwalk, Connecticut

Travelweb, LLC
Norwalk, Connecticut

Travelocity.com, LP
Southlake, Texas

Site59.com, LLC
Southlake, Texas

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within three (3) days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within three (3) days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within sixty (60) days of July 15, 2013. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ July 25, 2013 _____.

Signature: _____

Date: _____ 7/25/13 _____

ACKNOWLEDGMENT OF RECEIPT OF
SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the
complaint in the above-captioned matter at 77 W. Wacker, Suite 3500, Chicago, IL
60601

Mark P. Rotatori (MES)

Relationship to Entity/Authority
to Receive Service of Process

Outside Counsel of Expedia, Inc. (WA)

(Not Applicable if you are the named Defendant or Respondent)

Signature: Mark P. Rotatori (MES)

Date: 7|26|13

* (To be completed by the person sending the notice.) Date for return of waiver must be at least
30 days from the date on which the request is sent, or 60 days if the defendant is addressed
outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at
least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed
outside the United States.

DM_US 43763911-1.059735.0249

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIDGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated,<br><br>             Plaintiffs,<br><br>   vs.<br><br>EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Court No. 13-CH 16308<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE AND ACKNOWLEDGMENT OF
RECEIPT OF SUMMONS AND COMPLAINT**

TO:   Expedia, Inc. (WA)
Bellevue, Washington

Hotels.com, L.P.
Dallas, Texas

Hotwire, Inc.
San Francisco, California

Egencia, LLC
Denver, Colorado

Trip Network, Inc.
Chicago, Illinois

Orbitz, LLC
Chicago, Illinois

Internetwork Publishing Corp.
Chicago, Illinois

priceline.com, Incorporated
Norwalk, Connecticut

Travelweb, LLC
Norwalk, Connecticut

Travelocity.com, LP
Southlake, Texas

Site59.com, LLC
Southlake, Texas

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within three (3) days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within three (3) days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within sixty (60) days of July 15, 2013. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ July 25, 2013 _____.

Signature: _____

Date: ___7/25/13_____

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at 77 W. Wacker, Suite 3500, Chicago, IL 60601

Mark P. Rotatori (HES)

Relationship to Entity/Authority
to Receive Service of Process

Outside Counsel of Hotels.com, L.P.

(Not Applicable if you are the named Defendant or Respondent)

Signature: Mark P. Rotatori (HES)

Date: 7/26/13

* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

DM_US 43763911-1.059735.0249

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIDGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) Court No. 13-CH 16308 |
| EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM), PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**NOTICE AND ACKNOWLEDGMENT OF
RECEIPT OF SUMMONS AND COMPLAINT**

TO:    Expedia, Inc. (WA)
       Bellevue, Washington

       Hotels.com, L.P.
       Dallas, Texas

       Hotwire, Inc.
       San Francisco, California

       Egencia, LLC
       Denver, Colorado

Trip Network, Inc.
Chicago, Illinois

Orbitz, LLC
Chicago, Illinois

Internetwork Publishing Corp.
Chicago, Illinois

priceline.com, Incorporated
Norwalk, Connecticut

Travelweb, LLC
Norwalk, Connecticut

Travelocity.com, LP
Southlake, Texas

Site59.com, LLC
Southlake, Texas

The enclosed summons and complaint are served pursuant to section 2–213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within three (3) days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within three (3) days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within sixty (60) days of July 15, 2013. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ July 25, 2013 _____.

Signature: _____

Date: __7/25/13_____

ACKNOWLEDGMENT OF RECEIPT OF
SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the
complaint in the above-captioned matter at _77 W. Wacker, Suite 3500, Chicago, IL_
_60601_

_Mark. P. Rotatori (MES)_

**Relationship to Entity/Authority
to Receive Service of Process**

_Outside Counsel of Hotwire, Inc._

(Not Applicable if you are the named Defendant or Respondent)

Signature: _Mark P. Rotatori (MES)_

Date: _7/26/13_

* (To be completed by the person sending the notice.) Date for return of waiver must be at least
30 days from the date on which the request is sent, or 60 days if the defendant is addressed
outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at
least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed
outside the United States.

DM_US 43763911-1.059735.0249

EX. B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VILLAGE OF BEDFORD PARK, CITY OF WARRENVILLE, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, VILLAGE OF WILLOWBROOK, VILLAGE OF ARLINGTON HEIGHTS, VILLAGE OF BURR RIDGE, CITY OF DES PLAINES, VILLAGE OF LOMBARD, VILLAGE OF ORLAND PARK, VILLAGE OF TINLEY PARK, and VILLAGE OF SCHAUMBURG, individually and on behalf of others similarly situated, | No.: 2013CH16308 |
| Plaintiffs, | |
| v. | |
| EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTWIRE, INC., EGENCIA, LLC, TRIP NETWORK, INC., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a/ LODGING.COM), PRICELINE.COM, INCORPORATED, TRAVELWEB, LLC, TRAVELOCITY.COM, LP, SITE59.COM, LLC, and DOES 1 THROUGH 1000, INCLUSIVE, | |
| Defendants. | |

## NOTICE OF FILING JOINT NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

TO:  Thomas K. Prindable
     Michael S. Krzak
     CLIFFORD LAW OFFICES, P.C.
     120 N. LaSalle Street, Suite 3100
     Chicago, IL 60605
     Phone: (312) 899-9090
     Facsimile: (312) 251-1150
     tkp@cliffordlaw.com
     msk@cliffordlaw.com

Donald J. Storino
Richard J. Ramello
STORINO RAMELLO & DURKIN
9501 W. Devon Ave.
8th Floor
Rosemont, IL 60018
Phone: (847) 318-9500
Facsimile: (847) 318-9509
dstorino@srd-law.com

Paul A. O'Grady
Dominick L. Lanzito
PETERSON, JOHNSON &   MURRAY CHICAGO, LLC
233 South Wacker Dr., Floor 84
Chicago, IL, 60606
Phone: (312) 782-7150
Facsimile: (312) 896-9318
dlanzito@pjmlaw.com
pogrady@pjmlaw.com

John W. Crongeyer
CRONGEYER LAW FIRM
2170 Defoor Hills Rd
Atlanta, GA 30318
Phone: (404) 542-6205
jwc@birdlawgroup.com

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Joint Notice of

Removal of this action to the United States District Court for the Northern District of Illinois,

Eastern Division on August 7, 2013.   A copy of the Joint Notice of Removal is attached as

Exhibit 1.

Dated: August 7, 2013                    Respectfully submitted,

Mark P. Rotatori
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL  60601-1692
Telephone:      (312) 269-4294
Facsimile:      (312) 782-8585

*Attorney for Expedia, Inc. (WA), Hotels.com,
L.P., Egencia, LLC, Hotwire, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, a copy of the foregoing Notice of Filing was served on the following parties via overnight mail properly addressed as follows:

Thomas K. Prindable
Michael S. Krzak
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60605
Phone: (312) 899-9090
Facsimile: (312) 251-1150
tkp@cliffordlaw.com
msk@cliffordlaw.com

Paul A. O'Grady
Dominick L. Lanzito
PETERSON, JOHNSON &  MURRAY
CHICAGO, LLC
233 South Wacker Dr., Floor 84
Chicago, IL, 60606
Phone: (312) 782-7150
Facsimile: (312) 896-9318
dlanzito@pjmlaw.com
pogrady@pjmlaw.com

Donald J. Storino
Richard J. Ramello
STORINO RAMELLO & DURKIN
9501 W. Devon Ave.
8th Floor
Rosemont, IL 60018
Phone: (847) 318-9500
Facsimile: (847) 318-9509
dstorino@srd-law.com

John W. Crongeyer
CRONGEYER LAW FIRM
2170 Defoor Hills Rd
Atlanta, GA 30318
Phone: (404) 542-6205
jwc@birdlawgroup.com

Mark P. Rotatori

*Attorney for Expedia, Inc. (WA), Hotels.com, L.P., Egencia, LLC, Hotwire, Inc.*

EX. C

Docket updated on Bloomberg Law on July 24, 2013 17:28:18

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:05-cv-00840-DRH-DGW

### Fairview Heights v. Orbitz Inc et al

| | |
|---|---|
| Date Filed: | Nov. 28, 2005 |
| Status: | Closed |
| Nature of suit: | 370 Fraud or Truth-In-Lending |
| Assigned to: | Chief Judge David R Herndon |
| Case in other court: | Circuit Court of St. Clair County, IL, 05-L-576 |
| Cause: | 28:1441 Petition for Removal- Fraud |
| Date terminated: | Mar. 30, 2009 |
| Jurisdiction: | Diversity |
| Jury demand: | Both |
| Referred to: | Magistrate Judge Donald G. Wilkerson |
| Related Documents: | Multidistrict Litigation 1756 |

## Parties and Attorneys

**Plaintiff**

**City of Fairview Heights**
individually and on behalf of all others similarly situated

**Attorneys and Firms**

**Brian T. Kreisler**
*Kreisler Law Firm, LLC*
P.O. Box 1353
O'Fallon, IL 62269
(618) 381-5116
Fax: (618) 632-5095
brian@kreislerlawfirm.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Karl P. Barth**
*Lovell, Mitchell et al.*
11542 NE 21st Street
Suite A
Bellevue, WA 98004
(425) 452-9800
Fax: (425) 452-9801
kbarth@lmbllp.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Kevin T. Hoerner**
*Becker, Paulson et al.*
5111 West Main Street

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

Belleville, IL 62226
(618) 235-0020
KTH@bphlaw.com
Generally Admitted
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Paul M. Weiss**
*COMPLEX LITIGATION GROUP LLC*
513 Central Avenue
Suite 300
Highland Park, IL 60035
(847) 433-4500
Fax: (847) 433-2500
paul@complexlitgroup.com
Generally Admitted
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Richard J. Burke , Jr.**
*COMPLEX LITIGATION GROUP LLC*
1010 Market Street
Suite 660
St. Louis, Mo 63101
(314) 880-7000
Fax: (314) 880-7777
richard@complexlitgroup.com
Generally Admitted
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**William J. Harte**
111 West Washington Street
Suite 1100
Chicago, IL 60602
(312) 726-5015
Cook County
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Attorney at Law

**William Sweetnam**
*Freed & Weiss, LLC*
111 West Washington Street
Suite 1331
Chicago, IL 60602
(312) 220-0000
Cook County
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Alvin C. Paulson**
*Becker, Paulson et al.*
5111 West Main Street

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

Bloomberg Law®

Fairview Heights v. Orbitz Inc et al, Docket No. 3:05-cv-00840 (S.D. Ill. Nov 28, 2005), Court Docket

Belleville, IL 62226
(618) 235-0020
acp@bphlaw.com
ATTORNEY TO BE NOTICED
Generally Admitted

**Benjamin A. Schwartzman**
*Lovell, Mitchell et al.*
11542 NE 21st Street
Suite A
Bellevue, WA 98004
(425) 452-9800
Fax: (425) 452-9801

**Bradley M. Lakin**
*SL Chapman LLC*
330 North Fourth Street
Suite 330
St. Louis, MO 63102
(314) 588-9300
Fax: (314) 588-9302
bradl@lakinchapman.com
TERMINATED: 02/27/2007

**Dennis J. Barton , III**
*Barton Law Group*
17600 Chesterfield Airport Road
Suite B7
Chesterfield, MO 63005
(314) 306-4417
Fax: (636) 778-9523
dbarton@bartonlawllc.com
TERMINATED: 02/27/2007

**Robert W. Schmieder , II**
*Parker Law P.C.*
2814 N. Center Street
P.O. Box 365
Maryville, IL 62062
(314) 588-9300
Fax: (314) 588-9302
robs@slchapman.com
TERMINATED: 02/27/2007

**Defendant**
Orbitz Inc
TERMINATED: 04/21/2008

**Attorneys and Firms**
**Elizabeth B. Herrington**
*McDermott, Will et al. - Chicago*
227 West Monroe Street
Suite 4400
Chicago, IL 60606-5096
(312) 984-7546
eherrington@mwe.com
Cook County

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

Fairview Heights v. Orbitz Inc et al, Docket No. 3:05-cv-00840 (S.D. Ill. Nov 28, 2005), Court Docket

LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark J. Altschul**
*McDermott, Will et al. - Chicago*
227 West Monroe Street
Suite 4400
Chicago, IL 60606-5096
(312) 372-2000
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Paul E. Chronis**
*McDermott, Will et al. - Chicago*
227 West Monroe Street
Suite 4400
Chicago, IL 60606-5096
(312) 372-2000
Fax: (312) 984-7700
pchronis@mwe.com
TERMINATED: 01/12/2009
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
*Heyl, Royster et al. - Edwardsville*
105 West Vandalia St., Ste. 100
P.O. Box 467
Edwardsville, IL 62025
(618) 656-4646
rshultz@heylroyster.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Defendant**
Orbitz LLC
TERMINATED: 03/30/2009

Attorneys and Firms

**Elizabeth B. Herrington**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark J. Altschul**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Paul E. Chronis**
(See above for address)
TERMINATED: 01/12/2009
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Defendant**

Attorneys and Firms

**Bloomberg Law**®

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service
View at Bloomberg Law   // PAGE 4

Fairview Heights v. Orbitz Inc et al, Docket No. 3:05-cv-00840 (S.D. Ill. Nov 28, 2005), Court Docket

**Hotels.com LP**
TERMINATED: 03/02/2009

**Deborah S. Sloan**
*Jones Day - Dallas*
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-5027
Fax: (214) 969-5100
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Emmanuel E. Ubinas**
*Jones Day - Dallas*
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-3670
eeubinas@jonesday.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**James P. Karen**
*Jones Day - Dallas*
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 969-5027
Fax: (214) 969-5100
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Russell K. Scott**
*Greensfelder, Hemker & Gale PC - Swansea*
12 Wolf Creek Drive
Suite 100
Swansea, IL 62226
(618) 257-7308
rks@greensfelder.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Tamara Marinkovic**
*Jones Day - Dallas*
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939
Fax: (214) 969-5100
tmarinkovic@jonesday.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark P. Rotatori**
*Jones Day - Chicago*
77 West Wacker Drive
Suite 3500
Chicago, IL 60601
(312) 782-3939

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

Bloomberg Law®

Fairview Heights v. Orbitz Inc et al, Docket No. 3:05-cv-00840 (S.D. Ill. Nov 28, 2005), Court Docket

mprotatori@jonesday.com
ATTORNEY TO BE NOTICED
Generally Admitted

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**

**Hotels.com GP LLC**
TERMINATED: 09/11/2007

**Attorneys and Firms**

**Deborah S. Sloan**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**James P. Karen**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Russell K. Scott**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Tamara Marinkovic**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark P. Rotatori**
(See above for address)
ATTORNEY TO BE NOTICED

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**

**Hotwire Inc**
TERMINATED: 03/02/2009

**Attorneys and Firms**

**Deborah S. Sloan**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Emmanuel E. Ubinas**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**James P. Karen**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Russell K. Scott**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Tamara Marinkovic**

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark P. Rotatori**
(See above for address)
ATTORNEY TO BE NOTICED

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

| | |
|---|---|
| <u>**Defendant**</u> | <u>Attorneys and Firms</u> |
| **Cheap Tickets Inc**<br>TERMINATED: 03/30/2009 | **Elizabeth B. Herrington**<br>(See above for address)<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |

**Mark J. Altschul**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Paul E. Chronis**
(See above for address)
TERMINATED: 01/12/2009
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

| | |
|---|---|
| <u>**Defendant**</u> | <u>Attorneys and Firms</u> |
| **Cendant Travel Distribution Services Group Inc**<br>TERMINATED: 03/30/2009 | **Elizabeth B. Herrington**<br>(See above for address)<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |

**Mark J. Altschul**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Paul E. Chronis**
(See above for address)
TERMINATED: 01/12/2009
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

| | |
|---|---|
| <u>**Defendant**</u> | <u>Attorneys and Firms</u> |
| **Expedia Inc**<br>TERMINATED: 03/02/2009 | **Deborah S. Sloan**<br>(See above for address) |

**Bloomberg Law**®

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Emmanuel E. Ubinas**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**James P. Karen**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Russell K. Scott**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Tamara Marinkovic**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark P. Rotatori**
(See above for address)
ATTORNEY TO BE NOTICED

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**

**Internetwork Publishing Corp**
doing business as: **Lodging.com**
TERMINATED: 03/30/2009
TERMINATED: 03/30/2009

**Attorneys and Firms**

**Elizabeth B. Herrington**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark J. Altschul**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Paul E. Chronis**
(See above for address)
TERMINATED: 01/12/2009
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Defendant**

**Lowest Fare.com Inc**
TERMINATED: 02/12/2009

**Attorneys and Firms**

**Celso M. Gonzalez-Falla**
*Skadden, Arps et al.- Houston*
Suite 6800
Houston, TX 77002
(713) 655-5112

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service
View at Bloomberg Law // PAGE 8

Bloomberg Law®

Fairview Heights v. Orbitz Inc et al, Docket No. 3:05-cv-00840 (S.D. Ill. Nov 28, 2005), Court Docket

Fax: (888) 329-4766
1000 Louisiana
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Darrell J. Hieber**
*Skadden, Arps et al. - Los Angeles*
300 South Grand Avenue
Los Angeles, CA 90071
(213) 687-5000
Fax: (213) 687-5600
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Karen L. Valihura**
*Skadden, Arps et al. - Wilmington*
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000
Fax: (302) 651-3001
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Michael A. Barlow**
*Skadden, Arps et al. - Wilmington*
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
(302) 651-3000
Fax: (302) 651-3001
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Charles L. Joley**
*Joley, Nussbaumer, et al.*
8 East Washington Street
Belleville, IL 62220-2190
(618) 235-2020
Fax: (618) 235-9632
cjoley@ilmoattorneys.com
TERMINATED: 07/02/2007

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**
**Maupintour Holding LLC**
TERMINATED: 04/21/2008

**Attorneys and Firms**

**John D. Pernick**
*Bingham McCutchen - San Francisco*
3 Embarcadero Center
San Francisco, CA 94111
(415) 393-2000
john.pernick@bingham.com

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**

**priceline.com Inc**
TERMINATED: 02/12/2009

**Attorneys and Firms**

**Celso M. Gonzalez-Falla**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Darrell J. Hieber**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Karen L. Valihura**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Michael A. Barlow**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Charles L. Joley**
(See above for address)
TERMINATED: 07/02/2007

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**

**Site 59.com LLC**
TERMINATED: 03/02/2009

**Attorneys and Firms**

**Brian S. Stagner**
*Kelly Hart et al*
201 Main Street
Suite 2500
Fort Worth, TX 76102
(817) 332-2500
Fax: (817) 878-9280
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

**David F. McDowell**
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Stacy Russell**
*Kelly Hart et al*
201 Main Street
Suite 2500
Fort Worth, TX 76102

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

(817) 332-2500
Fax: (817) 878-9280
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

