# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VILLAGE OF BEDFORD PARK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 13 C 5633 |
| ) | |
| EXPEDIA, INC. (WA), et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The Village of Bedford Park and several Illinois municipalities sued Expedia, Inc. and several other Internet travel companies in state court on behalf of a class. Defendants removed the case to federal court on the basis of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453. Plaintiffs' claims arise from defendants' rental of hotel rooms through their Internet portals directly to consumers, for which plaintiffs claim defendants should have remitted taxes to the municipalities. Defendants have now moved to dismiss seven of the ten claims in plaintiffs' complaint for failure to state a claim. For the reasons stated below, the Court grants defendants' motion.

## Background

The Court draws the following facts from the allegations in plaintiffs' complaint, accepting the allegations as true for purposes of considering defendants' motion to dismiss. *See Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013).

The named plaintiffs are fourteen municipalities located in Cook, DuPage, and

Winnebago counties in northern Illinois. Plaintiffs arrange the defendants into four groups, each corresponding to an online travel business: Expedia, Orbitz, Priceline, and Travelocity. Plaintiffs also include among the defendants unnamed individuals who are "legally responsible in some manner" for the injuries they allege. Compl. ¶ 33.

Each of the plaintiff municipalities imposes an occupancy tax on the rental of hotel rooms within its borders. Defendants contract with individual hotels and pay wholesale rates for rooms at those hotels; defendants then rent the rooms directly to the public for a higher retail price. (They also have agreements among themselves for the common marketing, distribution, and sale of lodging in Illinois.) The price defendants charge customers includes the wholesale rate, a facilitation fee, and an amount labeled "Taxes & Services," consisting of an estimate of the amount of occupancy tax due and other service costs. When online customers rent rooms from the defendants, they see three line items on their receipts: "Wholesale Rate," "Taxes & Services," and "Total." After these customers complete their stays at the hotels, the hotels bill defendants for the wholesale rate and occupancy tax—which is based on the wholesale rate—on the customer's room. Defendants then pay the hotels. This type of arrangement accounts for the majority of defendants' online bookings.

However, when defendants remit taxes on the room rentals to the plaintiff municipalities, they do so based on the wholesale rates they paid to the hotels, not the retail rates they charged their customers. And in some scenarios, defendants do not pay any occupancy taxes at all, such as when a customer prepays a defendant for a room but never occupies it. In that situation, the defendant keeps the wholesale rate amount and the taxes, never remitting anything to the municipality. Further, plaintiffs

allege, defendants have not properly filed regular tax returns, and they do not publicly disclose what portion of the "service fees" they charge customers are apportioned to taxes.

Plaintiffs assert ten claims in their complaint. Count 1 is for a declaratory judgment on whether defendants have a duty to collect the taxes in question and remit them to plaintiffs. Count 2 is for defendants' alleged violation of the municipalities' tax ordinances. Counts 3 through 5 are for conversion, civil conspiracy, and unjust enrichment, respectively; Count 6 is for imposition of a constructive trust on the tax monies due; and Count 7 is for breach of fiduciary duty. In Count 8, plaintiffs ask for an accounting of the amounts defendants have collected from renting hotel rooms to consumers in plaintiffs' municipalities. Finally, Counts 9 and 10 are claims for damages based on the tax monies owed and for punitive damages. Defendants have moved to dismiss Counts 3, 4, 5, 6, 7, 8, and 10.

**Discussion**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the facts stated in the complaint as true. *Chasensky v. Walker*, 740 F.3d 1088, 1091 (7th Cir. 2014). The Court also draws reasonable inferences in favor of the plaintiff. *Craig v. Rich Twp. High Sch. Dist. 227*, 736 F.3d 1110, 1115 (7th Cir. 2013). To survive the motion, the complaint "must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendants chiefly argue that the seven claims at issue are not available to

plaintiffs under Illinois law because plaintiffs are simultaneously suing for back taxes under plaintiffs' various tax ordinances (Claim 2 in the complaint). Specifically, they contend that the tax ordinances in question are the sole available vehicle for plaintiffs' claims, because the right to collect hotel occupancy taxes is a creation of the ordinances in question. Therefore, defendants argue, plaintiffs are "left only with the statutory remedy and may not recover on alternate grounds." Defs.' Mem. at 3 (citing *Kosicki v. S.A. Healy Co.*, 380 Ill. 298, 302, 44 N.E.2d 27, 29 (1942) ("Where a statute creates a new right or imposes a new duty or liability, unknown to the common law, and at the same time gives a remedy for its enforcement, the remedy so prescribed is exclusive."); *Rosewell v. John H. Nalback Eng'g Co.*, 294 Ill. App. 3d 958, 961, 691 N.E.2d 775, 776 (1997) (calling this rule "well-settled")).

