IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VILLAGE OF BEDFORD PARK, *et al.*,

               Plaintiffs,

v.

EXPEDIA, INC. (WA), *et al.*,

               Defendants.

Civil Action No. 13-5633

Judge Matthew F. Kennelly

**DEFENDANTS' REPLY IN SUPPORT OF THE VIABILITY OF THEIR EXHAUSTION
DEFENSE IN RESPONSE TO THE
COURT'S FEBRUARY 13, 2015 ORDER**

      Plaintiffs response brief did not directly address any of the arguments raised in

Defendants' opening brief.  Plaintiffs do not meaningfully dispute that Defendants' exhaustion

defense is an affirmative defense, that it was properly pled, and that it does not affect the Court's

jurisdiction.  Dkt. 202 at 3-4, 13.  Nor do they dispute that their ordinances contain certain

administrative procedures enacted pursuant to the Local Taxpayer Bill of Rights Act, that those

procedures are intended in part to protect Defendants, or that those procedures were not followed

by any Plaintiff in this case.

      Thus, it seems that the only points at issue between the parties are (1) whether

Defendants' agreement to waive their exhaustion defense without prejudice as to the 14

Plaintiffs, with leave to reassert the defense in the event Plaintiffs re-move for class certification,

renders the remaining exhaustion issues beside the point; (2) whether the exhaustion defense is

somehow waived even though Defendants have raised it at every opportunity, including in their

answers and amended answers; and (3) if not waived, whether the exhaustion defense can apply

if administrative remedies are mandatory, but not exclusive.  For the reasons explained in

1

Defendants' opening brief, the exhaustion defense has not been waived, is meritorious, and need not be decided on the merits.

## ARGUMENT

### I.  EXHAUSTION OF ADMINISTRATIVE REMEDIES IS AN AFFIRMATIVE DEFENSE THAT DOES NOT STRIP THE COURT OF SUBJECT MATTER JURISDICTION

From the beginning, Defendants have argued that Illinois courts (and by extension federal courts exercising CAFA jurisdiction) have original jurisdiction of all matters under Illinois law unless a legislature has explicitly divested the court of jurisdiction. Dkt. 200 at 5-6.  All of the Plaintiffs have now joined Oakbrook Terrace's (correct) position on the issue and—relying on the very same case law Defendants cited in their briefing—agree that that none of their tax ordinances at issue in this case strip the circuit court of jurisdiction.  *See* Dkt. 202 at 3 ("if the legislature [intends] to divest the circuit courts of jurisdiction over some matter, it must do so explicitly.") (*quoting Village of S. Elgin v. Waste Mgmt. of Ill., Inc.*, 348 Ill. App. 3d 929 (2d Dist. 2004)).  In fact, Plaintiffs go one step further and affirmatively assert that all 14 of their ordinances at issue expressly *provide for* court review.  *Id.* at 4-8.  Accordingly, the parties agree that none of the Plaintiffs' ordinances expressly strip jurisdiction from the courts. Therefore, it is clear that the Court has jurisdiction over this matter.[1]  *See Employers Mut. Cos. v. Skilling*, 644 N.E.2d 1163, 1165 (Ill. 1994) (circuit courts have jurisdiction unless the legislature "explicitly" divested it).

---

[1] While Plaintiffs (incorrectly) claim that the exhaustion defense cannot apply because the court can hear the case, *see infra* at 5-6, that argument goes to the merits of the defense itself, not to the Court's subject matter jurisdiction.  *See* Dkt. 202 at 13 (arguing that "this Court inarguably holds jurisdiction over all of Plaintiffs' claims" because the doctrine of exhaustion does not apply).

Plaintiffs also argue in their response that exhaustion is a waivable affirmative defense. *See* Dkt. 202 at 13 ("Affirmative defenses such as the exhaustion defense at issue, even if jurisdictional in nature, may be waived by a defending party's conduct."). Plaintiffs are correct on that score, but a necessary corollary to that argument is that Defendants' exhaustion of administrative remedies defense is not a matter of subject matter jurisdiction. *See, e.g.*, *People v. Brautigan*, 142 N.E. 208, 211 (Ill. 1923) (matters of subject matter jurisdiction cannot be waived).

In sum, it is clear that the Court has jurisdiction over this lawsuit regardless of whether Defendants have a meritorious exhaustion affirmative defense.

