**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **VILLAGE OF BEDFORD PARK, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 13 C 5633 |
| ) | |
| **EXPEDIA, INC. (WA), et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Fourteen Illinois municipalities have sued a number of online travel companies for unpaid taxes.[1] Plaintiffs allege that the defendants failed to remit taxes owed under their municipal hotel tax ordinances. Defendants removed the case to federal court on the basis of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453. In October 2014, plaintiffs moved for class certification on behalf of a putative class of 276 municipalities. The Court denied that motion. In that decision, the Court noted that it was unpersuaded by plaintiffs' arguments that the issue of administrative exhaustion did not preclude class certification. *See Vill. of Bedford Park v. Expedia, Inc.*, No. 13 C 5633, 2015 WL 94851, at *9 (N.D. Ill. Jan. 6, 2015). The Court did not rule on the merits of the exhaustion issue, however, because it had already denied class certification on other grounds. Plaintiffs then filed a motion to clarify whether the Court

---

[1] The Court assumes familiarity with the factual background provided in its earlier decisions. *See Vill. of Bedford Park v. Expedia, Inc.*, No. 13 C 5633, 2014 WL 983129, at *1 (N.D. Ill. March 13, 2014); *Vill. of Bedford Park*, 2015 WL 94851, at *1.

had decided the exhaustion defense on the merits. The Court denied this motion as well, saying (again) that it had not decided the merits of the issue, but ordered briefing on the viability of the exhaustion defense.

Defendants have "offered to waive their exhaustion affirmative defense as to the fourteen named [p]laintiffs so long as they do not re-move for class certification." Defs.' Mem. in Supp. of the Viability of their Exhaustion Defense at 2. Plaintiffs have indicated, however, that their decision to re-move for class certification will turn on the viability of the exhaustion defense. In addition, defendants' waiver of the defense is conditional. For these reasons, the viability of the defense is a live issue, so the Court will rule on its merits to provide direction in this litigation.

In Illinois, "[u]nder the doctrine of exhaustion of remedies . . . a party must first pursue all administrative remedies provided for by the statute before turning to a review in the courts." *Emp'rs Mut. Cos. v. Skilling,* 163 Ill. 2d 284, 288, 644 N.E.2d 1163, 1165 (1994). The doctrine only applies, however, when "the administrative agency has exclusive jurisdiction to hear the action." *Id.* at 288, 644 N.E.2d at 1166. To "vest exclusive jurisdiction in an administrative agency," the legislature "must do so explicitly." *Id.* at 287, 644 N.E.2d at 1165. In other words, the statute must expressly state that the agency's jurisdiction is exclusive; anything less will not divest the courts of jurisdiction. *Compare id.* (holding that "[t]he Workers' Compensation Act's pronouncement that '[a]ll questions arising under this Act shall be determined by the Commission' is insufficient to divest the circuit courts of jurisdiction"), *with People ex rel. Madigan v. Burge*, 2014 IL 115635, ¶¶ 20-21, 18 N.E.3d 14, 19-20 (2014) (holding that the Pension Code's pronouncement that the Retirement Board of the Policemen's Annuity and Benefit Fund

of Chicago "shall have *exclusive* original jurisdiction in all matters relating to or affecting the fund" divested courts of jurisdiction (emphasis added)), *and Vill. of S. Elgin v. Waste Mgmt. of Ill., Inc.*, 348 Ill. App. 3d 929, 935, 810 N.E.2d 658, 665-66 (2004) (holding that the Environmental Protection Act's pronouncement that "approval procedures, criteria and appeal procedures provided for in this Act for new pollution control facilities shall be the *exclusive* siting procedures and rules and appeal procedures for facilities subject to such procedures" divested courts of jurisdiction (emphasis added)).

Both parties say that the fourteen municipal ordinances currently at issue and the Local Taxpayer Bill of Rights Act do not confer exclusive jurisdiction on the administrative agencies. *See* Defs.' Mem. in Supp. of the Viability of their Exhaustion Defense at 6-7; Pls.' Br. in Opp'n to Defs.' Mem. in Supp. of the Viability of their Exhaustion Defense at 3-8. Based on its reading of the ordinances, the Court agrees. Thus, under *Skilling*, the exhaustion defense is inapplicable to the fourteen named plaintiffs in this case.