**Troy A. Bozarth**
*HeplerBroom LLC - Edwardsville*
130 North Main Street
P.O. Box 510
Edwardsville, IL 62025
(618) 656-0184
Fax: (618) 656-1364
troy.bozarth@heplerbroom.com
TERMINATED: 07/28/2006
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**

**Travelocity.com Inc**
TERMINATED: 06/12/2008

## Attorneys and Firms

**Brian S. Stagner**
(See above for address)
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

**David F. McDowell**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Stacy Russell**
(See above for address)
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

**Tamara Marinkovic**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Troy A. Bozarth**
(See above for address)
TERMINATED: 07/28/2006
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**

**Travelocity.com LP**
TERMINATED: 03/02/2009

## Attorneys and Firms

**Brian S. Stagner**
(See above for address)

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

**David F. McDowell**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Stacy Russell**
(See above for address)
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

**Troy A. Bozarth**
(See above for address)
TERMINATED: 07/28/2006
LEAD ATTORNEY

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**
**Travelweb LLC**
TERMINATED: 02/12/2009

**Attorneys and Firms**

**Celso M. Gonzalez-Falla**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Darrell J. Hieber**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Karen L. Valihura**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Michael A. Barlow**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Charles L. Joley**
(See above for address)
TERMINATED: 07/02/2007

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

**Defendant**
**Travelnow.com Inc**
TERMINATED: 09/11/2007

**Attorneys and Firms**

**Deborah S. Sloan**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Bloomberg Law®

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

Fairview Heights v. Orbitz Inc et al, Docket No. 3:05-cv-00840 (S.D. Ill. Nov 28, 2005), Court Docket

**James P. Karen**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Russell K. Scott**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Tamara Marinkovic**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Mark P. Rotatori**
(See above for address)
ATTORNEY TO BE NOTICED

**Robert H. Shultz , Jr.**
(See above for address)
ATTORNEY TO BE NOTICED

| | |
|---|---|
| Interested Party | Attorneys and Firms |
| Gail D Mitchell | **Kevin T. Hoerner**<br>*Becker, Paulson et al.*<br>5111 West Main Street<br>Belleville, IL 62226<br>(618) 235-0020<br>KTH@bphlaw.com<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED |
| Interested Party | |
| Gail D Mitchell | |
| Interested Party | Attorneys and Firms |
| Alderman Carol Warner | **Alvin C. Paulson**<br>(See above for address)<br>ATTORNEY TO BE NOTICED<br><br>**Brian T. Kreisler**<br>(See above for address) |
| Interested Party | Attorneys and Firms |
| Alderman Gil Klein | **Alvin C. Paulson**<br>(See above for address)<br>ATTORNEY TO BE NOTICED<br><br>**Brian T. Kreisler**<br>(See above for address) |
| Interested Party | Attorneys and Firms |
| Alderman Scott Rich | **Alvin C. Paulson**<br>(See above for address)<br>ATTORNEY TO BE NOTICED |

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service
View at Bloomberg Law // PAGE 13

Fairview Heights v. Orbitz Inc et al, Docket No. 3:05-cv-00840 (S.D. Ill. Nov 28, 2005), Court Docket

Brian T. Kreisler
(See above for address)

**Interested Party**

Alderman Stephan Rataj

**Attorneys and Firms**

Alvin C. Paulson
(See above for address)
ATTORNEY TO BE NOTICED

Brian T. Kreisler
(See above for address)

**Interested Party**

Alderman Roger L Lowery

**Attorneys and Firms**

Alvin C. Paulson
(See above for address)
ATTORNEY TO BE NOTICED

Brian T. Kreisler
(See above for address)

**Interested Party**

Alderman Norman Miller

**Attorneys and Firms**

Alvin C. Paulson
(See above for address)
ATTORNEY TO BE NOTICED

Brian T. Kreisler
(See above for address)

**Interested Party**

Alderman Lydia Cruez

**Attorneys and Firms**

Alvin C. Paulson
(See above for address)
ATTORNEY TO BE NOTICED

Brian T. Kreisler
(See above for address)

**Interested Party**

Alderman Pat Baeske

**Attorneys and Firms**

Alvin C. Paulson
(See above for address)
ATTORNEY TO BE NOTICED

Brian T. Kreisler
(See above for address)

**Interested Party**

Alderman Speed Allen

**Attorneys and Firms**

Alvin C. Paulson
(See above for address)
ATTORNEY TO BE NOTICED

Brian T. Kreisler
(See above for address)
ATTORNEY TO BE NOTICED

## Docket Proceedings

**Reverse Proceedings**

| Req # | Filed | # | Docket Text |
|-------|-------|---|-------------|
| 1 | Nov. 28, 2005 | 1 | NOTICE OF REMOVAL by Orbitz, Inc., Orbitz LLC, Hotels.com LP, Hotels.com GP LLC, Hotwire Inc, Cheap Tickets Inc, Cendant Travel Distribution Services Group Inc, Expedia Inc, Internetwork Publishing |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G Part 1# 8 Exhibit G Part 2)(Schmieder, Robert) (Entered: 02/21/2006) |
| 57 | Feb. 27, 2006 | 57 | Motion and Order to Appear Pro Hac Vice granting appearance of Attorney Paul E. Chronis for Orbitz Inc and Orbitz LLC., Cheap Tickets, Inc, Cendant Travel Distribution Services Group, Inc. and Internetwork Publishing Corp. $100.00 fee paid,receipt number 300 110260 (trb ) Modified on 2/27/2006 (trb, ). (Entered: 02/27/2006) |
| 58 | Feb. 28, 2006 | 58 | RESPONSE to Motion re 54 MOTION to Remand to State Court filed by Orbitz Inc, Orbitz LLC, Hotels.com LP, Hotels.com GP LLC, Hotwire Inc, Cheap Tickets Inc, Cendant Travel Distribution Services Group Inc, Expedia Inc, Internetwork Publishing Corp, Lowest Fare.com Inc, Maupintour Holding LLC, priceline.com Inc, Site 59.com LLC, Travelocity.com Inc, Travelocity.com LP, Travelweb LLC, Travelnow.com Inc. (Attachments: # 1 # 2 # 3 # 4)(Shultz, Robert) (Entered: 02/28/2006) |
| 59 | Mar. 07, 2006 | 59 | MEMORANDUM in Support re 54 MOTION to Remand to State Court filed by City of Fairview Heights. (Barton, Dennis) (Entered: 03/07/2006) |
| 60 | Mar. 10, 2006 | 60 | NOTICE of Appearance by Kevin T. Hoerner on behalf of City of Fairview Heights (Hoerner, Kevin) (Entered: 03/10/2006) |
| 61 | Mar. 10, 2006 | 61 | REPLY to Response to Motion re 37 MOTION to Dismiss and Memorandum of Law in Support filed by Orbitz Inc, Orbitz LLC, Hotels.com LP, Hotels.com GP LLC, Hotwire Inc, Cheap Tickets Inc, Cendant Travel Distribution Services Group Inc, Expedia Inc, Internetwork Publishing Corp, Lowest Fare.com Inc, Maupintour Holding LLC, priceline.com Inc, Site 59.com LLC, Travelocity.com Inc, Travelocity.com LP, Travelweb LLC, Travelnow.com Inc. (Shultz, Robert) (Entered: 03/10/2006) |
| 62 | Mar. 16, 2006 | 62 | NOTICE by Orbitz Inc, Orbitz LLC, Hotels.com LP, Hotels.com GP LLC, Hotwire Inc, Cheap Tickets Inc, Cendant Travel Distribution Services Group Inc, Expedia Inc, Internetwork Publishing Corp, Lowest Fare.com Inc, Maupintour Holding LLC, priceline.com Inc, Site 59.com LLC, Travelocity.com Inc, Travelocity.com LP, Travelweb LLC, Travelnow.com Inc re 61 Reply to Response to Motion, of Filing (Attachments: # 1)(Shultz, Robert) (Entered: 03/16/2006) |
| 63 | Mar. 20, 2006 | 63 | MOTION for Leave to File Surreply to Doc. 61 by City of Fairview Heights. (Attachments: # 1)(Burke, Richard) (Entered: 03/20/2006) |
| 64 | Mar. 22, 2006 | 64 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 63 Motion for Leave to File filed by City of Fairview Heights,. See attached document for specifics (jmp ) (Entered: 03/22/2006) |
| 65 | July 12, 2006 | 65 | ORDER denying 54 Motion to Remand to State Court, denying 63 Motion for Leave to File, and granting in part and denying in part 37 Motion to Dismiss, denying Defendants' motion as to Count I and granting it as to Counts II, III, and IV. Signed by Judge David R Herndon on 07/12/06. (ads) (Entered: 07/12/2006) |
| 66 | July 26, 2006 | 66 | NOTICE of Appearance by Robert H. Shultz, Jr on behalf of Lowest Fare.com Inc, Maupintour Holding LLC, priceline.com Inc, Site 59.com LLC, Travelocity.com Inc, Travelocity.com LP, Travelweb LLC (Shultz, Robert) (Entered: 07/26/2006) |

© 2013 Bloomberg Finance L.P. All rights reserved. Terms of Service

EX. D

Illinois Municipalities With Hotel Taxes

| No. | Name City/Town/County | Name of Ordinance | Citation |
|-----|------------------------|-------------------|----------|
| 1. | Addison | Hotel-Motel Room Tax | Article X, Sec. 8-50 |
| 2. | Algonquin | Hotel/Motel Tax | Chapter 32 |
| 3. | Alsip | Hotel and Motel Occupancy Tax | Chapter 18, Article V |
| 4. | Antioch | Hotel and Motel Use Tax | 3-1-6 |
| 5. | Aurora | Hotel Occupancy Tax | Article IX, Sec.44-191, et seq. |
| 6. | Beach Park | Hotel or Motel Occupancy Tax | 3.30.180 |
| 7. | Beardstown | Hotel or Motel Tax | Chapter 20, Article VI |
| 8. | Belleville | Hotel and Motel Tax | Article IV, Section 43-4-1, et seq. |
| 9. | Belvidere | Hotel Accommodations Tax | Article VII |
| 10. | Bloomington | Hotel and Motel Use Tax | Article VII, Ch.39 |
| 11. | Braidwood | City Hotel and Motel Accommodations Tax | Chapter 78, Article VI |
| 12. | Burbank | Hotel and Motel Occupancy Tax | Chapter 14, Article IV |
| 13. | Buffalo Grove | Hotel and Motel Use Tax | Title III, Ch. 3.28 |
| 14. | Byron | Municipal Hotel Operators' Occupation Tax | Title 3, Article 3.06 |
| 15. | Cahokia | Hotel and Motel Use Tax | Sec. 32.16 |
| 16. | Calumet City | Hotel Accommodations Tax | Ch. 82, Article V, 82-161 et seq. |
| 17. | Carbondale | Hotel and Motel Use Tax | 7-9-1 |
| 18. | Casey | Hotel/Motel Occupancy Tax | Title 3, Chapter 3.40 |
| 19. | Centralia | Hotel and Motel Tax | Section 23-7 |
| 20. | Champaign | Hotel and motel Privilege Tax | Chapter 32, Article VI, Sec.32-81 |
| 21. | Channahon | Hotels and Motels Accommodations Tax | Sec. 37.110 |
| 22. | Charleston | Hotel/Motel Occupancy Tax | Title 4, Chapter 14 |
| 23. | Cherry Valley | Hotel Tax | Chapter 66, Article II |
| 24. | Chicago Heights | Hotel Accommodations Tax | Ch. 39, Article V, Sec. 39-56, et seq. |

| No. | Name City/Town/County | Name of Ordinance | Citation |
|---|---|---|---|
| 25. | Chillicothe | Hotel/Motel Tax | Chapter 86, Article II, Sec.86-31 et seq. |
| 26. | Collinsville | Hotel and Motel Privilege Tax | Chapter 3.18 |
| 27. | Countryside | Countryside Hotel and Motel Tax | 3-13-1 et seq. |
| 28. | Crestwood | Hotel Accommodations Tax | Ch.11, Sec. 111.03 |
| 29. | Danville | Hotel and Motel Room Tax | Sec.116.36 |
| 30. | Decatur | Hotel Use Tax | Consolidated Ordinance No. 81-24, 90-37, 2002-63, 2007-53 and 2009-07 |
| 31. | DeKalb | Hotel-Motel Tax | Ch.55 |
| 32. | Downers Grove | Hotel Use Tax | Ch.21, Sec. 21.600 |
| 33. | East Moline | Hotel Accommodation Tax | Ch.8, Sec.3-8-6 |
| 34. | East Peoria | Hotel/Motel Tax | 3-27-1 |
| 35. | Edwardsville | Municipal Hotel/Motel Tax | Article XII, Sec. 106-320, et seq. |
| 36. | Effingham | Hotel/Motel Tax | Chapter 23, Article VII |
| 37. | Elgin | Tax Upon the Use and Privilege of Renting a Hotel or Motel Room | Article XVI, Sec.28-1601, et seq, |
| 38. | Elmhurst | Municipal Hotel Tax | 37.05 |
| 39. | Evanston | Hotel-Motel Tax | Ch 2, Sec. 3-2-4, et seq. |
| 40. | Fairview Heights | Hotel Tax | Ch.36, Article II, Sec.36-2-2 |
| 41. | Fox Lake | Hotel and Motel Room Use Tax | Ch.3, Sec. 3-2A-6 |
| 42. | Frankfort | Hotel/Motel Accommodations Tax | Title 3 , Ch.33, Sec. 33.40 et seq. |
| 43. | Galesburg | Hotel or Motel Occupancy Tax | Article II, Sec. 27-31. |
| 44. | Geneva | Municipal Hotel Operators' Occupation Tax | Title 1, Chapter 9, Article B |
| 45. | Gilman | Hotel or Motel Occupation Tax | Title 5, Chapter 5.16 |
| 46. | Glen Carbon | Hotel/Motel Tax | 1-9-4 |

| No. | Name City/Town/County | Name of Ordinance | Citation |
|---|---|---|---|
| 47. | Glendale Heights | Hotel and Motel Tax | Title 3, Chapter 2, Article F |
| 48. | Glenview | Hotel and Motel Tax | Chapter 70, Article III |
| 49. | Godfrey | Hotel Gross Receipts Rentals Tax | Chapter 66, Article II |
| 50. | Granite City | Hotel and Motel Privilege Tax | Title 3, Chapter 3.104 |
| 51. | Grayslake | Hotel Room Rental Tax | Title 3, Chapter 3.32 |
| 52. | Gurnee | Hotel or Motel Occupancy Tax | Ch. 74, Sec. 74-151. |
| 53. | Hampshire | Hotel Tax | Ch. 4. Article X, Sec. 4-10-1 et seq. |
| 54. | Hanover Park | Hotel Motel Use Tax | Ch.94, Article XIII, Sec.94-201 et seq. |
| 55. | Highland | Hotel and Motel Tax | Chapter 70, Article II |
| 56. | Hillside | Hotel and Motel Tax | Article XI, Sec. 82-321, et seq. |
| 57. | Hoffman Estates | Hotel Tax | Ch. 13, Article 4, Sec.13-4-1 |
| 58. | Jackson County | Hotel Tax | Ordinance 2000-2 |
| 59. | Jacksonville | Hotel and Motel Tax | Chapter 27, Article VII |
| 60. | Johnson County | TAX ON THE USE AND PRIVILEGE OF RENTING A HOTEL OR MOTEL ROOM | Ordinance 1991-2 |
| 61. | Joliet | City of Joliet Hotel and Motel Accommodations Tax. | Chapter 28, Article VII, Sec.28-80 et seq. |
| 62. | Kankakee County | Hotel and Motel Operators' Occupancy Tax | Part I, Chapter 50, Article III |
| 63. | Lake Barrington | Hotel and Motel Occupancy Tax | Title 2, Chapter 8, Sec. 2-8-1, et seq. |
| 64. | Lake Bluff | Home Rule Hotel Tax | Ch. 8, Article H, Sec. 1-8H-1, et seq. |
| 65. | Lake Zurich | Hotel Tax | ORDINANCE NO. 2003-10-252 |
| 66. | LaSalle | Hotel/Motel Renting Tax | Title III, Sec. 34.48 |
| 67. | Lansing | Hotel/Motel Accommodation Tax | Part I, Chapter 16, Article VIII, Division 3 |
| 68. | Libertyville | Hotel or Motel Use Tax | Article X, Sec. 13-260, et seq. |
| 69. | Lincolnshire | Hotel and Motel Room | Title 3, Ch. 1, 3-1-4 |

| No. | Name City/Town/County | Name of Ordinance | Citation |
|---|---|---|---|
| | | Tax | |
| 70. | Loves Park | Municipal Hotel Operator's Tax | Chapter 82, Article VII |
| 71. | Lynwood | Hotel Accommodations Tax | Ch. 98, Article VIII, Sec. 98-192 et seq. |
| 72. | Markham | Motel and Hotel Accommodations Tax | Chp.36, Section 36.080 |
| 73. | Marshall | Hotel Operators' Occupation Tax | Chapter 78, Article VI |
| 74. | Maryville | Hotel-Motel Tax | Sec. 35.03 |
| 75. | Mascoutah | Motel Tax | Article IV, Sec. 36-4-1 |
| 76. | McHenry | Hotel/Motel Tax | Chapter 23, Article I |
| 77. | Metropolis | Hotel and Motel Use Tax | 35.45 |
| 78. | Moline | Hotel-Motel Taxes | Article I, Sec. 31-1100 |
| 79. | Monmouth | Hotel or Motel Occupancy Tax | Title XI, Chapter 122 |
| 80. | Montgomery | Municipal Hotel Tax | Chapter 18, Article V |
| 81. | Monticello | Hotel/Motel Tax | 34.08 |
| 82. | Morris | Hotel Operators' Occupation Tax | Title 3, Chapter 3.17 |
| 83. | Morton | Hotel or Motel Room Renting Tax | Ch 22 |
| 84. | Morton Grove | Hotel Motel Tax | 4-17B |
| 85. | Mundelein | Hotel Occupation Tax | Title 3, Ch.3.44 |
| 86. | Naperville | Hotel and Motel Use Tax | Title 3, Ch. 10, Sec. 3-10-1 |
| 87. | New Lenox | Hotel and Motel Accommodations Tax | Chapter 82, Article II |
| 88. | Niles | Use and Privilege Tax | Chapter 22, Article IX, Division 2 |
| 89. | Normal | Tax Upon the Use and Privilege of Renting a Hotel or Motel Room | Chapter 25, Division 7 |
| 90. | Northlake | Hotel/Motel Operator's Occupation Tax | 3-2-7 |
| 91. | O'Fallon | Hotel/Motel Room Tax | Sections 35.35 to 35.41 |
| 92. | Oak Brook | Municipal Hotel Tax | Title 5, Chapter 5 |
| 93. | Oak Lawn | Hotel and Motel Occupancy Tax | 3-2-6 |