Plaintiffs do not argue that the rule is otherwise, nor do they dispute that their ordinances create the right and provide means of enforcement for it. They instead contend that "[t]he statutory remedies are not exclusive," citing a Cook County Circuit Court decision and language from four of the fourteen ordinances stating that the towns are not barred from seeking other remedies for failure to pay tax. Pls.' Resp. at 3 (citing Pls.' Ex. 19 (*City of Chicago v. Hotels.com*, No. 2005 L 051003, slip op. (Ill. Cir. Ct. June 21, 2013))). However, it is unclear whether the *Hotels.com* case considered or addressed this particular argument. There, the court characterized the defendants' argument as "the City is precluded from pursuing its common law claims of conversion, constructive trust and accounting because [the tax ordinance] specifies that the City can enforce its right to collect" the tax by filing an action. *Id.* at 9. The court said that "Defendants spit in the face of intellectual honesty by so boldly taking fragments of an

4

ordinance out of context," noting that the ordinance stated it was not intended to prevent the city from seeking "any remedy" to enforce payment of the tax.[1]  *Id.*  The court therefore permitted the defendants' common law claims to proceed.  Plaintiffs say four of the ordinances at issue here have language similar to the referenced language in the Chicago ordinance.[2]  Assuming the Cook County court was addressing the exclusivity argument, its reasoning is not responsive to the idea that state law separately precludes common law claims when made alongside tax ordinance claims.  The court did not acknowledge *Kosicki* and other Illinois cases, which say that such ordinances provide the exclusive remedy.  Admittedly, those cases do not address the situation in which the ordinance itself states that the municipality's remedy is not limited to specific remedies.  But Illinois law is fairly clear that a statute creating a right and providing for its enforcement is the only vehicle available to plaintiffs for their claims.

This point provides the answer for plaintiffs' second argument, that they may assert their common law claims in the alternative.  This argument presupposes that the claim is actually available under the law to the party asserting it.  Plaintiffs cite to a case citing Federal Rule of Civil Procedure 8 for this contention; that rule permits parties to assert claims "regardless of consistency."  Fed. R. Civ. P. 8(d)(3).  This misses the

---

[1] Defendants state in a footnote that the *Hotels.com* court later removed this "spit in the face" language in a final version of its decision.

[2] *See* Oakbrook Terrace Code Title 1, § 10.99 ("In addition to the penalties provided herein, the city shall have available to it all remedies in law or in equity[.]"); Rockford Code Part I, § 1-9 (g) ("The imposition of a penalty does not prevent injunctive relief or civil or quasijudicial enforcement."); Warrenville Code § 9-4-11 (B) ("[I]n addition to any monetary penalties or fines . . . , the city shall have the right to pursue any other legally available remedies . . . injunctive relief or other legal or equitable remedies, all of which remedies shall be cumulative and not exclusive."); Willowbrook Code § 11-3-7 ("Nothing in this section shall be construed as limiting any additional or further remedies that the village may have relating to the enforcement of this chapter, or the collection of the amount of any tax due hereunder.").

point. Defendants do not argue that plaintiffs cannot plead in the alternative. Rather, they contend that the alternative claims are unavailable as a matter of law. As noted above, this is, in fact, the law in Illinois.

Plaintiffs also contend that defendants are attempting "whipsaw" the plaintiffs, because they are arguing the ordinance remedies are plaintiffs' exclusive remedy but will later say that plaintiffs cannot prevail under the ordinances. Pls.' Resp. at 4. Yet this predicted future argument, if it comes to pass, would not amount to whipsawing; rather, it would go to the merits of plaintiffs' tax ordinance claim. Thus there is no reason now to try to anticipate later rulings. Plaintiffs also cite a Georgia Supreme Court case to support their argument, contending that that court "acknowledged the propriety of *pleading* statutory and common law claims as well as legal and equitable relief." Pls.' Resp. at 4. The case does not appear to say or "acknowledge" this; in fact, the court did not use the words "common law" or "plead." It also concluded that the plaintiff in the case did "not in fact have an adequate remedy at law." *Expedia, Inc. v. City of Columbus*, 285 Ga. 684, 691, 681 S.E.2d 122, 129 (2009). In fact, it appears the plaintiff there asserted only claims for a "declaratory judgment, injunctive relief, and "other equitable remedies.'" *Id.* at 686. Plaintiffs' other statements about the case are relevant to a merits discussion, but not to this motion.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motion to dismiss [docket no. 33]. Counts 3, 4, 5, 6, 7, 8, and 10 are dismissed for failure to state a claim.

_____
MATTHEW F. KENNELLY
Date: March 13, 2014                             United States District Judge