## II.  DEFENDANTS' EXHAUSTION OF ADMINISTRATIVE REMEDIES AFFIRMATIVE DEFENSE IS VIABLE

### A.  Defendants Will Waive Their Exhaustion Defense As To The Fourteen Plaintiffs If This Case Is Not Proceeding as a Class Action

As noted in their opening brief, Defendants are willing to waive their exhaustion of administrative remedies defense as to the fourteen named Plaintiffs without prejudice, with leave to reassert the defense against both Plaintiffs and absent class members if Plaintiffs re-move for class certification. Plaintiffs' response does not even attempt to address Defendants' position.

Indeed, the exhaustion issue is moot as to the fourteen Plaintiffs if they will simply agree that they will not re-move for class certification. Dkt. 200-1 Ex. G, 2/20/15 Letter from Rotatori to Lanzito (offering to waive defense if Plaintiffs agree that they will not re-move for class certification). Although it has now been more than three months since the Court issued its class certification order, Plaintiffs have made absolutely no effort to outline how, if at all, they will attempt to resolve the deficiencies identified in that order. Yet, they simultaneously refuse to concede that this case will now proceed as individual actions. Plaintiffs should fish or cut bait

regarding class certification. They owe it to Defendants and the Court not to waste time litigating unnecessary issues.

In any event, as set forth in the Defendants' opening brief, Dkt. 200 at 9-11, the Court need not decide the viability of the exhaustion defense in the current procedural posture.

### B. Defendants Have Not Waived Their Exhaustion Defense

Plaintiffs also argue that Defendants have somehow waived their exhaustion affirmative defense by pleading it in their answers yet not immediately raising it in a motion for summary judgment or the like. Dkt. 202 at 8. But tellingly, Plaintiffs do not explain why, if the defense required such urgent resolution, they did not bring a motion to strike the affirmative defense. Nor have they even attempted to rebut any of the Federal or Illinois case law cited in Defendants' opening brief, which makes clear that an affirmative defense is not waived if plainly set forth in a defendant's answer. Dkt. 200 at 11-13; Fed. R. Civ. P. 12(h)(2)(a). Instead, they cite one off-point case, quoting portions of the case dealing with the separate affirmative defense of "waiver." *See Hahn v. County of Kane,* 991 N.E.2d 373, 378-79 (Ill. App. 2d Dist. 2013) (setting forth elements of waiver defense and ruling that the facts of the case did not support the defense). If anything, *Hahn* supports Defendants' position, because all affirmative defenses in that case, including exhaustion of administrative remedies, were litigated only after a full bench trial, not through early motion practice. *Id.* at 377.[2]

---

[2] Plaintiffs also spend quite a bit of time on a misleading discussion of what was and was not necessary in discovery on the exhaustion defense, going so far as to call Defendants' claim that they needed discovery "ludicrous." Dkt. 202 at 11-12. The issue is largely a red herring, as Defendants' properly pled affirmative defense was not waived regardless of what discovery was or was not necessary. *See* Dkt. 200 at 11-13. But in any event, the record belies Plaintiffs' claim that all of the information Defendants needed for their defense—most notably the legislative history and prior versions of ordinances passed pursuant to the Local Taxpayer Bill of Rights Act—was available to Defendants without discovery. *See, e.g.*, Dkt. 200-1 Ex. D, Letter from N. Henning to K. Beightol (defense counsel sends follow up request for discovery relating to exhaustion defense); Dkt. 200-1 Ex. E, Plfs' Second Supp. Resp. to Defts' RFP 2 (listing

The reality is that Defendants conducted themselves in full accord with the rules.  As the Court itself pointed out, Defendants' answers gave Plaintiffs ample notice of their exhaustion defense, Ex. A, 2/13/15 Tr. at 9, which is all that is required to preserve it.  The exhaustion defense was pled in Defendants' answers, as required, and there were no deadlines in the Federal Rules or the Court's case management orders requiring the issue to be briefed before now.  And until the Court ruled on the Plaintiffs' class certification motion, Defendants had no way of knowing whether this case would proceed as individual actions or as a class action—an important distinction for both the manner of briefing the exhaustion defense and its desirability from Defendants' perspective.  There is no authority—factual or legal—to support waiver here.

## C.    Defendants' Exhaustion Affirmative Defense Is Meritorious

As discussed in Defendants' opening brief, there is no need for the Court to decide the exhaustion defense now.  However, should the Court choose to do so, it should reject Plaintiffs' claim that Defendants' exhaustion defense is not meritorious.