Defendants assert that "where . . . a statute requires exhaustion but does not strip the courts of original jurisdiction, exhaustion of administrative remedies is an affirmative defense." Defs.' Mem. in Supp. of the Viability of their Exhaustion Defense at 6-7. Put another way, defendants contend that when the courts have concurrent jurisdiction with an administrative agency, exhaustion is still required but is not a jurisdictional requirement (just as filing the complaint within the statute of limitations is required but does not affect a court's jurisdiction). This argument was directly addressed in *Skilling*. There, the defendant argued that "even if the circuit court and [Industrial] Commission have concurrent jurisdiction, the exhaustion of remedies

3

doctrine applies and the coverage issue must remain before the Commission." *Skilling*, 163 Ill. 2d at 287, 644 N.E.2d at 1165. The Illinois Supreme Court flatly rejected this argument, holding that when the agency and the courts "have concurrent jurisdiction, the doctrine of exhaustion of remedies is inapplicable . . . ." *Id.*

Despite *Skilling*'s unequivocal language, defendants argue that their exhaustion defense remains viable. Although they do not identify any case holding that exhaustion is required when the courts have concurrent jurisdiction, they point to three cases in which the Illinois Supreme Court has stated that exhaustion of administrative remedies is an affirmative defense that can be waived. The Court understands defendants' argument as follows: If exhaustion is required only when the administrative agency has exclusive jurisdiction, then exhaustion is concomitant with subject matter jurisdiction. *See Wolinsky v. Kadison*, 2013 IL App (1st) 111186, ¶ 34, 987 N.E.2d 971, 978 (2013) ("The issue of exhaustion of remedies presents a question of subject matter jurisdiction."). But subject matter jurisdiction cannot be waived. *See People v. Bailey*, 2014 IL 115459, ¶ 14, 4 N.E.3d 474, 478 (2013). Thus, if exhaustion is an affirmative defense that can be waived, defendants suggest, exhaustion must also be required when the courts have concurrent jurisdiction.

Putting aside whether this reasoning makes any sense on its own terms, defendants' argument is premised on a misreading of the case law. The foundational case is *People v. Fiorini*, 143 Ill. 2d 318, 574 N.E.2d 612 (1991); *see also Hawthorne v. Vill. of Olympia Fields*, 204 Ill. 2d 243, 254, 790 N.E.2d 832, 840 (2003) (citing *Fiorini*); *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 302, 948 N.E.2d 1, 14 (2010) (citing *Hawthorne*). As defendants note, the court in *Fiorini* held that the

defendants' "fail[ure] to raise an affirmative defense regarding the failure to exhaust administrative remedies . . . constitutes a waiver by them of the issue." *Fiorini*, 143 Ill. 2d at 337, 574 N.E.2d at 619. But the court also recognized the rule that was later articulated in *Skilling*, noting that "even assuming . . . that the issue is properly before this court . . . concurrent jurisdiction exists in the circuit court and the proper administrative agency for actions alleging violations of the [Environmental Protection] Act." *Id.* at 337-38, 574 N.E.2d at 619. For this reason, the court concluded, the plaintiff "ha[d] the discretion to initiate actions in the circuit court, without regard to whether actions seeking administrative review have been brought before an administrative agency . . . ." *Id.* Thus, even though *Fiorini* describes exhaustion as an affirmative defense that can be waived, it does not undercut *Skilling*'s conclusion that exhaustion is unnecessary when courts have concurrent jurisdiction. Indeed, one year later, the Illinois Supreme Court revisited *Fiorini* in *People v. NL Indus.*, 152 Ill. 2d 82, 93, 604 N.E.2d 349, 353 (1992). After briefly discussing *Fiorini*, the court observed that "[t]he exhaustion of remedies doctrine is applied only where the agency has exclusive jurisdiction to hear the action." *Id.* at 95-96, 604 N.E.2d at 354. Because the "courts possessed concurrent jurisdiction" over the cause of action, the court held that "the complaint [had been] improperly dismissed" on exhaustion grounds. *Id.* at 96, 604 N.E.2d at 355.[2]