| No. | Name City/Town/County | Name of Ordinance | Citation |
|---|---|---|---|
| 94. | Oak Park | Hotel/Motel Tax | Chapter 23A, Article 4 |
| 95. | Orland Hills | Hotel Accommodations Tax | Sections 33.065 to 33.073 |
| 96. | Palatine | Hotel and Motel Occupancy Tax | Chapter 17, Article III |
| 97. | Park Forest | Hotel Accommodations Tax | Chapter 98, Article VI |
| 98. | Park Ridge | Hotel Tax | Article 2, Chapter 17 |
| 99. | Pekin | Hotel/Motel Use Tax | 3-2-6 |
| 100. | Peoria | Hotel or Motel Room Rental or Privilege Tax | Chapter 27, Article VII |
| 101. | Peru | Hotel or Motel Room Rental Tax | Chapter 102, Article II |
| 102. | Plainfield | Hotel and Motel Accommodations Tax | Chapter 7.7, Article III |
| 103. | Princeton | Hotel/Motel Tax | Sec. 6-26 to 6-33 |
| 104. | Quincy | Hotel Operators Tax | Chapter 17, Article II |
| 105. | Rantoul | Hotel and Motel Use Tax | Chapter 34, Article VI |
| 106. | Richton Park | Hotel Accommodations Tax | Part 8, Title 4, Chapter 886 |
| 107. | Riverwoods | Hotel and Motel Tax | 3-1-7 |
| 108. | Rock island | Hotel-Motel Tax | Chapter 15, Article IV |
| 109. | Rosemont | An Ordinance Establishing a Tax Upon the Use and Privilege of Renting a Hotel or Motel Room Within the Village of Rosemont | Ordinances 72-2-16B and 2003-12-3D |
| 110. | Schaumburg | Hotel and Motel Tax | Title 3, Chapter 36 |
| 111. | Schiller Park | Hotel-Motel Tax | Sections 36.070 to 36.077 |
| 112. | Shiloh | Hotel/Motel Tax | Title XI, Chapter 113 |
| 113. | Shorewood | Hotel and Motel Accommodations Tax | 3-2-2 |
| 114. | Skokie | Hotel-Motel Tax | Chapter 98, Article V |
| 115. | South Elgin | Hotel and Motel Occupancy Tax | Title III, Ch. 37, Sec.37.30 et seq. |
| 116. | South Holland | Motel and Hotel Room Tax Ordinance | Ch. 18, Article II, Sec. 18-16 |

| No. | Name City/Town/County | Name of Ordinance | Citation |
|---|---|---|---|
| 117. | Springfield | Hotel and Motel Room Tax | Title IX, Ch. 100, Article IV, 100.25 |
| 118. | St. Clair County | Hotel Tax | Ch. 36, Article III, 36-3-1 |
| 119. | Sycamore | Hotel/Motel Tax | Title 3, Chapter 12 |
| 120. | Tinley Park | Hotel Accommodations Tax | Ch. 129A |
| 121. | Urbana | Hotel/Motel Use Tax | Ch. 22, Article V, Sec. 22-60, et seq. |
| 122. | Vermillion County | Hotel Revenue Tax | Ordinance 03-0202 |
| 123. | Vernon Hills | Hotel or Motel Occupancy Tax | Ch. 21, Article VI, 21-139 |
| 124. | Washington | Motel Tax | Title XI, Ch.117 |
| 125. | Waterloo | Hotel Tax | Ch.36 , 36-4-1 |
| 126. | Waukegan | Hotel or Motel Occupancy Tax | Ch. 20, Article IV, Sec. 20-76 |
| 127. | Westchester | Hotel and Motel Occupancy Tax | Title 3, Ch.3.28 |
| 128. | Wheaton | Hotel and Motel Use Tax | Ch. 66, Article 6, Sec. 66-146 et seq. |
| 129. | Wheeling | Hotel Operators Occupation Tax | Title 4, Ch. 4.09 |
| 130. | Winthrop Harbor | Hotel or Motel Occupancy Tax | Ch. 19, Sec. 99.01 et seq. |
| 131. | Worth | Hotel Accommodation Tax | Title 3, Ch.2, Sec.3-2-4, et seq. |
| 132. | Zion | Hotel or Motel Occupancy Tax | Ch. 86, Title VI, 8-131 |

EX. E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CITY OF BEDFORD PARK, et al.,** individually and on behalf of others similarly situated, <br><br>     **Plaintiffs,** <br><br>     **v.** <br><br> **EXPEDIA, INC. (WA), HOTELS.COM, L.P., HOTWIRE, INC., EGENCIA, LLC, ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a/ LODGING.COM), PRICELINE.COM INCORPORATED; TRAVELWEB LLC; TRAVELOCITY.COM, L.P., SITE 59.COM, LLC, DOES 1 THROUGH 1000, INCLUSIVE,** <br><br>     **Defendants.** | Civil Action No. _____ |

**DECLARATION OF JOSEPH SELSAVAGE IN SUPPORT OF DEFENDANTS'
NOTICE OF REMOVAL**

I, Joseph Selsavage, declare as follows:

1. I am more than 18 years old and I am personally familiar with Howire, Inc.'s ("Hotwire's") business. The facts stated in this declaration are based on my personal knowledge. If called upon to testify as a witness in this case, I could and would competently testify as follows.

2. I am the Vice President and Chief Financial Officer at Hotwire, Inc ("Hotwire"). In my positions at Hotwire, I have been closely involved in, among many other things, the business practices of facilitating hotel room reservations between hotels and customers. As such, I am familiar with and have personal knowledge of the municipalities in Illinois

that contain hotels where Hotwire has facilitated reservations for its customers. (*See* Ex. B.)

3.     Hotwire has facilitated reservations for hotels in well over 100 municipalities in Illinois for which Hotwire customers were charged, among other fees, tax recovery charges. To the best of my knowledge, some portion of those tax recovery charges were later remitted to the municipalities by hotels. (A portion of the tax recovery charge was likely submitted to other taxing authorities, such as the State of Illinois.)

4.     Accordingly, I in good faith believe that the proposed class in this case, which consists of "[a]ll Illinois municipalities that have enacted and collect a tax on the percentage of the retail rate that each consumer occupant pays for lodging," exceeds 100 members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of July, 2013.

Joseph Selsavage

EX. F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **CITY OF BEDFORD PARK, et al.,** individually and on behalf of others similarly situated, <br><br>         **Plaintiffs,** <br><br>     **v.** <br><br> **EXPEDIA, INC. (WA), HOTELS.COM, L.P., HOTWIRE, INC., EGENCIA, LLC, ORBITZ, LLC, INTERNETWORK PUBLISHING CORP. (d/b/a/ LODGING.COM), PRICELINE.COM INCORPORATED; TRAVELWEB LLC; TRAVELOCITY.COM, L.P., SITE 59.COM, LLC, DOES 1 THROUGH 1000, INCLUSIVE,** <br><br>         **Defendants.** | Civil Action No. _____ |

## DECLARATION OF KENNETH SERWIN IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF REMOVAL

I, Kenneth Serwin, declare as follows:

1.     My name is Kenneth Serwin. I am over 21 years of age. The facts stated in this Declaration are based on my personal knowledge. If called upon to testify, I could competently testify to such facts. My current *curriculum vitae* is attached as Appendix A to this Declaration.

2.     I am the director of Berkeley Research Group. I hold a PhD in Economics from the University of California in Los Angeles, among other degrees.

3.     I have been a retained economic expert in numerous litigation matters, including over 15 tax disputes involving and on behalf of online travel companies. In the course of that work on behalf of the online travel companies, I have reviewed and evaluated a variety of

calculations of alleged damages from taxing authorities and/or experts retained by those taxing authorities. For example, in a similar lawsuit filed by the City of Chicago, I evaluated the City's damages claim, which was more than $5 million.

    4.    Defendant online travel companies Expedia, Inc., Hotels.com, L.P., Hotwire, Inc., Egencia, LLC, Trip Network, Inc., Internetwork Publishing Corp. (d/b/a Lodging.com), Orbitz, LLC, priceline.com, Incorporated, Site59.com, LLC, Travelocity.com L.P., TravelNow.com, Inc. and Travelweb LLC (collectively, the "OTCs") have requested that I review merchant model hotel transaction data from the state of Illinois for certain defendants to determine the amount of tax on markup and fees, penalties, and prejudgment interest that plaintiffs' complaint indicates they are seeking in this lawsuit. As part of that assignment, I have been given, and have reviewed, the plaintiffs' complaint.[1]

    5.    I have reviewed transaction data for each of the OTCs (except Lodging.com and TravelWeb LLC) for merchant model hotel reservations across the entire State of Illinois.

    6.    From this transaction data, I calculated the alleged tax on markup and fees, penalty (if applicable), and prejudgment interest (if applicable) for each of the following municipalities: Bedford Park, the City of Warrenville, the City of Oakbrook Terrace, the Village of Oak Lawn, the Village of Orland Hills, the City of Rockford, the Village of Willowbrook, the Village of Arlington Heights, the Village of Burr Ridge, the City of Des Plaines, the Village of Lombard, the Village of Orland Park, the Village of Tinley Park, and the Village of Schaumberg (collectively, the "Named Plaintiffs").

---

[1] I was not asked to render an opinion, nor do I intend to offer an opinion regarding whether any taxes are due and owed under the tax ordinances in question. Instead, I was asked to assume, for the limited purpose of this analysis only that local occupancy taxes (and prejudgment interest and penalties, as applicable) are due on the markup and fees the OTCs earn for their online services.

7.      For purposes of calculating the tax on markup and fees, I assumed the tax rates specified in the class action complaint.[2] For purposes of calculating the penalties and prejudgment interest, I was asked to assume the penalty and interest rates set forth in Exhibit 1.  I have calculated penalties and interest through July 31, 2013.[3]

8.      Based on the above-referenced assumptions, I conclude that the aggregate OTC tax on markup and fees, penalty, and prejudgment interest amounts calculated in accord with the methodology set forth in the complaint for the Named Plaintiffs alone exceeds $4.5 million. This figure does not include any sums from Lodging.com or TravelWeb LLC, whose data I have not had the opportunity to review and/or add to the aggregate amounts.

9.      I was also asked to calculate the proportion of reservations facilitated at hotels in the Named Plaintiffs' jurisdictions relative to the total number of reservations facilitated at hotels across the State of Illinois (excluding the City of Chicago, the Village of Rosemont, and the City of Fairview Heights, all of whom have already litigated or are litigating related claims).  To do this, I counted the total number of reservations facilitated within the Named Plaintiffs' jurisdictions, and divided that number by the total number of reservations facilitated within the State of Illinois (excluding Chicago, Rosemont, and Fairview Heights).  From this calculation, I conclude that reservations at hotels in the Named Plaintiffs' jurisdiction represent only 27% of the total reservations facilitated at hotels in Illinois (excluding Chicago, Rosemont, and Fairview Heights).

---

[2] Specifically, I referred to Section 4, paragraphs 38-52 of the class action complaint, for the applicable tax rates. For the Village of Burr Ridge, per the ordinance, I did not calculate tax, penalty, or prejudgment interest for reservations occurring prior to May 1, 2003.

[3] All of the tax rates, prejudgment interest rates, and penalty rates that I used in my calculations were provided to me by counsel for the OTCs and I was asked to assume, for these calculations only, that these are the applicable rates.  I understand from counsel for the OTCs that these are the current rates potentially applicable to each Named Plaintiff.  It is possible that other tax, prejudgment interest, or penalty rates for certain time periods (prior to the current year) may be more appropriate for final damages calculations.  I reserve the right to use any other appropriate rates in a final calculation.

10.     Based upon (1) the aggregate tax on markup and fees, penalty, and prejudgment interest that I calculated and referenced in paragraph 8, and (2) the percentage of total reservations facilitated at hotels in Illinois (excluding Chicago, Fairview Heights, and Rosemont) represented by the reservations facilitated at hotels in the Named Plaintiffs' jurisdictions that I calculated and referenced in paragraph 9, and (3) assuming that other jurisdictions within the State of Illinois that are putative class members impose hotel occupancy tax on markup and fees (and penalty and prejudgment interest, if applicable), I conclude that it is plausible (and indeed all but certain) that the total amount that the putative class members claim, if calculated in the manner set forth in the complaint, exceeds $5 million.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2013.

KENNETH SERWIN

## EXHIBIT 1

### ASSUMED INTEREST AND PENALTY RATES FOR NAMED PLAINTIFFS

| Jurisdiction | Interest | Penalty |
|---|---|---|
| Arlington Heights | 1% per month | 10% of the tax and interest due |
| Bedford Park | n/a | 1.5% per month |
| Burr Ridge | 1% per month | 10% of the tax and interest due |
| Des Plaines | n/a | 1% per month |
| Lombard | n/a | 1.5% per month |
| Oak Lawn | 1% per month | 10% of the tax and interest due |
| Oakbrook Terrace | n/a | n/a |
| Orland Hills | n/a | 2% per month |
| Orland Park | n/a | 2% per month |
| Rockford | n/a | n/a |
| Schaumburg | 1% per month | 25% flat |
| Tinley Park | 1.5% per month | n/a |
| Warrenville | n/a | 1.5% per month |
| Willowbrook | 6% annual | 25% flat |

# Appendix A



**Curriculum Vitae**

KENNETH SERWIN
BERKELEY RESEARCH GROUP, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608
Direct: (510) 285-3249
kserwin@brg-expert.com

**BIO/SUMMARY**

Dr. Serwin provides expertise in intellectual property, financial economics, and other complex commercial litigation. He specializes in issues related to the determination and quantification of damages in such matters. He assists clients in a broad range of industries including online commerce (particularly in the areas of entertainment and travel), electronics and computing, finance and investment, pharmaceutical and biotechnology, automotive, and telecommunications. Dr. Serwin has provided expert testimony in both federal and state courts, as well as in alternative dispute resolution proceedings. He has provided economic and financial analysis in matters involving patent, trademark and copyright infringement, theft of trade secrets, antitrust, securities, transfer pricing, and other complex commercial damages. He has also performed business and patent valuations and facilitated patent licensing negotiations. He frequently lectures on matters relating to intellectual property, including patent reform, lost profits and reasonable royalty determinations, and patent valuation.

**EDUCATION**

Ph.D., Economics, University of California, Los Angeles, 1997

M.Sc., Politics of the World Economy, London School of Economics, 1985

B.A., Economics, University of California, Berkeley, 1984

**PRESENT POSITION**

Berkeley Research Group, Emeryville, CA
Director, Currently

**OTHER POSITIONS HELD**

LECG, Emeryville, CA
Director, April 2007 to April 2010

NERA Economic Consulting, San Francisco, CA
Vice President, 2005 to April 2007
Senior Consultant, 2003–2005

Intecap, Inc.



Director, 1999–2000 and 2001–2003

AES Consulting
Senior Managing Economist, 2000–2001

A.T. Kearney
Associate, 1997–1999

Susquehanna International Group
Options Market Maker, Chicago Mercantile Exchange, 1988–1990

Trans Pacific Advertising
Marketing Manager, 1985–1986

**TEACHING EXPERIENCE**

San Francisco State University, Adjunct Lecturer, 1997

University of Southern California, Adjunct Lecturer, 1993

University of California, Los Angeles, Graduate Student Lecturer, 1993–1994

**ACTIVITIES AND HONORS**

Ford Foundation Fellowship, UCLA Social Sciences Consortium, 1993

PhD Fellowship, UCLA Economics Department, 1991

**PRESENTATIONS, PUBLICATIONS, AND WORKING PAPERS**
*Presentations*
"Tax Holiday on Repatriated Foreign Earnings: Shareholder Driven Fiscal Stimulus,"
presentation to the Financial Institutions Committee Meeting, Business Law Section, State
Bar of California. December 13, 2011.

"An Economic Evaluation of Patent Reform Proposals," Faculty presentation at Law
Seminars International—Managing Patent Prosecution and Litigation, San Francisco,
California, August 2007.

"Assertive Licensing and 'Patent Trolls': Some Economic Considerations," Faculty
Presentation at the *National Forum on Advanced Software Law and Practice: Cutting Edge
Strategies for Corporate Counsel*, San Francisco, CA, November 4, 2005.

"Valuation of Patents in the Litigation Context," Faculty presentation at the Practicing Law
Institute's Patent & High Technology Licensing 2005 seminar in San Francisco, CA, June
29, 2005.

"The Economics of Patent Infringement Damages: Rigorous Techniques and Lessons to be
Learned From Transfer Pricing," Faculty presentation at *29th Annual Intellectual Property
Law Institute of the California Bar Association*, Anaheim, California, November, 2004.

"The Economics of Patent Infringement Damages: Establishing Reasonable Royalty
Benchmarks," Faculty presentation at *Law Seminars International—A Comprehensive*



*Workshop on Calculating and Proving Patent Damages: Recent Developments and New Tools for Success*, Seattle, Washington, November 2004.

"The Economics of Patent Infringement Damages: Establishing Reasonable Royalty Benchmarks," Faculty presentation at *Law Seminars International—A Comprehensive Workshop on Calculating and Proving Patent Damages: Recent Developments and New Tools for Success*, Denver, Colorado, September 2004.

"Valuation of Intellectual Property in the Litigation Context," Faculty presentation at *IP Society Seminar – Advanced Topics in IP Valuation and Analysis*, Palo Alto, California, July 2004.

"The Economics of Patent Infringement Damages: Accepted Methods in Light of Recent Cases," Faculty presentation at *Law Seminars International—A Comprehensive Workshop on Calculating and Proving Patent Damages: Recent Developments and New Tools for Success*, San Francisco, California, July 2004.

"The Economics: Why *Grain Processing* is sensible," Faculty presentation at *Law Seminars International—A Comprehensive Workshop on Calculating and Proving Patent Damages: Recent Developments and New Tools for Success*, San Diego, California, January 2004.

### Publications and Working Papers
"The Benefits for the U.S. Economy of a Temporary Tax Reduction on the Repatriation of Foreign Subsidiary Earnings," (with Laura D'Andrea Tyson and Eric J. Drabkin), BRG Working Paper, Fall 2011.

"Don't feed the Trolls," (with Greg Leonard, John Johnson and Christine Meyer), *Les Nouvelles*, September 2007. Licensing Executives Society "Article of the Month," December 2008.

"US Distribution Alliance Strategy of Japanese Manufacturing Firms: The Role of Keiretsu," *Journal of Japanese and International Economics*, June 2000, with Mariko Sakibara.

"The Political Economy of Aggregate Budget Constraints or The A,B,Cs of Industrial Restructuring in Russia," in The University of Western Ontario, Papers in Political Economy, May, 1996, with Christof Ruhl and Mikal Kejak.

### TESTIMONY
*Tessera, Inc. v. Sony Corporation*, United States District Court Northern District of California San Jose Division, Deposition, May 31, 2103; Expert Rebuttal Report April 5, 2013; Supplemental Expert Rebuttal Report May 28, 2013.