*First,* the Court should reject Plaintiffs' argument that unless the ordinances provide that the "local taxing authority (or any other local agency) is the exclusive forum for resolution of hotel tax disputes," the exhaustion defense is inapplicable on its face.  Dkt. 202 at 4.  Illinois law says no such thing.  The only case that Plaintiffs cite for this, *Village of South Elgin,* merely stands for the proposition that the legislature may, in certain circumstances, explicitly divest the

---

numerous documents produced in response to Defendants' discovery requests, including prior versions of ordinances and other legislative history); Ex. B, July 18, 2014 Dep. of M. Curnutte (30(b)(6) representative for Bedford Park) at 6-7 (Plaintiffs' counsel hands ordinance to defense counsel at outset of deposition and states it will "be very helpful to you"); Ex. C, June 30, 2014 Dep. of J. Daly (30(b)(6) representative for Orland Hills) at 125:20-126:11 (witness agrees that legislative history of ordinance exists and was not produced; Ex. D, June 10, 2014 Dep. of J. Cunningham Johnson (30(b)(6) representative for Lombard) at 77:23-80:6 (witness confirms that prior certain prior versions of relevant ordinances had been produced shortly before the deposition).

courts of jurisdiction over certain administrative claims. *Vill. of S. Elgin,* 348 Ill. App. 3d at 935. However, no legislature has explicitly divested jurisdiction from the courts in this case, and so the Court has the power to enforce the mandatory exhaustion requirements of Plaintiffs' ordinances. *See, e.g.*, *People v. Fiorini*, 574 N.E.2d 612, 619 (Ill. 1991) (although a non-jurisdiction-stripping statute required final administrative action before suit could be filed and thus created a potentially valid exhaustion defense, the court found the defense waived because it was not timely raised in the trial court); *Fluker v. County of Kankakee*, 741 F.3d 787, 792 (7th Cir. 2013) (granting summary against plaintiff in part based on failure to exhaust administrative remedies as required by PLRA); *Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir. 2001) (noting that under CERCLA, "a person who does not comply with [certain statutory prerequisites] will not prevail, but the court's power to adjudicate the case is clear.").

*Second,* Plaintiffs brief entirely ignores the ordinances enacted pursuant to the Illinois Local Taxpayer Bill of Rights Act, 50 ILCS 45/1, *et seq.* ("ILTBRA"), which were discussed extensively in Defendants' opening brief and are the cornerstone of Defendants' exhaustion defense. *See* Dkt. 200 at 14-15.[3] Their silence on that subject speaks volumes, and their remaining arguments are misleading at best.

The ILTBRA provisions upon which Defendants rely specifically provide that before a municipality can seek to collect an allegedly overdue tax, the municipality *shall* send a notice of tax due and owing to the taxpayer, and that a series of administrative proceedings *shall* be

---

[3] While, as set forth in Defendants' opening brief, the wording of the ordinances vary, thirteen of the fourteen Plaintiffs have an ILTBRA ordinance. Lombard Municipal Code § 98.110(D); Orland Park Municipal Code § 7-19-4; Tinley Park Municipal Code § 41.07(b); Burr Ridge Municipal Code § 6-12-7(A); Arlington Heights Municipal Code § 7-808; Bedford Park Municipal Code § 1-22-9; Des Plaines Municipal Code § 1-15-9; Oakbrook Terrace Code § 37.09; Orland Hills Municipal Code § 33.148; Schaumburg Municipal Code § 36.168; Warrenville Municipal Code § 3-16-9; Willowbrook Municipal Code § 11-6-8; Oak Lawn Code § 3-18-4, 5.

available to the taxpayer after that notice is received.  *See, e.g.*, Oak Lawn Municipal Code §§ 3-18-4, 3-18-5.  *See also* Dkt. 200 at 14.  Plaintiffs have not provided any meaningful explanation for why those provisions would not govern, or why the provisions would not be mandatory. Instead, they rely on an entirely different subset of ordinances, none of which control and some of which are patently inapplicable.

*Third,* the ordinances upon which Plaintiffs rely cannot help them evade ILTBRA's mandatory administrative requirements.  The ILTBRA provides that provisions passed pursuant to that act "shall take precedence over any provision of any tax ordinance imposed by a unit of local government . . . in Illinois[.]" 50 ILCS 45/10.  Indeed, the more specific and typically more recent[4] ILTBRA provisions would govern even absent that mandate.  For example, Oak Lawn's ILTBRA ordinance is Oak Lawn Municipal Code § 3-18-1, *et seq.*  However, Plaintiffs rely on Oak Lawn Municipal Code § 3-2-6(F)(2), which provides that if a person fails to pay hotel tax *as provided in the Code* (in other words, *after* liability has been determined consistent with the mandatory administrative procedures in the ILTBRA), the Village Treasurer or Corporation Counsel may institute an action to collect that tax in Circuit Court.  Naturally, the fact that Oak Lawn may bring suit *after* it has satisfied these mandatory administrative procedures does not aid the Court's analysis here, where it is undisputed that such administrative procedures were not followed.