---

[2] As stated above, defendants have not identified any case holding that exhaustion is a viable affirmative defense when the courts have concurrent jurisdiction. The two other cases cited by defendants rejected the exhaustion defense based on the fact that (a) the claim was not subject to the Administrative Review Law, and (b) there was an exception to exhaustion doctrine; waiver was mentioned as a third reason for rejecting the defense. *See Hawthorne*, 204 Ill. 2d at 253-54, 790 N.E.2d at 839-40; *Millennium Park*, 241 Ill. 2d at 295-304; 948 N.E.2d at 10-15. These cases do not suggest that

The Court acknowledges that the law here may be seen as difficult to reconcile. The most likely explanation for the seeming paradox—that is, the Illinois Supreme Court's pronouncements in different cases that exhaustion is both jurisdictional and that it is an affirmative defense that can be waived—is that *Fiorini* conflated exhaustion and primary jurisdiction, two doctrines that are "often confused." *NL Indus.*, 152 Ill. 2d at 96, 604 N.E.2d at 354. *Fiorini* predated *NL Industries*, where the Illinois Supreme Court set out to "clarify the use of the terms 'primary jurisdiction' and 'exhaustion of remedies.'" *Id.* at 95, 604 N.E.2d at 354. The court explained in *NL Industries* that whereas "[t]he exhaustion of remedies doctrine is applied only where the agency has exclusive jurisdiction to hear an action," the doctrine of primary jurisdiction "only applies when a court has either original or concurrent jurisdiction over the subject matter of the dispute." *Id.* at 95-96, 604 N.E.2d at 354. Moreover, "[d]espite the name, the doctrine of primary jurisdiction does not involve jurisdictional questions," but is instead "a common law doctrine used to coordinate administrative and judicial decisionmaking." *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 343, 848 N.E.2d 1, 92 (2005). Thus, primary jurisdiction, unlike exhaustion, "is an issue that can be waived or forfeited." *Id.* at 345, 848 N.E.2d at 94.

Whatever the origin of the apparent paradox, the Illinois Supreme Court has spoken clearly and consistently on the issue raised in this motion, and it has said unequivocally that exhaustion of administrative remedies is not required when the courts have concurrent jurisdiction. Because concurrent jurisdiction exists in the present context, exhaustion is not a prerequisite to suit.

---

exhaustion is required when the courts have concurrent jurisdiction. Indeed, concurrent jurisdiction is not mentioned at all.

The only remaining question, then, is whether the doctrine of primary jurisdiction mandates or counsels in favor of referring this dispute to the municipal tax agencies. "The doctrine of primary jurisdiction provides that where a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of a controversy, or some portion of it, to an administrative agency." *Skilling,* 163 Ill. 2d at 288, 644 N.E.2d at 1165. "A matter should be referred to an administrative agency when it has a specialized or technical expertise that would help resolve the controversy, or when there is a need for uniform administrative standards." *Id.* at 288-89, 644 N.E.2d at 1166. In general, questions of law should not be referred to an administrative agency. *Id.* at 299, 644 N.E.2d at 1166. Finally, "[p]rimary-jurisdiction arguments, even if successful, almost never lead to dismissal but lead only to a stay of consideration by the court." *NL Indus.*, 152 Ill. 2d 82 at 95, 604 N.E.2d at 354.

Neither party argues that the doctrine of primary jurisdiction should lead the Court to refer the parties' dispute to the municipal tax agencies, and the Court sees no reason to do so. The main issue in this case is whether the municipal tax ordinances apply to the defendants. The parties' dispute therefore centers around a question of law. No special administrative or technical expertise is required to resolve this question. Referring this case to the municipal tax agencies now would only cause "needless litigation, expense and delay." *Skilling,* 163 Ill. 2d at 289, 644 N.E.2d at 1165.

In sum, the Court holds that neither the exhaustion doctrine nor the doctrine of primary jurisdiction applies to the fourteen named plaintiffs. Because the Court has not reviewed the ordinances of the 276 putative class members, it cannot determine whether the exhaustion doctrine would apply to them. If the plaintiffs re-move for class

7

certification, and defendants decide to raise exhaustion as an argument against predominance, the Court will expect defendants to identify any ordinances that they contend vest exclusive jurisdiction in the municipal tax agency. Absent a showing that the exhaustion defense is viable as to some of the putative class members, it will not pose a barrier to class certification.

**Conclusion**

For the foregoing reasons, the Court concludes that the exhaustion defense is not viable as to the claims of the named plaintiffs. The case is set for a status hearing on June 15, 2015 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 4, 2015