*Global Traffic Technologies LLC, v. Emtrac Systems, Inc. et. al.,* United States District Court For the District of Minnesota, Deposition, November 15, 2012.

*Hallmark Cards Incorporated v. Monitor Clipper Partners LLC, et. al.,* United States District Court For the Western District of Missouri Western Division, Trial, November 8, 2012; Deposition, May 23, 2012.



*City of Rome, Georgia, et. al., vs. Hotels.com, L.P., et. al.,* United States District Court For the Northern District of Georgia Rome Division, Deposition, March 14, 2012.

*Consumerinfo.com v. One Technologies and Adaptive Marketing,* United States District Court Central District of California, Western Division. Trial Testimony, January 4, 2011. Deposition, October 20, 2010.

*City of Chicago, Illinois v. Hotels.com, LLP. et al.,* Circuit Court of Cook County, Illinois. Deposition Testimony, September 15, 2010.

*2KDirect, Inc. v. Azoogleads US; et. al.,* United States District Court Central District of California. Deposition Testimony, March 31, 2010.

*Square D Company. v. Pioneer Breakers and Control Supply Company; et. al.,* United States District Court Western District of Texas Austin Division. Deposition Testimony, December 29, 2009.

*Arnesha Garner, on behalf of herself and all others similarly situated v. State Farm Mutual Automobile Insurance Company, et al.,* United States District Court Northern District of California, Deposition Testimony, September 16, 2009.

*Flying Disc et al. v. Baker Funds,* Superior Court of The State of California In and For The County of San Francisco, Trial Testimony, April 20, 2009; Deposition Testimony, February 19, 2009.

*City of Anaheim, California v. Hotels.com, L.P.; et al.,* City of Anaheim Municipal Hearing. Hearing Testimony, November 20-21 and December 8, 2008.

*QualityBuilt.com v. Jesse Olague, et. al.,* Superior Court of The State of California In and For The County of San Diego. Trial Testimony, November 2008, Deposition Testimony, August 2007.

*Square D Company. v. Breakers Unlimited, Inc. v. PBS Supply, LP; Pioneer Breakers and Control Supply Company,* United States District Court Southern District of Indiana Indianapolis Division. Deposition Testimony, September, 2008.

*Ticketmaster L.L.C. v. Kroenke Sports Enterprises, L.L.C,* United States District Court United States District Court Central District of California. Deposition Testimony, June 2008.

*Lupe Zavala, et. al., v. Takata Corp., et. al.,* Superior Court of The State of California For The County of Los Angeles, Deposition Testimony, May 8, 2008.

*Frederick W. Penney v. CLC, Inc.,* JAMS Arbitration. Arbitration Testimony, Deposition Testimony, April 2008.

*City of San Antonio, Texas, et al. v. Hotels.com, L.P.; et al.,* United States District Court, Western District of Texas, San Antonio Division. Trial Testimony and Deposition Testimony, March/June 2007.



*Hansen Beverage Company d/b/a Monster Beverage Company v. National Beverage Corp., Shasta Beverages, Newbevco, Inc., and Freek'n Beverage Corp.,* United States District Court for the Central District of California, Western Division. Deposition Testimony, May, 2007.

*Portable One, Inc. v. Fujitsu Computer Systems,* American Arbitration Association. Arbitration Testimony, Deposition Testimony, May 2007.

*American Tire Distributors, Inc. v. Blackbeard, Inc.,* Superior Court of The State of California In and For The County of Santa Clara. Deposition Testimony, August 2006.

*Sacramento Container Corporation v. Inland Paperboard and Packaging, Inc.* Superior Court of The State of California In and For The County of Sacramento. Deposition Testimony, June, 2006.

*Moorthy, Riggs & Associates v. Norman McIntosh and NJ Pursuits,* The United States District Court, Northern District of California. Trial Testimony and Deposition Testimony, August 2005-January 2006.

*Jerry Schulman v. LSO, Inc. and Robert McGinley,* Superior Court of The State of California In and For The County of Orange. Trial Testimony, October 7, 2005.

*In the Matter of The Marriage of Nejat,* Superior Court of California in and For The County of Contra Costa. Trial Testimony, July 12, 2005.

*Carpad, Inc. and Steven Saylor v. Brookstone Company, Inc.,*United States District Court for the District of Nevada. Trial Testimony, June 2005.

*Susan C. Batey v. Elliott's Bar, Inc.,* Superior Court of California in and For The County of Contra Costa. Deposition Testimony, June 2005.

*In the Matter of The Marriage of Loran Kaminsky and Kathryn Kaminsky,* Superior Court of California in and For The County of Contra Costa. Trial Testimony, April 12, 2005.

*In the Matter of The Marriage of Rhonda Nash and Cedric Nash,* Superior Court of California in and For The County of Contra Costa. Trial Testimony, March 30, 2005.

*Packaging Aids Corporation v. Ohm Automation, Inc.,* District Court, 48th Judicial District, Tarrant County, Texas. Trial Testimony and Deposition Testimony, April-May 2004.

EX. G

# IN THE UNITED STATES DISTRICT COURT
# FOR UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**THE VILLAGE OF ROSEMONT, ILLINOIS,**

                    **Plaintiff,**

            v.                                    **No. 09 CV 04438**

                                                  **Judge Guzman**

**PRICELINE.COM INCORPORATED;**                   **Magistrate Judge Nan R. Nolan**
**TRAVELWEB LLC; TRAVELOCITY.COM LP;**
**SITES59.COM, LLC; EXPEDIA, INC.;**
**HOTELS.COM, L.P.; and**
**HOTWIRE, INC.,**

                    **Defendants.**

## FINAL JUDGMENT

This Court, by its October 14, 2011, Memorandum Opinion and Order, having granted

Plaintiff's motion for summary judgment on liability, and by its July 31, 2012, Memorandum

Opinion and Order, having granted the parties' cross motions for summary judgment on all

issues relating to damages save Plaintiff's argument that the statute of limitations should be

tolled under the discovery rule; such decisions being limited to the Plaintiff in this case and on

the specific facts before the Court; Plaintiff having waived its claim for tolling under the

discovery rule so long as a 6-year limitations period applies to its damages claims, as provided in

the July 31, 2012 Memorandum Opinion and Order; the parties having stipulated to the amount

of damages in light of these judgments and developments; and with all parties having reserved

their rights to appeal any and all issues underlying the Court's Oct. 14, 2011, and July 31, 2012,

Orders,

**JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff, the Village of Rosemont, and against the Defendants, in the amount of $2,675,700, to be allocated among the Defendants as follows:

PRICELINE.COM INCORPORATED: $676,509;

TRAVELWEB LLC: $43,313;

TRAVELOCITY.COM LP: $194,919;

SITES59.COM, LLC: $9,200;

EXPEDIA, INC.: $762,007;

HOTELS.COM, L.P.: $611,126; and

HOTWIRE, INC.: $378,625.

This amount represents the full amount of judgment, including any costs or attorney's fees that Plaintiff might otherwise be entitled to collect. Plaintiff shall not attempt to execute or collect on this judgment until after all appellate rights have been exhausted by both parties, assuming the final judgment remains standing.

Date: October 12, 2012

_____

Honorable Judge Ronald A. Guzman

EX. H

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF WARRENVILLE, VILLAGE OF BEDFORD PARK, CITY OF OAKBROOK TERRACE, VILLAGE OF OAK LAWN, VILLAGE OF ORLAND HILLS, CITY OF ROCKFORD, and VILLAGE OF WILLOWBROOK, individually and on behalf of others similarly situated, | ) ) ) ) ) ) ) | |
| | ) | File No. _____ |
| Plaintiffs, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| PRICELINE.COM, INCORPORATED, LOWESTFARE.COM, LLC (f.k.a. LOWESTFARE.COM INC.), MAUPINTOUR HOLDING, LLC, TRAVELWEB, LLC, EXPEDIA, INC. (DE), EXPEDIA, INC. (WA), HOTELS.COM, LP, HOTELS.COM GP, LLC, HOTWIRE, INC., TRAVELSCAPE, LLC, EGENCIA, INC., SABRE HOLDINGS CORPORATION, TRAVELOCITY.COM, LLC (f.k.a. TRAVELOCITY.COM, INC.), TRAVELOCITY.COM, LP, SITE59.COM, LLC, DOES 1 THROUGH 1000, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**CLASS ACTION COMPLAINT**

NOW COME Plaintiffs, by and through their undersigned counsel and on behalf of themselves and other similarly situated Illinois municipalities ("Class Members") and complain of Defendants as follows:

**I.**     **PARTIES**

1.     Plaintiff *City of Warrenville, Illinois* ("Warrenville") is a municipality located in DuPage County, Illinois.

2.     Plaintiff *Village of Bedford Park, Illinois* ("Bedford Park") is a municipality

1

located in Cook County, Illinois.

3.        Plaintiff *City of Oakbrook Terrace, Illinois* ("Oakbrook Terrace") is a municipality located in DuPage County, Illinois.

4.        Plaintiff *Village of Oak Lawn, Illinois* ("Oak Lawn") is a municipality located in Cook County, Illinois.

5.        Plaintiff *City of Orland Hills, Illinois* ("Orland Hills) is a municipality located in Cook County, Illinois.

6.        Plaintiff *City of Rockford, Illinois* ("Rockford") is a municipality located in Winnebago County, Illinois.

7.        Plaintiff *Village of Willowbrook, Illinois* ("Willowbrook") is a municipality located in DuPage County, Illinois.

8.        Defendants can be grouped into three distinct groups, as subsidiaries or indirect subsidiaries of either:  A) Priceline; B) Expedia; or D) Travelocity.

        **A.        The Priceline Defendants**

9.        *Defendant priceline.com, Incorporated* ("Priceline") is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

10.        *Defendant Lowestfare.com, LLC* (f.k.a. Lowestfare.com, Incorporated) ("Lowestfare") is a Delaware limited liability company with its principal place of business in Norwalk, Connecticut.  Defendant Lowestfare is a wholly-owned subsidiary of Defendant Priceline.

11.        *Defendant Maupintour Holding, LLC* ("Maupintour") is a Nevada corporation with its principal place of business in Las Vegas, Nevada.  In June 2002, Priceline purchased the trademarks and registered Internet domain names of Lowestfare.com.  Vacation products

previously marketed on the Lowestfare.com site began being sold under the Defendant Maupintour brands at www.maupintour.com.

12. *Defendant Travelweb, LLC* ("Travelweb") is a Delaware limited liability company with its principal place of business in Norwalk, Connecticut. Defendant Travelweb is a wholly-owned subsidiary of Defendant Lowestfare.

**B.    The Expedia Defendants**

13. *Defendant Expedia, Inc. (DE)* ("Expedia (DE)") is a Delaware corporation with its principal place of business in Bellevue, Washington.

14. *Defendant Expedia, Inc. (WA)* ("Expedia (WA)") is a Washington corporation with its principal place of business in Bellevue, Washington. Effective December 9, 2008, Hotels.com, Inc., a Delaware corporation, merged into Expedia (WA). Effective January 1, 2009, TravelNow.com, Inc., a Delaware Corporation, merged into Expedia (WA). Defendant Expedia (DE) is the parent corporation of Defendant Expedia (WA).

15. *Defendant Hotels.com, LP* is a Delaware limited partnership with its principal place of business in Dallas, Texas. Defendant Hotels.com, LP is a wholly-owned subsidiary of Defendant Expedia (WA).

16. *Defendant Hotels.com GP, LLC* is a Texas limited liability company with its principal place of business in Dallas, Texas. Defendant Hotels.com, Gp, LLC is a wholly-owned subsidiary of Defendant Expedia (WA).

17. *Defendant Hotwire. Inc.* ("Hotwire") is a Delaware corporation with its principal place of business in San Francisco, California. Defendant Expedia (DE) is the parent company of Defendant Hotwire.

18. *Defendant Travelscape, LLC* ("Travelscape) is a Nevada limited liability

company with its principal place of business in Las Vegas, Nevada.  Defendant Expedia (DE) is the parent company of Travelscape.

19.     *Defendant Egencia, LLC* ("Egencia") is a Nevada limited liability corporation with its principal place of business in Denver, Colorado.  Defendant Expedia (DE) is the parent company of Egencia.

### C.     The Travelocity Defendants

20.     *Defendant Sabre Holdings Corporation* ("Sabre") is a Delaware Corporation with its principal place of business in Texas.

21.     *Defendant Travelocity*.com, LLC (formerly known as Travelocity.com, Inc.) is a Delaware corporation with its principal place of business in Texas.  Defendant Travelocity.com, LLC is an indirect subsidiary of Sabre Holdings Corporation.

22.     *Defendant Travelocity.com, LP* is a Delaware limited partnership with its principal place of business in Texas.

23.     *Defendant Site59.com LLC* ("Site59.com") is a Delaware limited liability company with its principal place of business in Texas.  Defendant Site59.com is an indirect subsidiary of Sabre Holdings Corporation, a Delaware Corporation.

24.     The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as a DOE are unknown to Plaintiffs at this time and therefore said Defendants are sued by such fictitious names.  Plaintiffs will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe, and allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner (including under the laws of agency) and liable for the events and practices herein alleged and, as such,

proximately caused damages to the Plaintiffs as hereinafter further alleged.

25.     Upon information and belief, some of the Defendants, including some or all DOE defendants, at all times herein mentioned, were acting as the agent, servant and employee of some or all of the other Defendants and within the scope of said agency and employment (collectively the "Agent Defendants").  Upon information and belief, at the time and place of the matters described, each of the Agent Defendants, their agents, servants and/or employees became liable to Plaintiff for one or more of the reasons described herein.

## II.     VENUE AND NATURE OF CLAIMS

26.     All Defendants regularly transact business within the State of Illinois and the claims asserted herein arise from their business conducted within the State of Illinois. Defendants are, thus, subject to the jurisdiction of this Court.

27.     This Court possesses subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

28.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     INTRODUCTION

29.     This action is brought to remedy violations of state law in connection with Defendants' misconduct in the failure to remit taxes to the named Plaintiffs and Class Members. Defendants failed to remit taxes due and owing under similar transient accommodations taxes to the Plaintiffs and Class Members.

## IV.     INTRODUCTION TO PLAINTIFFS' AND THE CLASS MEMBER ORDINANCES

30.     Warrenville levies and imposes a tax "upon all persons engaged in the city in the

business of renting, leasing, or letting rooms in a hotel, at the rate of five percent (5%) of the gross rental receipts from such renting, leasing or letting, excluding, however, from gross rental receipts, the proceeds of such renting, leasing or letting to permanent residents of that hotel" (hereinafter "Warrenville Hotel Operator's Tax"). *See* Warrenville, Illinois City Code ("Warrenville Code") § 3-1-5(B)(1).

31. Bedford Park levies and imposes a tax "in the amount of ten and one-half percent (10.5%) of the one night room charge for the use and privilege of a room at any hotel, motel or other similar lodging facility operating within the corporate geographical limits of the village" (hereinafter "Bedford Park Hotel/Motel Room Tax"). *See* Bedford Park, Illinois Village Code ("Bedford Park Code") § 5-19-1.

32. Oakbrook Terrace levies and imposes a tax "upon the use and privilege of renting, leasing or letting of rooms in a hotel in the city at a rate of 6% of the gross rental receipts from such rental, leasing or letting" (hereinafter "Oakbrook Terrace Hotel-Motel Room Tax"). *See* City of Oakbrook Terrace, Illinois Code of Ordinances ("Oakbrook Terrace Code") Title III, § 35.021.

33. Oak Lawn levies and imposes a tax "upon the use and privilege of being a transient guest or lodger in a "hotel" or "motel", as defined in this section, in the village, a tax equal to eight percent (8%) of the cost or charge on the gross room rental made by the hotel or motel for every twenty four (24) hour period or any fraction thereof" (hereinafter "Oak Lawn Hotel and Motel Occupancy Tax"). *See* Oak Lawn, Illinois Village Code ("Oak Lawn Code") § 3-2-6(B). "HOTEL, MOTEL: Includes every building or structure kept, used, maintained, advertised and held out to the public to be a place where lodging, or lodging and food, or apartments, suites or other accommodations are offered for a consideration of guests in which ten

(10) or more rooms, apartments or suites, or other accommodations are used for the lodging, or lodging and food, for such guests." *Id*. at § 3-2-6(A).

34.     Orland Hills levies and imposes a tax "upon the rental and leasing of any hotel accommodations in the village at the following rates:

| *EFFECTIVE DATE* | *RATE* |
|---|---|
| April 27, 1993 | 2-½% |
| April 27, 1994 | 3% |
| April 27, 1995 | 3-½% |
| *EFFECTIVE DATE* | *RATE* |
| April 27, 1996 | 4% |
| April 27, 1997 | 4-½% |
| April 27, 1998 | 5%" |

(hereinafter "Orland Hills Hotel Accommodations Tax"). *See* Village of Orland Hills, Illinois Code of Ordinances ("Orland Hills Code") Title III, § 33.067.

35.     Rockford levies and imposes a tax "upon all persons engaged in the city in the business of renting, leasing, or letting rooms in a hotel as defined in the hotel operator's occupation tax act (35 ILCS 145/1 et seq.), at a rate of five percent of the gross rental receipt from such renting, leasing or letting of rooms" (hereinafter "Rockford Hotel/Motel Tourism Tax"). *See* Code of Ordinances of the City of Rockford, Illinois ("Rockford Code") Pt. I, § 5-70. According to 35 ILCS 145/2(1) "'[h]otel' means any building or buildings in which the public may, for a consideration, obtain living quarters, sleeping or housekeeping accommodations", including "inns, motels, tourist homes or course, lodging houses, rooming houses and apartment houses."

36.     Willowbrook levies and imposes a tax "at a rate of one percent (1%) of the gross rental receipts "upon all persons engaged in the village in the business of renting, leasing or letting rooms in a hotel on the gross rental receipts from such renting, leasing or letting, excluding, however, from gross rental receipts, the proceeds of such renting, leasing or letting to

permanent residents of that hotel" (hereinafter "Willowbrook Municipal Hotel Tax"). *See* Willowbrook, Illinois City Code ("Willowbrook Code") § 11-3-1.

37.     Class Members similarly levy and collect taxes and on lodging or overnight accommodations.  This tax may be denominated in different ways including, but not limited to, as an occupancy tax, a hotel or motel room tax, a use tax, a privilege tax, a hotel or motel tax, a licensing tax, an accommodations tax, a rental receipts tax, a hotel operator's tax, a hotel operator's occupation tax, or a room rental, lease or letting tax.  These taxes, the Warrenville Hotel Operator's Tax, Bedford Park Hotel/Motel Room Tax, Oakbrook Terrace Hotel-Motel Room Tax, Oak Lawn Hotel and Motel Occupancy Tax, Orland Hills Hotel Accommodations Tax, Rockford Hotel/Motel Tourism Tax, and Willowbrook Municipal Hotel Tax are hereinafter collectively referred to as "Accommodations Tax" or "Accommodations Taxes".  Regardless of how the tax is titled, it is correctly calculated as a percentage of the retail rate that each consumer occupant pays for lodging ("Retail Rate"), including service costs (the "Accommodations Tax Amount").