Plaintiffs also seek to rely on purported non-exclusivity clauses such as Oak Lawn Municipal Code § 11-12-7.  Dkt. 202 at 6, n.26.  But Section 11-12-7 is located in the section of the Oak Lawn Code that applies to the "Administrative Adjudication *of Vehicular Regulation*

---

[4] For example, Oak Lawn Section 3-2-6, upon which Plaintiffs rely, was passed in 1976, while Oak Lawn's ILTBRA ordinance was passed in 2000. Ex. E (Oak Lawn Ordinance 76-36-76); Ex. F (Oak Lawn Ordinance 00-21-72).

*Violations*" and provides only that the administrative procedures *governing vehicular violations* are not exclusive. *See* Oak Lawn Code § 11-11-1 (specifically providing that section 11 applies only to "vehicular standing and parking violations, violations of any Village code or ordinance governing the condition or use of equipment on a vehicle, and" vehicle licenses). That is hardly issue-dispositive with respect to the tax administrative procedures at issue here. The fact that Plaintiffs would even cite it shows how desperate they are to avoid the mandatory language of the ILTBRA.

Other ordinance provisions cited by Plaintiffs are similarly distinguishable. *See, e.g.,* Warrenville Code § 9-1-1 (providing that adoption of the general administrative proceedings in Chapter 9, which does not contain the ILTBRA provisions, does not preclude the city from using other lawful methods of enforcing the code); Orland Hills Code § 32.123 (providing that the general administrative subsection—which does not include the ILTBRA ordinance—"does not preclude the village from using other methods to enforce the provisions of the Code of Ordinances"); Oakbrook Terrace Code 10-20A (providing that non-ILTBRA ordinance does not itself preclude the city from filing suit).

In sum, Defendants have a meritorious exhaustion affirmative defense, though the defense need not be decided in the current procedural posture of the case.

## CONCLUSION

Defendants respectfully request the Court find that (1) the exhaustion affirmative defense does not divest the Court of subject matter jurisdiction; (2) it has not been waived; and (3) it is viable and can be litigated should Plaintiffs move again to seek class certification.

Dated: April 10, 2015                                    Respectfully submitted,


s/ Albert Lee Hogan, III                                 s/ Mark P. Rotatori

Albert Lee Hogan, III                                    Mark P. Rotatori
SKADDEN ARPS SLATE MEAGHER &                             Nicole C. Henning
FLOM, LLP                                                Meghan E. Sweeney
155 North Wacker Drive, Suite 2700                       JONES DAY
Chicago, IL 60606-1720                                   77 West Wacker Drive, Suite 3500
Telephone:    (312) 407-0700                             Chicago, IL  60601-1692
ahogan@skadden.com                                       Telephone:    (312) 269-4294
                                                         Facsimile:    (312) 782-8585
*Attorney for priceline.com Incorporated*                mprotatori@jonesday.com
*(n/k/a The Priceline Group Inc.), pricline.com*
*LLC, Travelweb LLC*                                     *Attorney for Expedia, Inc. (WA), Hotels.com,*
                                                         *L.P., Egencia, LLC, Hotwire, Inc.*


s/ Elizabeth B. Herrington                               s/ Brian S. Stagner

Elizabeth B. Herrington                                  Brian S. Stagner
Jeffrey A. Rossman                                       KELLY HART & HALLMAN LLP
Mark J. Altschul                                         201 Main Street
McDERMOTT WILL & EMERY                                   Suite 2500
227 West Monroe Street                                   Fort Worth, TX 76102
Chicago, IL 60606-5096                                   Telephone:    (817) 878-3567
Telephone:    (312) 372-2000                             brian.stagner@kellyhart.com
Facsimile:    (312) 984-7700
                                                         s/ Luke DeGrand
*Attorneys for Orbitz, LLC, Trip Network, Inc.,*
*Internetwork Publishing Corp. (d/b/a*                   Luke DeGrand
*Lodging.com)*                                           Tracey L. Wolfe
                                                         DEGRAND & WOLFE, P.C.
                                                         20 South Clark Street, Suite 2620
                                                         Chicago, Illinois 60603
                                                         Telephone:  (312) 236-9200
                                                         ldegrand@DeGrandWolfe.com
                                                         twolfe@DeGrandWolfe.com

                                                         *Attorneys for Travelocity.com LP, Site59.com,*
                                                         *LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 10, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

s/ Mark P. Rotatori
_____
Mark P. Rotatori

*Attorney for Expedia, Inc. (WA), Hotels.com, L.P., Egencia, LLC, Hotwire, Inc.*