## V.     COMMON ALLEGATIONS

38.     Defendants are online travel companies and their affiliates or related companies ("OTCs").  Specifically, they are online sellers and/or online resellers of hotel rooms or other accommodations ("Lodging") to the general public (the "Consumers Occupants" or "Consumers").

39.     OTCs, like Defendants, transact business under two models: the "agency model" and the "merchant model."

40.     Under the "agency model" the OTCs act as traditional travel agents, facilitating reservations on behalf of a hotel and passing the reservation on to the hotel. The OTC will

receive a commission as an agent under this model.

41.     Under the "agency model," the transaction is between the hotel and the Consumer.

42.     Accommodations Taxes are calculated and collected by the hotel ("Hotel") on the Retail Rate charged to the Consumer.

43.     The Consumers are the taxpayers, and the hotels are the tax collectors. The agency model is **not** at issue in this Complaint.

44.     More than a dozen years ago, one or more OTCs began a pervasive use of the "merchant model." It is the "merchant model" that is the subject of this Complaint.

45.     The "merchant model" adopted by Defendants is a uniform, nationwide model that operates the same for all OTCs in all jurisdictions, including Illinois.

46.     Under this "merchant model," the Defendants/OTCs are the merchants of record in their transactions with the Consumers.

47.     Under the "merchant model," OTCs enter into contracts with individual Hotels wherein the parties agree on a wholesale price ("Wholesale Rate") for the Hotel rooms and the OTCs acquire the right to display, offer and facilitate reservations of the rooms to the public at a higher retail price ("Retail Rate").

48.     While the Wholesale Rate is negotiated between the Hotels and the OTCs, the OTCs generally have broad discretion in establishing and changing the Retail Rate they charge to customers.

49.     Stated simply, the OTCs profit by contracting with Consumers for Lodging at the Retail Rate, which is higher than the Wholesale Rate paid by the OTCs to Hotels.

50.     When a customer purchases a Hotel reservation through an OTC, the customer is

charged a single amount comprised of: (1) the Retail Rate, which includes (a) the Wholesale Rate" and (b) an amount retained by the Defendant for travel-related services it provided to the traveler (sometimes referred to as the "facilitation fee") and (2) "Taxes & Services," which consists of (a) an estimated amount to cover the state and local occupancy taxes on the Wholesale Rate and (b) additional amounts retained by the OTCs as compensation for its travel services.

51.     Although the OTCs state on their websites that the Retail Rate is a combination of the Wholesale Rate and their facilitation fee, they do not disclose the dollar amount of either.

52.     Therefore, at the end of the OTC transaction, the customer sees only three line items: "Wholesale Rate", "Taxes & Services" and "Total".

53.     The OTC and the customer strike a bargain for the payment of money for access to a Hotel room.

54.     When a customer reserves a Hotel room with an OTC, the OTC verifies with the Hotel that the room is available, charges the customer's credit card and issues a room confirmation to the customer.

55.     The OTCs themselves do not obtain the right to occupy any room at any time during a transaction.

56.     The OTCs charge the customer's credit card for the Retail Rate, which includes fees for their services.

57.     The customer cannot occupy the Hotel room unless he or she pays the fees and mark-ups the OTCs include in the Retail Rate (i.e., the difference between the Wholesale Rate the OTCs pay to the Hotel and the amount they charge to the customer).

58.     The customer does not pay the Hotel anything to get the key to the OTC-booked

room.

59.     No money changes hands between an OTC consumer and the Hotel unless the customer incurs charges for incidental like paring, laundry or food.

60.     Thus, the customer does not pay the Hotel for the room or taxes, but only for incidentals and other non-room related services the customer purchases at the Hotel.

61.     After the customer has completed their stay, the Hotel sends an invoice to the OTC for the Wholesale Rate and the Accommodation Tax based on the Wholesale Rate.

62.     Upon receipt, the OTC pays this amount to the Hotel, and the Hotel remits the taxes to Plaintiffs and the Class Members.

63.     No tax is paid on the difference between the amount charged to the customer and the Wholesale Rate.

64.     The OTC retains whatever it has collected over the amount remitted to the Hotel.

65.     Under the "merchant model," Defendants determine the Retail Rate that the Consumer pays.  Defendants have control over the price they offer to the Consumer and, therefore, control the profit they make from the markup.

66.     The "merchant model" is a prepaid model in which Defendants collect all monies up front from the Consumer at the time the on-line reservation is made and the Consumer's credit card is charged.

67.     Under the "merchant model," the taxable transaction is between the Consumer and the Defendants for the purchase of Lodging.

68.     There is no taxable transaction between the Hotel and the Consumer for the purchase of Lodging.

69.     Under the "merchant model," the only contract or agreement at the time the taxes

at issue are being assessed and collected is between the Defendants and the Consumer.

70.     Defendants sell rooms to Consumers and collect payments, including taxes from the Consumer at the time of booking.  Under the "merchant model," the Defendants have been or are currently controlling Hotels.

71.     Defendants are charging and collecting amounts as Accommodations Taxes and fees from Consumers in the State of Illinois, but are not remitting the Accommodations Tax Amounts to the appropriate Class Members.

72.     Instead, Plaintiffs and the Class Members only receive tax amounts based upon the lower, Wholesale Rate (the "Wholesale Tax Amount").  Each Defendant then retains for its own use and benefit the difference between the correct Accommodations Tax Amount and the incorrect Wholesale Tax Amount (the "Tax Monies Due and Owing").

73.     For example, Expedia negotiates with a Hotel for rooms at the lower Wholesale Rate and pays the Hotel a flat rate for each room sold, for instance $60.00 for a room in Oakbrook Terrace, Illinois.   Under the "merchant model," Expedia then controls the price offered to the Consumer. Expedia then sells the same room to the Consumer for a marked up price, for example $100.  Expedia charges taxes and fees that would approximately cover the taxes owed, which should be based upon the Retail Rate of $100. The amount of tax due in this example is 6% of $100 or $6.00.  *See* Oakbrook Terrace Code Title III, § 35.021.

74.     However, the amount of Accommodations Taxes remitted to Plaintiffs and other Class Members has been based on the lower Wholesale Rate. In this example, Oakbrook Terrace would only receive $3.60 (6% of $60.00), an underpayment of the tax liability by $2.40. Thus, in this single example transaction, Oakbrook Terrace's collected tax would be 40% less than the collected and the proper Accommodations Tax Amount of $6.00.

75.     In this manner, Defendants fail to remit the Accommodations Tax due and owing to Plaintiffs and Class Members.

76.     Upon information and belief, there are also occasions where Defendants unlawfully retain all monies charged to and collected from consumers as revenue without remitting any taxes to Plaintiffs or the Class Members.  Known in the industry as "breakage", the situation arises when a consumer books and prepays a Defendant for a hotel room and all monies (including Accommodations Tax) are collected, but the Defendant never remits any tax monies to the Plaintiff or Class Member.

77.     For example, in a no-show scenario, where a consumer books and prepays directly for the room rental but neither shows up nor timely cancels, the hotel retains the room rate but still remits the applicable Accommodations Tax to the Plaintiff or Class Member.  However, if a consumer books and prepays with an OTC Defendant, and neither shows up nor timely cancels, the OTC Defendant retains all monies paid by the consumer, including the Accommodations Taxes and other taxes charged to and collected from the consumer.  In both of these scenarios the Plaintiff or Class Member is entitled to the full amount of taxes collected from the consumer at the time the transaction occurs, as the Defendants have a duty to remit the taxes regardless of any invoicing irregularities that may occur in a no-show scenario.[1]

78.     Defendants have also failed to properly file required regular, periodic tax returns/reports.  *See* Warrenville, Illinois City Code § 3-1-5(B)(4)(a); Bedford Park Code § 5-19-3; Oakbrook Terrace Code Title III, § 35.023(B); Oak Lawn Code § 3-2-6(E)(3); Orland Hills Code Title III, § 33.070(A); Rockford Code Pt. I, § 5-73(a); Willowbrook Code § 11-3-4 (A).

79.     The Class Members also have similar periodic tax return/reporting requirements.

---

[1] A Texas jury deemed the Defendants' practices illegal, including their "breakage" activities, and awarded more than $20 million in total to Texas local governments.  Penalties and interest will be added to that total.

80.     Defendants are collecting taxes from Consumers but, upon information and belief, not reporting such taxes to Plaintiffs or any Class Members.

81.     As stated, Defendants' business practices include charging Consumers un-itemized taxes and fees on each sale of Lodging.  The Consumer is led to believe Defendants are remitting the correct amount of Accommodations Tax to Plaintiffs.  Defendants, however, are calculating the tax liability of the general public (and Defendants) based upon the Wholesale Rate Defendants paid the Hotel for the room, not upon the Retail Rate that the Consumer paid Defendants.  As a result, the Accommodations Tax liabilities paid by the general public and owed to Plaintiffs are underpaid/unpaid by the Defendants who unlawfully retain the difference. These practices deprive Plaintiffs and the Class the full amounts due and owing to them from each sale of Lodging.

82.     Also, as stated, in addition to failing to properly pay collected taxes, Defendants do not disclose to the general public the amounts being paid for each specific tax and the amounts, if any, being paid separately as "service fees."  Defendants bundle the taxes and "service fees" as a way to keep the Wholesale Rate of the Lodging opaque.

83.     Defendants will not disclose the amount of Accommodations Tax being assessed even if the Consumer asks them.

84.     Defendants require that the Hotels not reveal to the Consumer what Defendants paid for the Lodging.  Likewise, the Hotels do not know what the Consumer paid Defendants for the Lodging.

85.     Only Defendants collect taxes from the Consumer in the "merchant model."  The Consumer is the taxpayer who ultimately pays the taxes.

86.     Under the "merchant model," the Hotels never collect the required

Accommodations Tax from the Consumer.

87.     Under the "merchant model" and contained in the language of the contract between the Defendants and the Hotels, it is Defendants' responsibility to calculate the taxes and collect all monies, including tax monies, from the Consumer at the time of booking.

88.     The only way for the Hotel to pay the correct Accommodations Tax to the Plaintiffs is if Defendants remit the additional tax owed (and which was actually paid by the Consumer to Defendants) to the Class Members.

89.     The Defendants' failure to itemize taxes violates basic principles of tax transparency and further supports Plaintiffs' claims of Defendants' tax liability, and specifically violates express code provisions of many of the Class Members.

90.     Due to the contractual or factual relationship between Defendants and the Hotels, Defendants and the Hotels act on behalf of each other to provide/sell customers Lodging, and are thus agents of one another.  As such, they operate as joint enterprise members and have joint enterprise membership liability.

91.     Defendants have a physical presence in the State of Illinois, including within the Class Member municipalities.  Such presence includes, but is not limited to, providing and/or selling rooms in Hotels, serving as agents for Hotels for purposes of selling or providing rooms in those Hotels and, upon information and belief, by having employees or agents travel to Class Member municipalities within the State of Illinois to negotiate and enter into contracts with Hotels to review and rate those Hotels.

92.     Upon information and belief, the "merchant model" represents a majority of the Defendants' total online bookings.

93.     Defendant Priceline has explained its "merchant model" business practices in

Securities Exchange Commission ("SEC") filings as follows:

> For most of these transactions, we establish the price we will accept, have total discretion in supplier selection, **purchase and take title to the particular product and are the merchant of record**. Consumers agree to hold their offers open for a specified period of time to enable us to fulfill their offers from inventory provided by participating sellers. Once fulfilled, offers generally cannot be canceled.

*See* Priceline Annual Report (Form 10-K) (Mar. 15, 2003) at 29 (emphasis added).

94. Expedia (DE) has similarly described its "merchant model" business practices in public filings as follows:

> Under the merchant model, **we receive inventory** (hotel rooms, airline seats, car rentals, destination services) from suppliers at negotiated rates. **We determine the retail price paid by the customer and we then process the transactions as the merchant of record for the transaction. Acting as a merchant enables us to achieve a higher level of gross profit per transaction** compared to the agency model and allows us to provide better prices to customers compared to agency transactions. Merchant transactions comprised 58% of our total revenues in 2002 and are derived from the difference between what we pay for the inventory and what we charge the customer.

*See* Expedia (DE) Annual Report (Form 10-K) (March 31, 2003) at F-3 (emphasis added).

95. Hotels.com has also identified itself as a "reseller" of hotel rooms obtained from hotels in SEC filings:

> We contract with hotels and other lodging properties in advance for volume

purchases and guaranteed availability of rooms at wholesale prices **and resell these rooms to consumers** through our websites, third-party affiliated websites and our toll-free call centers.

*See* Hotel Reservations Network, Inc. Annual Report (Form 10-K) (Apr. 2, 2001) at 3, 18 (emphasis added).

96.     Likewise, Travelocity.com, Inc. distinguished its purchase and re-sale transactions under the "merchant model" from those where it merely provided a service:

In order to increase it sales of higher margin products, Travelocity's business plan calls for it to increase **merchant model sales** pursuant to which **Travelocity serves as the merchant of record in the transaction rather than as the sales agent**.  In the merchant business, suppliers make inventory, such as airline seats, hotel rooms, car rentals, cruises, and vacation packages, available to Travelocity at wholesale or "net" rates.  The merchant of record then sets the retail price that the customer pays and then processes the transaction.  **The merchant business generally delivers higher revenue per transaction than comparable sales under the agency model, in which Travelocity acts as an agent in the transaction, passing a customer's reservation to the travel supplier and receiving a commission from the supplier for its services.**

*See* Travelocity.com, Inc. Annual Report (Form 10-K) (March 26, 2002) at 7 (emphasis added).

**A.     Many Defendants Are Affiliated As Wholly Or Partially Owned Subsidiaries Of Each Other**

97.     Defendants Expedia (WA), Hotels.com, LP, Hotels.com GP, LLC, Hotwire, Inc., Travelscape and Egencia are affiliated business entities, related through a common corporate parent, Expedia (DE).

98.     Defendants Site59.com and Travelocity.com, LP are affiliated business entities in that they are both subsidiaries of Sabre Holdings Corporation.

99.     Defendants Priceline, Lowestfare, and Travelweb are all affiliated business entities in that Defendant Lowestfare is a wholly-owned subsidiary of Defendant Priceline and Defendant Travelweb is a wholly-owned subsidiary of Defendant Lowestfare.

100.    Defendants, in public communications, and through the media, have taken the position that they are not liable for hotel Accommodations Taxes on the retail amount of their sales of hotel room occupancy.  There is, therefore, an actual and live controversy between the parties.

**B.      Defendants Have Entered Into Agreements With Each Other To Market And Sell Hotel Room Inventory**

101.    Defendants, at all times mentioned herein, were acting under common plans, schemes or methodologies, and from time to time entered into agreements and ventures for the common marketing, distribution and sale or resale of Lodging throughout the State of Illinois.

102.    Upon information and belief, Defendants have shared products and customers and have entered into agreements and co-ventures for the sale or resale of hotel room inventory by cross-listing available hotel rooms on their respective Internet portals. Examples are listed in the following paragraphs.

103.    Upon information and belief, sometime between 1990 and the present, Hotels.com, LP and/or Hotels.com, GP, LLC contracted with Expedia (DE) and/or Expedia (WA) and Travelocity.com, LP and/or Travelocity.com, LLC to implement and maintain cooperative ventures including certain cross-selling initiatives.  Specifically, these agreements provided that the lodging inventory of Expedia (DE) and/or Expedia (WA) and Hotels.com, LP and/or Hotels.com, GP, LLC would be listed on Travelocity.com, LP and/or Travelocity.com,

LLC's website.

104.     Prior to its acquisition by Travelocity.com, LP, Site59 had written agreements with Priceline.  Prior to and after its acquisition by Travelocity.com, LP, Site59 had written agreements with Travelocity, LP.  These agreements created cooperative ventures including certain cross-selling initiatives.

105.     Upon information and belief, sometime in 2000 or thereafter Site59.com entered into marketing agreements with other entities, including Travelocity, LP and Priceline affiliated companies (whose subsidiaries include Defendants Lowestfare and Travelweb).

106.     Upon information and belief, sometime prior to the institution of this suit, Expedia (DE) and/or Expedia (WA) entered into a partnership agreement with Hotels.com, L.P. and/or Hotels.com, GP, LLC and Hotwire regarding its online hotel room booking business.

107.     Upon information and belief, sometime prior to the institution of this suit, Hotels.com. L.P. and/or Hotels.com, GP, LLC entered into a partnership agreement with Hotwire and TravelNow.com, Inc. regarding its online hotel room booking business.

108.     Upon information and belief, sometime prior to the institution of this suit, Hotwire entered into a partnership agreement with Expedia (DE) and/or (WA) and Hotels.com, LP and/or Hotels.com GP, LLC regarding its online hotel room booking business.

109.     Upon information and belief, sometime prior to the institution of this suit, Defendants Hotels.com, LP and/or Hotels.com GP, LLC and Lowestfare entered into an agreement related to the sale or resale of hotel room inventory.

110.     On information and belief, there are many other such marketing, distribution and partnership agreements between and among Defendants.

   **C.     Defendants' Conduct Arises Out Of The Same Series Of Transactions Or Occurrences And Involves Common Questions Of Law And Fact**

111.    Defendants' conduct arises out of the same series of transactions or occurrences and involves common questions of law and fact.  The parties are all interested in the principal questions raised by this Complaint.  Moreover, Defendants' affiliations with each other and their agreements to market, sell and distribute each other's hotel room inventory logically connect their respective conduct.  As detailed above, Defendants have engaged and presently engage in a common practice and scheme of selling Lodging to Consumers at Retail Rates but remitting taxes based on their lower, negotiated Wholesale Rates.

112.    Further, the memberships of multiple Defendants in The Travel Technology Association ("Travel Tech") (formerly Interactive Travel Services Association  or "ITSA") further demonstrates the interrelatedness among Defendants and confirm common practices of Defendants in booking hotel rooms.   According to Travel Tech's website, the following Defendants are members of the organization: Expedia, Priceline, Sabre, and Travelocity.  The Travel Tech website makes numerous representations regarding the manner in which online travel companies do business, the manner in which rooms are booked, and Defendants' tax liabilities as a whole.

113.    Plaintiffs and Class Members have suffered damages in an amount to be proven at trial.  The amount in controversy is greater than $75,000.

## VI.    CLASS ALLEGATIONS

114.    Plaintiffs respectfully request that the Court certify this case as a class action.

115.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class is defined as follows:

> All Illinois municipalities that have enacted and collect a tax on the percentage of the retail rate that each consumer occupant pays for lodging, including service

costs, denominated in any manner, including but not limited to, occupancy tax, a hotel or motel room tax, a use tax, a privilege tax, a hotel or motel tax, a licensing tax, an accommodations tax, a rental receipts tax, a hotel operator's tax, a hotel operator's occupation tax, or a room rental, lease or letting tax.

116.    This Class can be separated into four subclasses, including the following:

a)      Illinois municipalities such as Bedford Park, Oakbrook Terrace and Oak Lawn that have enacted and collected a tax upon the use and privilege of a motel or hotel room described in ways including but not limited to the use and privilege of the room itself, the use and privilege of being a transient guest or lodger in a hotel or motel, or the use and privilege of renting, leasing or letting the rooms in a hotel or motel (hereinafter referred to as "Use and Privilege Subclass");

b)      Illinois municipalities such as Orland Hills that have enacted and collected a tax upon the rental, leasing or letting of hotel or motel accommodations (hereinafter "Hotel Accommodations Subclass");

c)      Illinois municipalities such as Warrenville, Rockford, and Willowbrook that have enacted and collected a tax upon all persons engaged in the municipality in the business of renting, leasing, or letting rooms in a hotel (hereinafter "Business of Rental Subclass"); and

d)      Illinois municipalities such as Class Member City of Aurora, Illinois that have enacted and collected a tax on the gross receipts, rental rate or consideration paid for the privilege of renting, leasing or letting a hotel room that is due from the "owner" of the hotel as defined in each ordinance (hereinafter "Consideration Subclass").

117.   The Class, including the four subclasses, meets the prerequisites for the maintenance of a class action in that:

a)      the Class is so numerous that joinder of all members is impracticable;

b)      there are questions of fact and law common to the Class;

c)      the claims of the representative parties are typical of the claims of the Class; and

d)      the representative parties will fairly and adequately protect the interest of the Class.

118.   This action is properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in that the Defendants have acted or refused to act on grounds generally applicable to the Class, thus making appropriate declaratory relief with respect to the class as a whole.

119.   Plaintiff Class Members contemplate the eventual issuance of notice to the proposed Class Members, which would set forth the subject and nature of the instant action. Defendants' own business records and electronic media can be utilized for the contemplated notices.

120.   Among the numerous questions of fact and law common to the Class are:

a)      whether Defendants use the "merchant model" for buying and selling Lodging in the State of Illinois;

b)      whether under the "merchant model" Defendants mark up the price from the Wholesale Rate (paid to the Hotel) to the Retail Rate (paid by the Consumer);

c)      whether Defendants are the "merchant of record" in their transactions with the Consumer;

d)      whether Defendants generally use the same basic charges, policies, and computer

systems together nationwide and including in the State of Illinois;

e)    whether Defendants have a legal duty to collect Accommodations Taxes from the Consumers who purchase from Defendants the right to occupy Lodging in the State of Illinois;

f)    whether Defendants have a legal duty to remit these Accommodations Taxes to Plaintiffs and/or other Class Members;

g)    whether Defendants have collected the at-issue tax, in the form of a tax, from the Consumers, but failed to remit the same to the Class Members;

h)    whether Defendants have failed to remit the taxes at issue based on the full and proper rates;

i)    whether, under the appropriate municipal ordinance and/or rule in effect at the time of each transaction, the amount of tax due and owing to Plaintiffs and the Class Members is to be calculated as a percentage of the Wholesale Rate or the Retail Rate, including any service fees charged by the OTCs;

j)    whether by voluntarily inserting themselves into the taxing scheme, the Defendants have the legal duty to calculate, collect and remit the taxes upon the Retail Rate, including any service fees charged by the OTCs;

k)    whether Defendants have committed acts of conversion;

l)    whether Defendants have been unjustly enriched; and

m)    whether, and in what amount, the Plaintiffs and the Class Members are entitled to recover court costs and attorneys' fees.

## VII.   CAUSES OF ACTION

### A.   First Claim for Relief: Declaratory Judgment Pursuant to § 23 U.S.C. § 2201 (Against All Defendants)

121.     Plaintiffs incorporate each of the above allegations by reference as if fully rewritten herein.

122.     Plaintiffs seek a declaration of rights and/or duties with respect to all Defendants. An actual controversy exists between Plaintiffs and these Defendants as to:

a)     whether Defendants have a duty, under law, to collect Accommodations Taxes from Consumers who purchase from Defendants the right to occupy Lodging in the municipalities that comprise the Plaintiff Class;

b)     whether the Accommodations Taxes are based on the Retail Rate, including any service fees charged by the OTCs;

c)     whether Defendants have a duty to remit these taxes to Plaintiffs and the Class;

d)     whether Defendants have failed to fulfill their duty under law to remit these taxes to Plaintiffs and the Class; and

e)     whether, under the appropriate ordinance and/or rule, the amount of tax due and owing to Plaintiffs and the Class is to be calculated as a percentage of the Retail Rate, without regard to service fees, operating expenses and other amounts currently deducted by Defendants.

**B.     Second Claim for Relief: Violations of Municipal Ordinances (Against All Defendants)**

123.     Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

124.     Plaintiffs and Class Members are municipalities that are authorized to levy and collect certain Accommodations Taxes.

125.     At all times herein, Defendants acted individually or in concert to provide/sell

Lodging to Consumers.

126.    Defendants are obligated under the municipal ordinances of the Class, including the four subclasses, to collect Accommodations Taxes on Lodging and to remit such taxes to remit to Plaintiffs and the Class Members.

127.    Defendants are acting as retailers, vendors, lessors, and/or renters.

128.    Defendants have failed to collect and remit to Plaintiffs and the Class Members the Tax Monies Due and Owing.

129.    Defendants have failed to report taxes collected on Lodging to Plaintiff and Class Members.

130.    As a result of their shared efforts, Defendants have a joint interest in the business of providing/selling Lodging to Consumers.

131.    Upon information and belief, Defendants have either express or implied agreements to share in the profits and losses of such an enterprise and joint venture. Accordingly, at all times herein, a joint venture and joint enterprise existed between one or more Defendants.

132.    Defendants are legally and constitutionally liable for the Tax Monies Due and Owing to Plaintiffs and the Class Members under their respective municipal ordinances. Defendants are liable individually and also as joint venturers.

133.    Defendants are also liable for penalties and interest under the municipal ordinances, which may include, but are not limited to, enhanced penalties for Defendants' negligent and/or fraudulent conduct.

134.    Failure to remit these taxes to Plaintiffs and the Class Members is deemed a debt owed by Defendants individually and also as members of the joint venture to Plaintiffs and the

Class Members in an amount to be determined at trial. The taxes owed and penalties and interest hereby sought to be recovered is to be determined by and in accordance with these municipal ordinances.

**C.**     **Third Claim For Relief: Conversion (Against All Defendants)**

135.     Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

136.     Plaintiffs and the Class Members had a right to the specifically identifiable Tax Monies Due and Owing to them, had an absolute and unconditional right to the immediate possession of such tax monies, made a demand for possession of such tax monies, and Defendants wrongfully and without authorization assumed control, dominion or ownership over such tax monies.

137.     In converting the Tax Monies Due and Owing, Defendants acted with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class Members.

138.     As a direct and proximate result of Defendants' conversion, Plaintiffs and the Class Members have suffered and will continue to suffer damage in an amount to be proven at trial.

139.     Because Defendants' conversion was accomplished with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class Members, Plaintiffs seeks punitive damages to punish Defendants and deter them and others from committing similar acts of wrongdoing in the future.

140.     Defendants are liable for the acts of conversion individually and as members of a joint venture.

**D.**     **Fourth Claim for Relief: Civil Conspiracy (Against All Defendants)**

141.     Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

142.     Defendants worked concertedly together for the unlawful purpose and/or the lawful purpose accomplished by unlawful means of depriving Plaintiffs and the Class Members of the Tax Monies Due and Owing.

143.     Defendants knowingly and voluntarily participated in the common scheme to deprive Plaintiffs and the Class Members of the Tax Monies Due and Owing.

144.     Defendants agreed by words and/or conduct to accomplish the unlawful goal including, but not limited to, of depriving Plaintiffs and the Class Members of the Tax Monies Due and Owing and Defendants performed one of more tortious and/or unlawful acts to accomplish that unlawful agreement.

145.     In addition or in the alternative, Defendants agreed by words or conduct to accomplish a lawful goal through unlawful means including, but not limited to, depriving Plaintiffs and Class Members of the Tax Monies Due and Owing and Defendants performed one or more unlawful and/or tortious acts to accomplish that goal.

146.     In their civil conspiracy, Defendants acted with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class.

147.     As a direct and proximate cause of Defendants' civil conspiracy, Plaintiffs and the Class have suffered and will continue to suffer damages in an amount to be proven at trial.

148.     Because Defendants' civil conspiracy was accomplished with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the

rights of Plaintiffs and the Class Members, Plaintiffs seeks punitive damages to punish Defendants and to deter them and others from committing similar acts of wrongdoing in the future.

149.    Defendants are liable for the acts of civil conspiracy individually and as members of a joint venture.

**E.    Fifth Claim For Relief: Unjust Enrichment (Against All Defendants)**

150.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

151.    Defendants have been enriched by retaining the Tax Monies Due and Owing without justification, which retention has caused Plaintiffs and the Plaintiff Class Members to become impoverished for which there is an absence of a remedy provided by law.

152.    Secondary to Defendants' unjust enrichment, Plaintiffs and Class Members are entitled to judgment against Defendants in an amount to be proven at trial, including but not limited to interest, costs, and pre- and post-judgment interest.

153.    Defendants are liable for the acts of unjust enrichment individually and as members of a joint venture.

**F.    Sixth Claim for Relief: Imposition of Constructive Trust (Against All Defendants)**

154.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

155.    At all times alleged herein, the specifically identifiable Tax Monies Due and Owing were in the possession and under the control of Defendants. Defendants have taken this identifiable money to which they are not entitled under such circumstances that in equity and good conscience they ought not retain.

156.    By virtue of Defendants' actions, Defendants hold the Tax Monies Due and Owing as constructive trustee for the benefit of Plaintiffs and the Class Members.  Plaintiffs request an order that Defendants be directed to give possession thereof to Plaintiffs and the Class Members to avoid unjust enrichment.

**G.    Seventh Claim for Relief: Damages (Against all Defendants)**

157.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

158.    Plaintiffs request that the Court order Defendants to provide restitution to it and to disgorge the Tax Monies Due and Owing to Plaintiffs and the Plaintiff Class.

159.    Plaintiffs are entitled to interest and penalties on the unpaid Tax Monies Due and Owing.

160.    Plaintiffs request that they recover all penalties, interest, and reasonable and necessary attorneys' fees it is entitled to under the law and in equity.

161.    Plaintiffs request both pre- and post-judgment interest at the maximum rate allowed by law.

**H.    Eighth Claim for Relief: Punitive Damages (Against All Defendants)**

162.    Plaintiffs incorporate the allegations in the paragraphs within Sections I through VI by reference as if fully rewritten herein.

163.    As stated above in Plaintiffs' THIRD and FOURTH CLAIMs, Defendants have committed the intentional torts of conversion and civil conspiracy.

164.    Defendants' conduct in committing such conversion and civil conspiracy was with deliberate oppression, willfulness and with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs and the Class in that Defendants knowingly remitting only

part of the Accommodations Tax Amounts due and deceptively hiding illegal profit streams under labels such as "taxes," or "taxes or fees" or "tax recovery charges."

165.    As such, Plaintiffs request that the trier of fact, in the exercise of sound discretion, award Plaintiffs and the Class Members additional damages to punish and deter Defendants from committing similar acts of wrongdoing in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request, on behalf of itself and the Class Members, that this Court certify this suit under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiffs as Class representative, and appoint the below-named attorneys as counsel for the Class.  Plaintiffs further request that, upon a final trial of this matter, judgment be entered in favor of Plaintiffs and the Class Members on all causes of action against the Defendants, including, without limitation, the following:

i.      An order certifying this case be maintained as a class action;

ii.     An order declaring the Defendants liable to Plaintiffs and the Class Members for the wrongful acts, omissions, practices, and schemes described herein;

iii.    Pursuant to 28 U.S.C. § 2201, a declaratory judgment determining that: Defendants have a duty to collect Accommodations Taxes from Consumers who purchase from Defendants the right to occupy Lodging in the municipalities that comprise the Plaintiff Class; that the Accommodations Taxes are based on the Retail Rate; that Defendants have a duty to remit these taxes to Plaintiffs and the Class; that Defendants have failed to fulfill their duty under law to remit these taxes to Plaintiffs and the Class; and that, under the appropriate hotel Accommodations Tax statute, ordinance, and/or rule, the amount of tax due and

owing to Plaintiffs and the Class is to be calculated as a percentage of the Retail Rate;

iv.    An order imposing a constructive trust on all property in the possession of Defendants that in equity and good conscience belongs to Plaintiffs and the Class Members and does not belong to Defendants;

v.    Damages in an amount to be proven at trial;

vi.    Pre- and post-judgment interest, applicable fines, penalties and costs allowed by law;

vii.    For punitive damages in a sufficient amount to punish Defendant and deter them from committing similar acts of wrongdoing in the future; and

viii.    For any and all other relief allowed by law or equity, including such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 5th day of April, 2013.

s/Paul O'Grady
**PAUL A. O'GRADY**
Illinois Bar No. 6271373
**DOMINICK L. LANZITO**
Illinois Bar No. 6277856
**PETERSON, JOHNSON & MURRAY CHICAGO, LLC**
233 South Wacker Drive, Floor 84
Chicago, IL 60606
Phone: 312-782-7150
Facsimile: 312-896-9318
dlanzito@pjmlaw.com
pogrady@pjmlaw.com

31

s/Thomas K. Prindable
**THOMAS K. PRINDABLE**
Illinois Bar No. 2255340
**MICHAEL S. KRZAK**
Illinois Bar No. 6243295
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, Suite 3100
Chicago, IL 60605
Phone: 312-899-9090
Facsimile: 312-251-1150
tkp@cliffordlaw.com

s/Donald J. Storino
**DONALD J. STORINO**
Illinois Bar No. 2747936
**RICHARD J. RAMELLO**
Illinois Bar No. 3124818
**STORINO RAMELLO & DURKIN**
9501 W. Devon Av.
8th Floor
Rosemont, IL 60018
Phone:  847-318-9500
Facsimile: 847-318-9509
dstorino@srd-law.com
rramello@srd-law.com

s/John W. Crongeyer
**JOHN W. CRONGEYER**
Georgia Bar No. 196264
**CRONGEYER LAW FIRM, P.C.**
2170 Defoor Hills Road, NW
Atlanta, GA 30318
Phone: (404) 542-6205
Facsimile: (404) 872-3745
jwc@birdlawgroup.com
(*Application for Admission Pro Hac Vice to be submitted*)

s/William Q. Bird
**WILLIAM Q. BIRD**
Georgia Bar No. 057900
**KRISTEN L. BEIGHTOL**
Georgia Bar No. 425814
**BIRD LAW GROUP, P.C.**
2170 Defoor Hills Road, NW
Atlanta, GA 30318

Phone: (404) 873-4696
Fax: (404) 872-3745
wqb@birdlawgroup.com
klb@birdlawgroup.com
(*Applications for Admission Pro Hac Vice to be submitted*)


s/Robert K. Finnell
**ROBERT K. FINNELL**
Georgia State Bar No. 261575
**THE FINNELL FIRM**
One West Fourth Avenue, Suite 200
Post Office Box 63
Rome, Georgia 30162
Phone: (706) 235-7272
Facsimile: (706) 235-9461
bob@finnellfirm.com
(*Application for Admission Pro Hac Vice to be submitted*)

EX. I

| **DISTRICT COURT, SUMMIT COUNTY, COLORADO** | |
|---|---|
| Court Address:   Summit County Justice Center<br>                        501 North Park Ave., P.O. Box 269<br>                        Breckenridge, CO 80424 | |
| Plaintiff:  TOWN OF BRECKENRIDGE, COLORADO ON BEHALF OF ITSELF AND OTHER SIMILARLY SITUATED COLORADO HOME RULE MUNICIPALITIES,<br><br>vs.<br><br>Defendants:<br><br>COLORADO TRAVEL COMPANY, LLC;<br>EGENCIA, LLC;<br>EXPEDIA, INC.;<br>HOTELS.COM, L.P.;<br>HOTELS.COM GP, LLC;<br>HOTWIRE, INC.;<br>INTERNETWORK PUBLISHING CORP. (d/b/a/ LODGING.COM);<br>LOWEST FARE.COM, INC.;<br>ONETRAVEL, INC. (d/b/a/ onetravel.com);<br>ORBITZ, INC.;<br>ORBITZ, LLC;<br>PRICELINE.COM, INCORPORATED;<br>SITE 59.COM, LLC;<br>TRAVELNOW.COM, INC.;<br>TRAVELOCITY.COM, LP;<br>TRAVELPORT INC. f/k/a CENDANT TRAVEL DISTRIBUTION SERVICES GROUP INC.;<br>TRAVELSCAPE, LLC;<br>TRAVELWEB, LLC;<br>TRIP NETWORK, INC. (d/b/a Cheaptickets.com) and DOES 1 THROUGH 1000, INCLUSIVE, | ▲ COURT USE ONLY ▲<br><br>Case Number:  Type No.<br><br><br>Div.:                    Ctrm.: |
| *Attorneys for Plaintiff:*<br>Name:        Michael D. Plachy, #22014<br>                   Thomas M. Rogers III, #28809<br>                   Joy Allen Woller, #36011 | |

| Firm: | Rothgerber Johnson & Lyons LLP | |
| Address: | One Tabor Center, Suite 3000 | |
| | 1200 Seventeenth Street | |
| | Denver, Colorado 80202 | |
| Tel: | 303.623.9000 | |
| Fax: | 303.623.9222 | |

**CLASS ACTION COMPLAINT**

For its Class Action Complaint ("Complaint") against Defendants, Plaintiff, the Town of Breckenridge, Colorado, by and through its undersigned counsel and on behalf of itself and other similarly situated Colorado home rule municipalities, states:

**PARTIES**

1.      Plaintiff TOWN OF BRECKENRIDGE, COLORADO (hereafter "Breckenridge") is located in Summit County, Colorado.  Plaintiff is a home rule municipality incorporated in 1880.

2.      Defendant COLORADO TRAVEL COMPANY, LLC (hereafter "Colorado Travel Company") is a Colorado limited liability corporation with its principal place of business in Denver, Colorado.

3.      Defendant EGENCIA, LLC (hereafter "Egencia") is a Nevada limited liability corporation with its principal place of business in Bellevue, Washington.

4.      Defendant EXPEDIA, INC. (hereafter "Expedia") is a Washington corporation with its principal place of business in Bellevue, Washington.

5.      Defendant HOTELS.COM, L.P. (hereafter "Hotels.com, L.P.") is a Texas limited partnership with its principal place of business in Dallas, Texas.

6.      Defendant HOTELS.COM GP, LLC (hereafter "Hotels.com, GP") is a Texas limited liability corporation with its principal place of business in Dallas, Texas.

7.      Defendant HOTWIRE, INC. (hereafter "Hotwire") is a Delaware corporation with its principal place of business in San Francisco, California.

8.      Defendant INTERNETWORK PUBLISHING CORP. (d/b/a/ LODGING.COM) (hereafter "Lodging.com") is a Florida corporation with its principal place of business in Boca Raton, Florida.

9.      Defendant LOWEST FARE.COM, INC. (hereafter "Lowestfare.com") is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

2 of 18

10.     Defendant ONETRAVEL, INC. (hereafter "OneTravel") is a Texas corporation with its principal place of business in Las Vegas, Nevada.

11.     Defendant ORBITZ, INC. (hereafter "Orbitz, Inc") is a Delaware corporation with its principal place of business in Chicago, Illinois.

12.     Defendant ORBITZ, LLC (hereafter "Orbitz, LLC") is a Delaware limited liability corporation with its principal place of business in Chicago, Illinois.

13.     Defendant PRICELINE.COM INCORPORATED (hereafter "Priceline.com") is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

14.     Defendant SITE59.COM, LLC (hereafter "Site59.com") is a Delaware limited liability corporation with its principal place of business in New York, New York.

15.     Defendant TRAVELNOW.COM, INC. (hereafter "Travelnow.com") is a Delaware corporation with its principal place of business in Springfield, Missouri.

16.     Defendant TRAVELOCITY.COM, LP (hereafter "Travelocity.com, LP") is a Delaware partnership with its principal place of business in Southlake, Texas.

17.     Defendant TRAVELPORT INC. f/k/a CENDANT TRAVEL DISTRIBUTION SERVICES GROUP INC. (hereafter "Travelport") is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

18.     Defendant TRAVELSCAPE, LLC (hereafter "Travelscape") is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

19.     Defendant TRAVELWEB, LLC (hereafter "Travelweb") is a Delaware limited liability corporation with its principal place of business in Dallas, Texas.

20.     Defendant TRIP NETWORK, INC. (d/b/a Cheaptickets.com) (hereafter "Cheaptickets.com") is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

21.     The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as a DOE are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Upon information and belief, each of the Defendants designated herein as a DOE is legally responsible in some manner and liable for the events and happenings herein alleged and in such manner, proximately caused damages to Plaintiff as hereinafter further alleged.

22.     Upon information and belief, some of the Defendants, including some or all DOE defendants, at all times herein mentioned, were acting as the agent, servant and employee of some or all of the other Defendants and within the scope of said agency and employment (collectively the "Agent Defendants").  Upon information and belief, at the time and place of the matters described, each of the Agent Defendants, their agents, servants and/or employees became liable to Plaintiff for one or more of the reasons described herein.

## VENUE AND NATURE OF CLAIMS

23.     Venue is proper in this Court pursuant to Colo. R. Civ. P. 98 because, *inter alia*, the acts underlying this action arose in this jurisdiction and include claims for recovery of a penalty imposed by statute.

24.     This action is brought to remedy violations of local ordinances in connection with Defendants' failure to remit taxes to the named Plaintiff and other similarly situated municipalities located in the State of Colorado.  Defendants failed to remit taxes due and owing under similar hotel or other lodging occupancy tax ordinances and/or similarly intentioned excise and/or sales taxes to the Plaintiff and the Class.

## FACTUAL ALLEGATIONS

25.     Article XX of the Colorado Constitution delineates home rule for cities and towns.  Article XX, Section 6 grants home rule municipalities all powers necessary to administer local and municipal powers.  Colorado law recognizes the exclusive right of a home rule municipality to govern themselves in matters of local and municipal concern.  The constitutional grant of power to home rule cities contained in Article XX, Sec. 6 includes a right to levy and collect a tax to raise revenue with which to conduct the affairs and business of a city.

26.     Breckenridge imposes a 3.4% "Breckenridge Public Accommodation Tax" on the price paid for the leasing or rental of any hotel room, motel room, or other accommodation in the town.  (*See* Breckenridge Town Code, Title 3, Chapter 4, Section 3-4-3.)

27.     It is unlawful "for any lessee or renter" of a hotel room, motel room, or other accommodation in the Town of Breckenridge to fail to pay or collect the tax.  (*See* Breckenridge Town Code, Title 3, Chapter 4, Section 3-4-4.)

28.     Class Members similarly levy and collect taxes on lodging or overnight accommodations.  This tax may be denominated as a hotel occupancy, lodgers tax, lodging tax, accommodation tax, and/or excise tax imposed upon any sale of lodging or overnight accommodations (collectively defined as "Excise Tax").  Regardless of how the tax is titled, it is correctly calculated as a percentage of the retail rate that each consumer occupant pays for lodging ("Retail Rate"), including service costs (the "Excise Tax Amount").

29.     Defendants are online travel companies and their affiliates or related companies ("OTC").  Specifically, they are online sellers and/or online resellers of hotel rooms or other

4 of 18

accommodations ("Lodging") to the general public (the "Consumers Occupants" or Consumers").

30.     OTCs, like Defendants, transact business under two models: the "agency model" and the "merchant model."

31.     Under the "agency model" the OTCs act as traditional travel agents, facilitating reservations on behalf of a hotel and passing the reservation on to the hotel.  The OTC will receive a commission as an agent under this model.

32.     Under the "agency model," the transaction is between the hotel and the Consumer. Excise Taxes are calculated and collected by the hotel on the retail rate charged to the Consumer. The Consumers are the taxpayers, and the hotels are the tax collectors.  The agency model is **not** at issue in this Complaint.

33.     In 2000 or 2001, the OTCs began a pervasive use of the "merchant model."  It is the "merchant model" that is the subject of this Complaint.

34.     The "merchant model" adopted by Defendants is a uniform, nationwide model that operates the same for all OTCs in all jurisdictions, including Colorado.

35.     Under this "merchant model" the Defendant/ OTCs are the merchants of record in their transactions with the Consumers.

36.     Under the "merchant model," the Defendants negotiate with hotels ("Hotels") for wholesale or "net" rates on Lodging.   The price paid by Defendants to Hotels is referred to in this Complaint as the wholesale rate ("Wholesale Rate.")

37.     Defendants then profit by contracting with Consumers for Lodging at the Retail Rate which is higher than the Wholesale Rate paid by Defendants to Hotels.

38.     Under the "merchant model," Defendants determine the Retail Rate that the Consumer pays.  The Defendants have broad discretion in establishing and charging the Retail Rate.  The Defendants have control over the price they offer to the Consumer and, therefore, control the profit they make from the markup.

39.     The "merchant model" is a prepaid model in which Defendants collect all monies up front from the Consumer at the time the on-line reservation is made and the Consumer's credit card is charged.

40.     Under the "merchant model," the taxable transaction is between the Consumer and the Defendants for the purchase of Lodging.  There is no taxable transaction between the Hotel and the Consumer for the purchase of Lodging.

41.     Under the "merchant model," the only contract or agreement at the time the taxes at issue are being assessed and collected is between the Defendants and the Consumer.

42.     The Defendants sell rooms to Consumers and collect payments, including taxes from the Consumer at the time of booking.  Under the "merchant model," the Defendants have been or are currently controlling Hotels.

43.     Defendants are charging and collecting amounts as Excise Taxes and fees from Consumers in Colorado, but are not remitting the Excise Tax Amounts to the appropriate Class Members.

44.     Instead, Plaintiff Class Members only receive tax amounts based upon the lower, Wholesale Rate (the "Wholesale Tax Amount").  Each Defendant then retains for its own use and benefit the difference between the correct Excise Tax Amount and the incorrect Wholesale Tax Amount.

45.     For example, Expedia negotiates with a Hotel for rooms at the lower Wholesale Rate and pays the Hotel a flat rate for each room sold, for instance $60.00 for a room in Breckenridge, Colorado.  Under the "merchant model" Expedia then controls the price offered to the Consumer.  Expedia then sells the same room to the Consumer for a marked up price, for example $100.  Expedia charges taxes and fees that would approximately cover the taxes owed, which should be based upon the Retail Rate of $100.  The amount of tax due in this example is 3.4% of $100 or $3.40.  (*See* Breckenridge Town Code, Title 3, Chapter 4, Section 3-4-3).

46.     However, the amount of Excise Tax remitted to Plaintiff and other Class Members has been based on the lower Wholesale Rate.  In this example, Plaintiff would only receive $2.04 (3.4% of $60.00), an underpayment of the tax liability by $1.36.  Thus, in this single example transaction, Plaintiff's collected tax would be 40% less than the collected and the proper Excise Tax Amount of $3.40.

47.     In this manner, Defendants failed to remit the Excise Taxes due and owing to the Plaintiff and all putative Class Members.

48.     Defendants have also failed to properly file required tax reports.  Every person required to collect Excise Taxes must report such taxes collected on forms prescribed by the Town and remit said taxes to the Town.   (*See* Breckenridge Town Code, Title 3, Chapter 4, 3-4-6.)

49.     Defendants are collecting taxes from Consumers but, upon information and belief, have not obtained a Town License in any of the Class Member municipalities and have not reported such taxes to Plaintiff or any Class Members.

50.     While a limitation period normally applies to a suit or action to collect such taxes, proceedings for collection of taxes may be commenced at any time in a case, such as this one,

where a taxpayer fails to file a required return. (*See* Breckenridge Town Code, Title 3, Chapter 4, 3-4-10.)

51.     In addition to Excise Taxes, or in the alternative, Defendants are required to remit sales tax ("Sales Tax") on the Lodging they sell to the public. Plaintiff and many putative Class Members are entitled to a percentage of the Sales Tax owed based upon their local ordinance.

52.     Defendants are charging and collecting Sales Taxes from Consumers in the same manner as they charge and collect Excise Taxes.

53.     For example, if a Consumer agrees to buy a room in Breckenridge, Colorado from Expedia for $100.00, Expedia.com would add un-itemized taxes and fees that approximately would cover the taxes due on the Retail Rate ($100.00). Breckenridge imposes a two and one-half percent (2.5%) sales tax upon gross receipts derived from sales of personal property and services. (*See* Breckenridge Town Code, Title 3, Chapter 1, Section 3-1-5). Expedia.com, however, obtains that room at the lower Wholesale Rate, $60.00 for instance. The proper amount of Sales Tax owed by Defendants in this example is $2.50. However, the amount of Sales Tax actually paid to Breckenridge has been based on the lower Wholesale Rate. In this example, only $1.50 (2.5% of $60.00), instead of the $2.50 (2.5% of $100.00) of the taxes and fees actually owed is paid. Defendants then retain the difference of $1.00 (in this example). As in the previous example, Defendants' unlawful practice in this example would result in a Sales Tax deficiency of 40 percent.

54.     In this manner, Defendants have failed to remit Sales Tax due and owing to the Plaintiff and the putative Class Members.

55.     As stated, Defendants' business practices include charging Consumers un-itemized taxes and fees on each sale of Lodging. The Consumer is led to believe Defendants are remitting the correct amount of Sales Tax and Excise Tax to the Plaintiff. Defendants, however, are calculating the tax liability of the general public (and Defendants) based upon the Wholesale Rate Defendants paid the Hotel for the room, not upon the Retail Rate that the Consumer paid Defendants. As a result, the Sales and Excise Tax liabilities paid by the general public and owed to Plaintiff are underpaid/unpaid by the Defendants who unlawfully retain the difference. These practices deprive Plaintiff and the Class the full amounts due and owing to them from each sale of Lodging.

56.     Also, as stated, in addition to failing to properly pay collected taxes, Defendants do not disclose to the general public the amounts being paid for each specific tax and the amounts, if any, being paid separately as "service fees." Defendants bundle the taxes and "service fees" as a way to keep the Wholesale Rate of the Lodging opaque.

57.     Defendants will not disclose the amount of Sales Tax and Excise Tax being assessed even if the Consumer asks them.

58.     Defendants require that the Hotels not reveal to the Consumer what Defendants paid for the Lodging.  Likewise, the Hotels do not know what the Consumer paid Defendants for the Lodging.

59.     Only the Defendants collect taxes from the Consumer in the "merchant model." The Consumer is the taxpayer, and the Defendants are the tax collectors.

60.     Under the "merchant model," the Hotels never collect the required Sales Tax and Excise Tax from the Consumer.

61.     Under the "merchant model" and contained in the language of the contracts between the Defendants and the Hotels, it is the Defendants' responsibility to calculate the taxes and collect all monies, including tax monies, from the Consumer at the time of booking.

62.     The only way for the Hotel to pay the correct Excise and/or Sales Tax to the Plaintiffs is if Defendants remit the additional tax owed (and which was actually paid by the Consumer to Defendants) to the Class Members.

63.     The Defendants' failure to itemize taxes violates basic principles of tax transparency and further supports Plaintiff's claims of the Defendants' tax liability, and specifically violates express code provisions of many of the Plaintiff Class Members.

64.     Due to the contractual or factual relationship between the Defendants and the Hotels, the Defendants and the Hotels act on behalf of each other to provide/sell customers Lodging, and are thus agents of one other.  As such, they operate as joint enterprise members and have joint enterprise membership liability.

65.     Defendants have a physical presence in the State of Colorado, including within the Class Member municipalities.   Such presence includes, but is not limited to, providing and/or selling rooms in Hotels, serving as agents for Hotels for purposes of selling or providing rooms in those Hotels and, upon information and belief, by having employees or agents travel to Class Member municipalities within Colorado to negotiate and enter into contracts with Hotels to review and rate those Hotels.

**Many Defendants Are Affiliated Through A Common Corporate Parent.**

66.     Defendants Expedia, Hotels.com, L.P., Hotels.com GP, Hotwire, Inc., Travelscape and TravelNow.com are affiliated business entities, related through a common corporate parent Expedia, Inc., a Delaware corporation.  Expedia's parent company is IAC/Interactive Corp.

67.     Defendants Travelport; Orbitz, Inc.; Orbitz, LLC; Cheaptickets.com; and Lodging.com are affiliated business entities, related through the common corporate parent, Avis Budget Group.

68.     Defendants Site59.com and Travelocity.com LP are affiliated business entities, related though an common ultimate parent, Sabre Holdings Corporation, a Delaware corporation.

69.     Defendants Priceline.com; Lowestfare.com, and Travelweb are all affiliated business entities, related through the common corporate parent Defendant Priceline.com, Incorporated, a Delaware corporation.

70.     Defendant Lowestfare.com is a wholly owned subsidiary of Defendant Priceline.com. In 2002, Priceline.com, Inc. purchased the Internet URL and trademarks of Lowestfare.com and formed a subsidiary corporation, Defendant Lowestfare.com. Defendant Travelweb is a wholly owned subsidiary of Lowestfare.com.

71.     Defendants, in public communications, and through the media, have taken the position that they are not liable for hotel occupancy taxes on the retail amount of their sales of hotel room occupancy. There is, therefore, an actual and live controversy between the parties.

**Defendants Have Entered into Agreements with Each Other to Market and Sell Hotel Room Inventory.**

72.     All Defendants, at all times mentioned herein, were acting under common plans, schemes or methodologies, and from time to time entered into agreements and ventures for the common marketing, distribution and sale or resale of Lodging throughout the state of Colorado.

73.     Upon information and belief, Defendants have shared products and customers and have entered into agreements and co-ventures for the sale or resale of hotel room inventory by cross-listing available hotel rooms on their respective Internet portals. Examples are listed in paragraphs 74 through 86 below.

74.     Upon information and belief, sometime between 1990 and present, Orbitz Inc. and/or Orbitz, LLC entered into an agreement with Travelweb whereby Orbitz, Inc. and/or Orbitz, LLC received prepaid hotel room inventory from Travelweb and other participating entities for display on Orbitz's website. Under this arrangement, Travelweb set the occupant price for the inventory and paid Orbitz, Inc. and/or Orbitz, LLC a commission for each hotel room rented online.

75.     Upon information and belief, sometime between 1990 and the present, Hotels.com contracted with its sister company, Expedia, as well as Travelocity.com LP to implement and maintain cooperative ventures including certain cross-selling initiatives. Specifically, these agreements provided that the lodging inventory of Expedia and Hotels.com would be listed on Travelocity's website.

76.     Upon information and belief, sometime during 2001 or earlier, Cheaptickets.com, now owned by Defendant Travelport, entered into a private label agreement with Hotels.com that provided for the sharing of hotel room inventories for online booking by occupants.

{00951150 / 1}

77.     Upon information and belief, sometime between 1990 and the present, Cheaptickets.com and Lodging.com shared hotel room inventory.  Specifically, Cheaptickets.com sold Lodging.com's hotel room inventory.

78.     Upon information and belief, sometime during 2004 or thereafter, Cendant Corporation, the predecessor to Travelport, entered into agreements with Expedia, Inc. and Hotels.com to share hotel room inventory.

79.     Upon information and belief, sometime in 2000 or thereafter Site59.com entered into marketing agreements with other entities, including Travelocity LP, Orbitz, Inc. or Orbitz, LLC, Cheaptickets.com and Priceline.com affiliated companies (whose subsidiaries include Defendants Lowestfare.com and Travelweb).

80.     Upon information and belief, sometime during 2005 or earlier, Orbitz, Inc. and/or Orbitz, LLC and Priceline.com entered into a marketing agreement related to Priceline.com's hotel business unit.

81.     Upon information and belief, sometime prior to the institution of this suit, Expedia entered into a partnership agreement with Hotels.com L.P. and/or Hotels.com GP and Hotwire regarding its online hotel room booking business.

82.     Upon information and belief, sometime prior to the institution of this suit, Hotels.com entered into a partnership agreement with Hotwire and TravelNow.com regarding its online hotel room booking business.

83.     Upon information and belief, sometime prior to the institution of this suit, Hotwire.com entered into a partnership agreement with IAC/Interactive Corp., Expedia and Hotels.com L.P. and/or Hotels.com GP regarding its online hotel room booking business.

84.     Upon information and belief, sometime prior to the institution of this suit, Defendant Orbitz, Inc. and/or Orbitz, LLC entered into a partnership agreement with Hotwire regarding its online hotel room booking business.

85.     Upon information and belief, sometime prior to the institution of this suit, Defendants Hotels.com and Lowestfare.com entered into an agreement related to the sale or resale of hotel room inventory.

86.     On information and belief, there are many other such marketing, distribution and partnership agreements between and among Defendants.

**Defendants' Conduct Arises Out of the Same Series of Transactions or Occurrences and Involves Common Questions of Law and Fact.**

87.     Defendants' conduct arises out of the same series of transactions or occurrences and involves common questions of law and fact.  The parties are all interested in the principal

questions raised by this Complaint. Moreover, Defendants' affiliations with each other and their agreements to market, sell and distribute each other's hotel room inventory logically connect their respective conduct. As detailed above, Defendants have engaged and presently engage in a common practice and scheme of selling Lodging to Consumers at Retail Rates but remitting taxes based on their lower, negotiated Wholesale Rates.

88.     Further, Defendants' memberships in Interactive Travel Services Association ("ITSA") further demonstrates the interrelatedness among Defendants and confirm common practices of Defendants in booking hotel rooms. According to ITSA's website, the following Defendants are members of the organization: Cheaptickets.com; Expedia; Orbitz.com; Priceline.com; Travelocity.com; and Travelport[1]. The ITSA website makes numerous representations regarding the manner in which online travel companies do business, the manner in which rooms are booked, and Defendants' tax liabilities as a whole.

89.     Plaintiff and Class Members have suffered damages in an amount to be proven at trial. The amount in controversy with respect to one or more Class Members is less than $75,000.

## CLASS ALLEGATIONS

90.     Plaintiff respectfully requests that the Court certify this case as a class action.

91.     Pursuant to Colo. R. Civ. P. 23, the class is defined as follows:

> All Colorado home rule municipalities which have enacted and collect any tax of any kind on overnight accommodations or lodging denominated in any manner, including but not limited to, a hotel occupancy tax, lodgers tax, lodging tax, accommodations tax, local occupancy tax, excise tax, or sales tax, but excluding any tax that is calculated on a set dollar per night basis (as opposed to a percentage), and excluding Denver, Colorado.

92.     The Class consists of more than fifty (50), but less than one-hundred (100), members.

93.     The Class meets the prerequisites for the maintenance of a class action in that:

  i.    the Class is so numerous that joinder of all Class Members is impractical;
  ii.   the Class Members are readily identifiable;
  iii.  there are questions of law and fact common to the Class;
  iv.   the claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendants' violations of law, including

---

[1] See http://www.interactivetravel.org/AboutUs/List_Of_Members.asp (last reviewed July 25, 2011)

violations of municipal ordinances and hotel occupancy tax schemes. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct;

v.   the representative Plaintiff will fairly and adequately represent and protect the interests of the Class. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make a class certification inappropriate; and,

vi.  the counsel selected to represent the Class will fairly and adequately protect the interests of the Class. They are experienced trial lawyers who have experience in complex class action litigation and are competent counsel for this class action litigation. Counsel for the Class will vigorously assert the claims of all members of the Class.

94.    This action is properly maintained as a class action pursuant to Colo.R.Civ.P. 23(b)(2) in that the Defendants have acted or refused to act on grounds generally applicable to the class, thus making appropriate declaratory relief with respect to the class as a whole.

95.    This action is properly maintained as a class action pursuant to Colo.R.Civ.P. 23(b)(3) in that common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i.    the interest of the members of the Class in individually controlling the prosecution or defense of separate actions;

ii.   the extent and nature of any other proceedings concerning the controversy already commenced by or against members of the Class;

iii.  the desirability or undesirability of concentrating the claims in a single forum; and

iv.   the difficulties likely to be encountered in the management of a class action.

96.    The members of the Class contemplate the eventual issuance of notice to the proposed Class Members which would set forth the subject and nature of the instant action. The Defendants' own business records and electronic media can be utilized for the contemplated notices.

97.    Among the numerous questions of law and fact common to the Class are:

i.    whether Defendants use the "merchant model" for buying and selling Lodging in the state of Colorado;

ii.   whether under the "merchant model" Defendants mark up the price from the Wholesale Rate (paid to the Hotel) to the Retail Rate (paid by the Consumer);

iii. whether Defendants are the "merchant of record" in their transactions with the Consumer;

iv. whether Defendants use the same basic charges, policies, and computer systems together nationwide and including in the state of Colorado;

v. whether Defendants have a legal duty to collect Excise and/or Sales Taxes from the Consumers who purchase from Defendants the right to occupy Lodging in the state of Colorado;

vi. whether Defendants have a legal duty to remit these Excise and/or Sales Taxes to Plaintiff and/or other Class Members;

vii. whether Defendants have collected the at issue tax, in the form of a tax, from the Consumers, but failed to remit the same to the Class Members;

viii. whether Defendants' conduct has sufficient nexus to the state of Colorado, including Class Member municipalities, to subject it to the at issue taxes;

ix. whether Defendants have failed to remit the taxes at issue based on the Retail Rate;

x. whether, under the appropriate municipal ordinance and/or rule in effect at the time of each transaction, the amount of tax due and owing to Plaintiff and the Plaintiff Class is to be calculated as a percentage of the Wholesale Rate or the Retail Rate;

xi. whether by voluntarily inserting themselves into the taxing scheme, the Defendants have the legal duty to calculate, collect and remit the taxes upon the Retail Rate regardless of the statutory language of the appropriate municipal ordinances and/or rule in effect at the time of each transaction;

xii. whether Defendants have committed acts of conversion;

xiii. whether Defendants have been unjustly enriched;

xiv. whether, and in what amount, the Plaintiff Class Members are entitled to recover court costs and attorneys' fees.

98.     All conditions precedent to the maintenance of this action have been fulfilled.  To the extent any administrative remedies have not been satisfied, such exhaustion is not required and would in fact be futile.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DECLARATORY JUDGMENT PURSUANT TO COLO.R.CIV.P. 57
### (Against All Defendants)

99.     Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

100.     Plaintiff seeks a declaration of rights and/or duties with respect to all Defendants. An actual case or controversy exists between Plaintiff and these Defendants as to:

13 of 18

  i.  whether Defendants have a duty, under law, to collect Excise Taxes and/or Sales Taxes from Consumers who purchase from Defendants the right to occupy Lodging in the municipalities that comprise the Plaintiff Class;

  ii.  whether the Excise Taxes and/or Sales Taxes are based on the Retail Rate;

  iii.  whether Defendants have a duty to remit these taxes to Plaintiff and the Class;

  iv.  whether Defendants have failed to fulfill their duty under law to remit these taxes to Plaintiff and the Class; and

  v.  whether, under the appropriate ordinance and/or rule, the amount of tax due and owing to Plaintiff and the Class is to be calculated as a percentage of the Retail Rate, without regard to service fees, operating expenses and other amounts currently deducted by Defendants.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF MUNICIPAL ORDINANCES
### (As Against all Defendants)

101. Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

102. Plaintiff and Class Members are municipalities which are authorized to levy and collect certain Excise and Sales Taxes.

103. At all times herein, Defendants acted individually or in concert to provide/sell Lodging to Consumers.

104. Defendants are obligated under the various municipal ordinances to collect Excise and/or Sales Taxes on Lodging and to remit such taxes to remit to Plaintiff and the Class Members.

105. Defendants are acting as retailers, vendors, lessors, and/or renters.

106. Defendants have failed to collect and remit to Plaintiff and the Class Members the amounts due and owing to them.

107. Defendants have failed to report taxes collected on Lodging to Plaintiff and Class Members.

108. As a result of their shared efforts, Defendants have a joint interest in the business of providing/selling Lodging to Consumers.

109. Upon information and belief, Defendants have either express or implied agreements to share in the profits and losses of such an enterprise and joint venture. Accordingly, at all times herein, a joint venture and joint enterprise existed between one or more Defendants.

110. Defendants are legally and constitutionally liable for the Excise Taxes and Sales Taxes due and owed to the Plaintiff and the Class Members under their respective municipal ordinances. Defendants are liable individually and also as joint venturers.

111. Failure to remit these taxes to Plaintiff and the Class is deemed a debt owed by Defendants individually and also as members of the joint venture to Plaintiff and the Class Members in an amount to be determined at trial. The taxes owed and penalties and interest hereby sought to be recovered is to be determined by and in accordance with these municipal ordinances.

### THIRD CLAIM FOR RELIEF
### CONVERSION
### (As Against all Defendants)

112. Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

113. At all times alleged herein, Plaintiff and the Class were, and are, entitled to and have had the right to the immediate possession of charged and collected taxes due and owing to them.

114. At all times alleged herein, the monies due and owing to Plaintiff and the Class were in the possession and under the control of one or more of the Defendants. Defendants have wrongfully exercised dominion and control over these monies for their own use and benefit, thereby permanently depriving Plaintiff and the Class of the use and benefit thereof.

115. At all times alleged herein, Defendants acted willfully, wantonly, with oppression, and with a conscious disregard of the rights of Plaintiff and the Class.

116. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered and will continue to suffer damage in an amount to be determined according to proof at the time of trial.

117. As set forth above, Defendants are liable for the acts of conversion individually and as members of a joint venture.

### FOURTH CLAIM FOR RELIEF
### CIVIL CONSPIRACY
### (Against all Defendants)

118. Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

119.     Defendants agreed by words or conduct to accomplish an unlawful goal including, but not limited to, depriving Plaintiff and Class Members of taxes owed under the municipal ordinances and Defendants performed one of more acts to accomplish that unlawful goal.

120.     In addition or in the alternative, Defendants agreed by words or conduct to accomplish a lawful goal through unlawful means including, but not limited to, depriving Plaintiff and Class Members of taxes owed under the municipal ordinances and Defendants performed one or more unlawful acts to accomplish that goal.

121.     As a direct and proximate cause of Defendants' conduct, Plaintiff and the Class have suffered and will continue to suffer damages in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(Against all Defendants)**

122.     Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

123.     Defendants have benefitted from the sales of Lodging to Consumers under circumstances that would make it inequitable for Defendants to retain the benefit of those transactions without paying the required tax to Plaintiff and Class Members, and Defendants have been unjustly enriched thereby.

124.     Plaintiff and Class Members are entitled to judgment against Defendants in an amount to be proven at trial, including but not limited to interest, costs, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests, on behalf of itself and the members of the Plaintiff Class, that this Court certify this suit under Rule 23 of the Colorado Rules of Civil Procedure, appoint Plaintiff as class representative, and appoint the below-named attorneys as counsel for the Class. Plaintiff further requests that, upon a final trial of this matter, judgment be entered in favor of the Plaintiff and the Class on all causes of action against the Defendants, including, without limitation, the following:

    i.  An order certifying this case be maintained as a class action;

    ii.  An order declaring the Defendants liable to Plaintiff and the Class Members for the wrongful acts, omissions, practices, and schemes described herein;

    iii.  Pursuant to Colo.R.Civ.P. 57, a declaratory judgment determining that: Defendants have a duty to collect Excise Taxes and/or Sales Taxes from Consumers who purchase from Defendants the right to occupy Lodging in the municipalities that comprise the Plaintiff Class; that the Excise Taxes and/or Sales Taxes are based on the Retail Rate; that Defendants have a duty to remit these taxes to Plaintiff and the Class; that Defendants have failed to fulfill their duty under law to remit these taxes to Plaintiff and the Class; and that, under the appropriate hotel occupancy tax statute, ordinance, and/or rule, the amount of tax due and owing to Plaintiff and the Class is to be calculated as a percentage of the Retail Rate, without regard to service fees, operating expenses and other amounts currently deducted by Defendants.

    iv.  An order imposing a constructive trust on all property in the possession of Defendants that in equity and good conscience belongs to Plaintiff and the Class Members and does not belong to Defendants;

    v.  Damages in an amount to be proven at trial;

    vi.  Pre and post judgment interest, penalties and costs allowed by law; and

    vii.  For such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

{00951150 / 1}

Respectfully submitted this 25th day of July, 2011.

ROTHGERBER JOHNSON & LYONS LLP
*Pursuant to Colo. R. Civ. P. 121§1-26, a duly signed*
*original is on file at the offices of Rothgerber Johnson & Lyons LLP*

By: *s/ Michael D. Plachy*_____ _____
   Michael D. Plachy, Esq.
   Thomas M. Rogers III, Esq.
   Joy Allen Woller, Esq.
   One Tabor Center, Suite 3000
   1200 Seventeenth Street
   Denver, CO 80202
   Telephone: 303-623-9000
   Facsimile: 303-623-9222
   mplachy@rothgerber.com
   trogers@rothgerber.com
   jwoller@rothgerber.com

   CRONGEYER LAW FIRM, P.C.
   John W. Crongeyer, M.D.
   2170 DeFoor Hills Road
   Atlanta, GA 30318
   Telephone: 404-873-4696
   Facsimile: 404-872-3745
   jcrongeyer@vclawfirm.com
   *Pro Hac Vice Application to be Submitted*

   THE BIRD LAW GROUP, P.C.
   William Q. Bird, Esq.
   2170 DeFoor Hills Road
   Atlanta, GA 30318
   Telephone: 404-873-4696
   Facsimile: 404-872-3745
   jwc@birdlawgroup.com
   *Pro Hac Vice Application to be Submitted*

   THE FINNELL FIRM
   Robert Finnell, Esq.
   P.O. Box 63
   Rome, GA 30162-0063
   *Pro Hac Vice Application to be Submitted*
*Attorneys for the Town of Breckenridge, Colorado and*
*Proposed Class*

{00951150 / 1}

EX. J

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

**NO. _____**

| | |
|---|---|
| PRICELINE.COM INCORPORATED; TRAVELWEB LLC; TRAVELOCITY.COM LP; SITE59.COM LLC; EXPEDIA, INC.; HOTELS.COM, L.P.; and HOTWIRE, INC., | **Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 09 CV 04438, Hon. Ronald A. Guzman presiding** |
| **Defendants-Appellants,** | |
| v. | |
| THE VILLAGE OF ROSEMONT, ILLINOIS, | |
| **Plaintiff-Appellee.** | |

**APPELLANTS'
SEVENTH CIRCUIT RULE 3(C) DOCKETING STATEMENT**

Pursuant to Seventh Circuit Rules 3(c) and 28(a), Defendants-Appellants priceline.com, Incorporated, Travelweb LLC, Travelocity.com LP, Site59.com LLC, Expedia, Inc., Hotels.com, L.P., and Hotwire, Inc., provide the following docketing statement:

1.     On July 23, 2009, Plaintiff the Village of Rosemont filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division.   (Dkt. No. 1 ¶¶ 1-2, 5.)  The Complaint alleged that the Defendants owed the Village taxes under the Village's hotel tax, Section 10-23 of the Rosemont Code.

2.     Defendant-Appellant priceline.com Incorporated is a Delaware corporation with its principal place of business in Connecticut.  (Dkt. No. 27 ¶ 10.)

3.     Defendant-Appellant Travelweb LLC is a Delaware limited liability company with its principal place of business in Connecticut.  (*Id.* at ¶ 11.)  Travelweb LLC's only member

is Lowestfare.com LLC. Lowestfare.com LLC is a Delaware limited liability company with its principal place of business in Connecticut. Lowestfare.com LLC's only member is priceline.com Incorporated. Priceline.com Incorporated is a Delaware corporation with its principal place of business in Connecticut.

4. Defendant-Appellant Travelocity.com LP is a limited partnership with its principal place of business in Texas. (Dkt. No. 34. ¶ 13.) Its general partner, Travelocity.com LLC, is a Delaware limited liability company with principal place of business in Texas. Travelocity.com LLC's members are Travelocity Holdings, Inc., a Delaware corporation with principal place of business in Texas, and TVL Common, Inc., a Delaware corporation with its principal place of business in Texas. Travelocity.com LP's limited partners are Travelocity.com LLC and Travelocity Holdings I, LLC. Travelocity Holdings I, LLC's only member is Travelocity.com LLC. Travelocity.com LLC's members are Travelocity Holdings, Inc., a Delaware corporation with principal place of business in Texas, and TVL Common, Inc., a Delaware corporation with its principal place of business in Texas.

5. Defendant-Appellant Site59.com, LLC is a Delaware limited liability company with its principal place of business in New York. (*Id.* at ¶ 14.) Its only member is Travelocity.com LP, a limited partnership with its principal place of business in Texas. The corporate citizenship of Travelocity.com LP is set forth in full *supra* in paragraph 4.

6. Defendant-Appellant Expedia, Inc. is a Washington corporation with its principal place of business in Washington. (DKt. No. 31 at ¶ 16.)

7. Defendant-Appellant Hotels.com, L.P. is a limited partnership with its principal place of business in Texas. (Dkt. No. 32 at ¶ 17.) Its general partner, Hotels.com GP, LLC, is a Texas limited liability company with principal place of business in Texas. (Dkt. No. 11.) The

only member of Hotels.com GP, LLC, is Expedia, Inc., a Washington corporation with its
principal place of business in Washington. The limited partner of Hotels.com, LP, is HRN 99
Holdings LLC, a New York limited liability company with principal place of business in Texas.
(*Id.*) The only member of HRN 99 Holdings LLC is Expedia, Inc., a Washington corporation
with its principal place of business in Washington.

      8.    Defendant-Appellant Hotwire, Inc. is a Delaware corporation with its principal
place of business in California. (Dkt. No. 33 at ¶ 18.)

      9.    Plaintiff-Appellee Village of Rosemont is a home rule unit of local government
located in Illinois. (Dkt. No. 1 at ¶ 8.)

      10.    The Village alleged that  Defendants-Appellants owed it more than $75,000 in
taxes pursuant to Rosemont Code § 10-23. (*Id.* at ¶¶ 6, 41.)

      11.    The District Court had subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

      12.    On Oct. 14, 2011, the District Court granted the Village's Motion for Summary
Judgment on liability and denied Defendants' Motion for Summary Judgment on liability. (Dkt.
No. 126.) The District Court found, as a matter of law, that the Village's hotel tax (Rosemont
Code § 10-23) applied to the entirety of the amount a customer paid when booking a hotel room
through Defendants' websites, rather than the amount the hotel accepts as payment for the hotel
room rental.

      13.    On July 31, 2012, the District Court granted in part and denied in part Plaintiff's
Motion for Summary Judgment on Damages and also granted in part and denied in part
Defendants' Motion for Summary Judgment on Damages. The District Court ruled that a six-
year statute of limitations applied to the Plaintiff's claim, that Plaintiff was entitled to simple pre-
judgment interest, and that Plaintiff was entitled to certain penalties.

14.     On October 12, 2012, the District Court entered a Final Judgment in favor of Plaintiff-Appellee in the amount of $2,675,700. (Dkt. No. 173.)

15.     On November 6, 2012, Defendants filed a Notice of Appeal from the Final Judgment. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and the appeal was timely taken, *see* Fed R. App. P. 4(a)(1)(A).

Dated: Nov. 6, 2012

Respectfully submitted,

/s/ Brian J. Murray_____

Brian J. Murray (Counsel of Record)
 Email: bjmurray@jonesday.com
Nicole Henning
 Email: nhenning@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone:    (312) 782-3939
Facsimile:    (312) 782-8585

*Attorneys for Defendants Expedia, Inc.,
Hotels.com, L.P., and Hotwire, Inc.*

/s/ Randolph K. Herndon_____

Randolph K. Herndon (Counsel of Record)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
Telephone:    (302) 651 3000
Fax:    (302) 651 3001

*Attorney for Defendants priceline.com
Incorporated and Travelweb LLC*

    /s/ Brian Stagner_____

Brian S. Stagner (Counsel of Record)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102

*Attorney for Defendants Site59.com, LLC and
Travelocity.com LP*